UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART<br><br>Plaintiffs,<br>v.<br><br>CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation<br><br>Defendant. | Case No.: 2:24-cv-10240<br>Hon. Mark A. Goldsmith<br>Magistrate David R. Grand |
| MICHAEL M. McNAMARA (P48055)<br>BRANDON M. GRYSKO (P82751)<br>STEPHEN J. BROWN (P82687)<br>FAUSONE & GRYSKO, PLC<br>Attorney for Plaintiffs<br>41700 West Six Mile Road, Suite 101<br>Northville, MI 48168-3460<br>(248) 380-0000; FAX (248) 380-3434<br>bgrysko@thefgfirm.law | MONICA L. HUNT (P68838)<br>THE ALLEN LAW GROUP<br>Attorney for Defendant<br>3031 W. Grand Blvd.<br>Detroit, MI 48202-3046<br>(313)961-0200<br>mhunt@alglawpc.com |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND IMPOSE CONTEMPT SANCTIONS**

Plaintiffs hereby reply in support of their "Motion for Order to Show Cause and Impose Contempt Sanctions" (as found at ECF No. 24, the "Motion") and in rebuttal to the arguments contained within Defendant's response in opposition to such Motion (as found at ECF No. 37, the "Response").

**A. Defendant cannot beat something with nothing: All the available evidence points to retaliation as the only reason for the denial of certain training for Plaintiff Swope.**

The preliminary injunction put in place by this Court specifically provided that "Plaintiffs shall remain in the employ of the City of Dearborn Heights without any loss of compensation, term, condition, location, *or privilege of employment*. . ." [ECF No. 4, PageID. 81, ¶ 3, emphasis added].   Paragraph 4(d) of the preliminary injunction also prohibited "discriminating against Plaintiffs regarding their compensation, terms, conditions, location, or *privileges of employment*. . .". [Emphasis added].

Thus, if the City of Dearborn Heights had the standard practice of sending police and firefighting officials on training trips (as it did), and if such training was considered a privilege or reward for good performance (as it was), and if the training in question came heartily recommended by the City's Corporate Counsel (as it was), then failing to pay for such training for Defendant Swope when a similarly situated city official had such training paid for (as he did) would constitute prima facie discrimination.  Such discrimination would concern a "privilege" of the Plaintiffs' employment that falls squarely within the scope of the injunction.

Defendant and its City Council now attempt to muddy the waters with a range of disingenuous factual and legal arguments that will be reviewed below, but unfortunately for them the entire episode was caught on videotape and the video

2

defeats their attempts at obfuscation. This Court can take judicial notice of the contents of an official videotape of a City Council meeting – who said what to whom – consistent with Federal Rule of Evidence 201(b).

## The Videotape

As described in the Motion itself, the video tape is of the City Council's meeting of February 29, 2024. *See* Motion, at ¶ 7. The training in question is a budgetary item called "item 33." Beginning at minute 1:04:51 of the video Corporation Council Farinha describes how Plaintiff Swope has been one of the few police professionals in the entire State of Michigan to be invited to a conference to be held at Boston University. A conversation then takes place between Farinha and Councilman Saab about a different official from the Fire Department who "was amazing" and was similarly one of the few Michigan firefighters invited to a conference at Harvard. Such training trip for the firefighter was paid for by the City.

No reason whatsoever is provided for the City Council's refusal to pay for the Swope training other than "the litigation," which Councilman Saab repeatedly and incorrectly states cannot be discussed because of a "cease and desist" order by which he presumably means this Court's injunction. But the preliminary injunction put in place by this Court does not prohibit the City Council from discussing valid city business, training from Swope, or even the litigation. And no "discussion" of the

3

litigation was necessary in order for the budget item 33 to be passed, which would have paid for the Swope training. Councilman Saab now attempts to pass off his disguised retaliation against Swope as mere obeisance to the preliminary injunction, but the claim does not survive logical scrutiny.

## The Defendant's Response

Defendant now argues that just because the Defendant's City Council refused to pay for such training does not mean that they prevented Swope from attending such training. [Response, at PageID. 616]. Such an argument is so cynical and disingenuous as to be auto-refuting, and it does nothing to rebut the accusation of denial of job privileges or discrimination. The fact is that the City Council (happily) paid for similar training for another City of Dearborn Heights manager, whom they called "amazing," and "remarkable." The City Council summarily refused to pay for Plaintiff Swope's training over the hearty recommendation of City Corporate Counsel Farinha, who noted in the videotape that "[Plaintiff Swope] is one of the . . . few selected . . . from Michigan to go to this course at the best schools in the country, Boston University." Farinha later added, "it's something worth giving recognition to both our firefighter and our police officer." Soon thereafter, the Council refused to pay for the training, with absolutely no other explanations given for such refusal other than the litigation. (See 1:13:13 to 1:13:34 of the video). All the available evidence points to the existence of the litigation as the reason the

training is denied. The litigation, in turn, alleges retaliation, and would not have been brought in the first place had Plaintiffs' first amendment rights been respected by the City.

Defendant's Response brief relies on a single unpublished and highly distinguishable case, *Creggett*, to support an overreaching argument that job training is never a "privilege" of employment and the denial of supplement training is never an adverse employment action. *See Creggett v. Jefferson County Bd. Of Educ.*, 491 Fed. Appx. 561 (6th Circuit 2012). *Creggett* involved a high school social studies teacher from Kentucky who, after being accused of racism, sued the school district because he was denied (1) a two-week trip to Germany that the school district could not afford it (in one instance), and (2) a chance to substitute in for a different apparently more-deserving teacher at a conference (in another instance). *Id.* at 563-67. Even so, the court in *Creggett* specifically held that Mr. Creggett failed to provide any other evidence or context that might demonstrate why the denial of training constituted an adverse employment action. *Id.* at 567.

*Creggett* is therefore not binding on this Court not only because it is "unpublished" but also because it is factually distinguishable. Plaintiffs are, moreover, arguing that the failure to pay for training under these circumstances constitutes "retaliation" and the violation of this Court's injunction, not an adverse employment action, which was the issue before the court in *Creggett*. *Creggett*,

5

therefore, has little relevance here and actually stands for the proposition that denial of training *could* be an adverse employment action in the right factual context, such as the one in this case. *Id.*

The facts here are quite clear. First, the only reason offered for the denial of the training is the "litigation," which is an indication that without the litigation the training would have been paid for, which is itself an admission of retaliation and evidence that the injunction has been violated. Second, the training in question was fully recommended by Corporate Counsel Farinha, who is a city official with his own duty to protect the City's budget. Third, another City of Dearborn Heights official received similar training after being one of the few State of Michigan officials invited to attend a national conference, precisely as Plaintiff Swope was. Swope did not even seek out this training. He was invited. Fourth, the training was a privilege of employment for working for the City, as so described by Corporate Counsel Farinha. Fifth, an injunction was in place prohibiting discrimination or the denial of privileges of employment to the Plaintiffs.

Against all of these facts, Councilman Saab now states in a sworn statement that he misunderstood the injunction, and apparently thought that he had to discriminate against Plaintiff Swope because the litigation could not be discussed in an open session of the City Council. [ECF No. 37-2, at ¶¶ 10-11]. Councilman

6

Saab's statements are post-hoc excuses that make no sense. The preliminary injunction has been violated[1] and sanctions should flow.

Dated: June 4, 2024

Respectfully submitted,

s/ Brandon M. Grysko, P82751
FAUSONE & GRYSKO PLC
Attorney for Plaintiffs
41700 Six Mile Road, Suite 101
Northville, MI 48168
(248) 380-0000; FAX (248) 380-3434
bgrysko@thefgfirm.law

[1] As for Councilman Saab's false police report filed against Plaintiff Vanderplow for "stalking" while driving down a main thoroughfare of Dearborn Heights, Plaintiffs recognize that the Court now has before it dueling affidavits containing materially different descriptions of the event in question. *Compare*, ECF 24-2 and ECF 37-2. The statements found in the Saab Affidavit lack credibility. According to Mr. Saab, he feels that a police official working for the City of Dearborn Heights is going to harm him and his family. According to Saab, his feeling that a cell phone was aimed at him "in which it appeared that a photograph or video was being taken" constituted a dangerous threat to both Saab and his family. See ECF 37-2 at ¶ 15 (". . . I was concerned for my safety and that of my family.") Plaintiffs welcome evidentiary proceedings if the Court believes they are necessary.

## LOCAL RULE CERTIFICATION

I, Attorney Brandon M. Grysko, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnote); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

    Respectfully submitted,

s/ Brandon M. Grysko (P82751)
BRANDON M. GRYSKO (P82751)
FAUSONE & GRYSKO, PLC
Attorney for Plaintiffs
41700 West Six Mile Road, Suite 101
Northville, MI 48168-3460
(248) 380-0000; FAX (248) 380-3434
bgrysko@thefgfirm.law

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART<br><br>    Plaintiffs,<br>v.<br><br>CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation<br><br>    Defendant. | Case No.: 2:24-cv-10240<br>Hon. Mark A. Goldsmith<br>Magistrate David R. Grand |
| MICHAEL M. McNAMARA (P48055)<br>BRANDON M. GRYSKO (P82751)<br>STEPHEN J. BROWN (P82687)<br>FAUSONE & GRYSKO, PLC<br>Attorney for Plaintiffs<br>41700 West Six Mile Road, Suite 101<br>Northville, MI 48168-3460<br>(248) 380-0000; FAX (248) 380-3434<br>bgrysko@thefgfirm.law | MONICA L. HUNT (P68838)<br>THE ALLEN LAW GROUP<br>Attorney for Defendant<br>3031 W. Grand Blvd.<br>Detroit, MI 48202-3046<br>(313)961-0200<br>mhunt@alglawpc.com |

**CERTIFICATE OF SERVICE**

I, Kathy Holden, hereby certify that on the 4th day of June, 2024, I served a copy of PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND IMPOSE CONTEMPT SANCTIONS and this Proof of Service, on all appearing attorneys and service recipients registered for receipt via electronic filing.  I declare under penalties of perjury that this Proof of

Service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

/s/ KATHY HOLDEN

https://fausonebohn.sharepoint.com/teams/FausoneGrysko/FGFiles/WPDocs/BMG/Swope-Vanderplow-Hart/Pleadings/PLS' RESPONSE TO DEF CITY OF DEARBORN HEIGHTS RESP TO MOTION FOR ORD TO SHOW CAUSE.docx