## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART

      Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation

      Defendant.

And

CITY OF DEARBORN HEIGHTS CITY COUNCIL

      Intervening Defendant

Case No. 2:24-cv-10240-MAG-DRG

Hon. Mark A. Goldsmith

---

### DEFENDANT CITY OF DEARBORN HEIGHTS' RESPONSE TO INTERVENING DEFENDANT'S MOTION FOR SANCTIONS AND TO COMPEL

NOW Comes Defendant City of Dearborn Heights by and through its Counsel, The Allen Law Group, in its response to Intervening Defendant City of Dearborn Heights City Council's Motion to Compel and for Sanctions Against Bill Bazzi, and states as follows:

Plaintiffs Kevin Swope, Paul Vanderplow, and Jarrod Hart (collectively the "Plaintiffs") sought the deposition of the City of Dearborn Heights (the "City") Mayor Bill Bazzi ("Mayor Bazzi"). Initially, the deposition, scheduled to take place

on April 25, 2025, was cancelled, as Mayor Bazzi was nominated to be the Ambassador to Tunisia by the President of the United States in March of 2025. As a new nominee, Mayor Bazzi was called to Washington, D.C. to meet with key personnel and members of the Senate.

Understanding that as a nominee, hearing, interviews and meetings related to the appointment was likely to occur over the next several months, Mayor Bazzi adjourned his deposition to July 18, 2025 in hopes that the nomination process would have concluded by then and he could focus on his mayoral duties and the deposition at hand as he prepared to take his position as Ambassador. Unfortunately, governmental processes are not so swift, and on July 14, 2025, Mayor Bazzi was summoned to D.C. yet again, this time for confirmation meetings and interviews. As he was required to be in the Capital for the week, he was unable to sit for the July 18, 2025 deposition.

The parties rescheduled the deposition to take place on July 31, 2025. Unfortunately, five days prior to the deposition, while performing his mayoral duties, Mayor Bazzi was speaking at a community meeting where chaos arose due to interrupters, causing members of the public to call the police and have certain members of the public removed. One such member, according to Mayor Bazzi, was Gary Miotke ("Mr. Miotke"), counsel for Intervening Defendant.

The events of the meeting, coupled with Mayor Bazzi's concerns that Councilmember Hassan Saab was actively attempting to thwart his opportunity to become the Ambassador to Tunisia by spreading falsehoods about him and his wife on social media.

Therefore, when on July 31, 2025, Mayor Bazzi appeared for his deposition and both Mr. Miotke and Mr. Saab were present, he began to have an episode of anxiety. Out of fear, a Police Officer was placed near the door of the room in which the deposition was to occur in efforts to keep the peace. In further efforts to keep the peace, reduce Mayor Bazzi's anxieties, and allow the deposition to move forward, the request for Mr. Miotke and Mr. Saab to exit the deposition was made, given that co-counsel, Tarik Turfe was present and prepared to question the witness. This request was denied. In a continued effort to move the deposition forward, it was suggested that Mr. Saab could remain in the deposition; however, given Mayor Bazzi's concerns about his social media habits, it was requested that he sequester his phone. However, this too was denied.

Mayor Bazzi, eager to have his deposition occur, sadly was unable to do so given that he suffered from an elevated heart rate, sweats and anxiety at the time. Mayor Bazzi has since agreed to prepare himself for the anxiety-provoking issues that will come with a deposition attended by Mr. Miotke and Mr. Saab, and has agreed to be deposed on August 29, 2025.

Given his willingness to be deposed, the Plaintiffs' Motion for Sanctions should be denied. The plaintiffs have not established that they are entitled to monetary sanctions and have not provided any evidence that they are entitled to attorney fees; therefore, their requests for sanctions must be denied.

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By:   */s/ Monica N. Hunt*
      Monica Hunt (P68838)
      3031 West Grand Boulevard
      Suite 525
      Detroit, Michigan 48202
      (313) 871-5500
      mhunt@alglawpc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, PAUL VANDERPLOW,    Case No. 2:24-cv-10240-MAG-DRG
JERROD HART                      Hon. Mark A. Goldsmith

      Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation

      Defendant.

And

CITY OF DEARBORN HEIGHTS CITY
COUNCIL

      Intervening Defendant

---

**DEFENDANT CITY OF DEARBORN HEIGHTS' BRIEF IN SUPPORT OF
ITS RESPONSE TO INTERVENING DEFENDANT'S MOTION FOR
<u>SANCTIONS AND TO COMPEL</u>**

## **TABLE OF CONTENTS**

STATEMENT OF QUESTIONS PRESENTED …………………………… iii

INDEX OF AUTHORITY …………………………………………………...iv

INTRODUCTION …………………………………………………………1

FACTUAL BACKGROUND …………………………………………...1

ARGUMENT ………………………………………………………………5

I.     Mayor Bazzi's Inability to Sit for a
       Deposition is Not in Bad Faith …………………………………6

II.    Intervening Defendant Have Not
       Been Prejudiced by Mayor Bazzi Not Being Deposed …...…………..7

III.   Defendants Have Not Been Warned
       of Sanctions or Default …………………………………………...8

IV.    Sanctions are Not Warranted…………………………………………9

V.     The Request to Compel Certain Action
       of Mayor Bazzi Lack Merit …………………………………………9

CONCLUSION …………………………………………………………..11

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

1. Should this Court compel the deposition of Mayor Bill Bazzi

   Plaintiffs may state YES

   Defendant City of Dearborn Heights states NO

   Intervening Defendant may state YES

   This Court should state NO

2. Should this Court issue sanctions against Mayor Bill Bazzi for his inability to be deposed on July 31, 2025

   Plaintiffs may state YES

   Defendant City of Dearborn Heights states NO

   Intervening Defendant may state YES

   This Court should state NO

3. Should this Court order a show cause hearing as to Mayor Bazzi due to his inability to be deposed on July 31, 2025?

   Plaintiffs may state YES

   Defendant City of Dearborn Heights states NO

   Intervening Defendant may state YES

   This Court should state NO

## **INDEX OF AUTHORITY**

### **Cases**

*Barron v. Univ. of Michigan*,
    613 F. App'x 480 (6th Cir. 2015) …………………………………..…8

*Doe v. Lexington-Fayette Urb. Cnty. Gov't*,
    407 F.3d 755 (6th Cir. 2005) …………………………………………..5

*Freeland v. Amigo*, 1
    03 F.3d 1271 (6th Cir.1997) …………………………………….…5

*Harmon v. CSX Transp., Inc.*,
    110 F.3d 364 (6th Cir. 1997) …………………………………...……6

*Hippocrates Health Institute, Inc v Straub Group Ins & Fin Servs, LLC*,
    ___F Supp 3d___;  (SD Fla, May 15, 2024) ……………………..……10

*Regional Refuse Systems, Inc. v. Inland Reclamation Co.*
    842 F.2d 150 (6th Cir. 1988) …………………………………...…5

*Schafer v. City of Defiance Police Dep't*,
    529 F.3d 731 (6th Cir. 2008) …………………………………………..6

### **Federal Rules**
 Red R. Civ. P. 37 ………………………………………………………..8

## **INTRODUCTION**

The Motion to Compel and for Sanctions Against Bill Bazzi, as filed by Intervening Defendant City of Dearborn Heights City Council clearly reflects why Mayor Bill Bazzi ("Mayor Bazzi") was overcome with anxiety and fear at his July 31, 2025 deposition, causing him to leave and seek medical attention. The continued efforts to harass and embarrass Mayor Bazzi by Intervening Defendant is displayed throughout the motion and in its improper and unnecessary requests. As discussed below, Mayor Bazzi has not refused to sit for his deposition, but contends that circumstances caused him to adjourn, and ultimately cancel, his deposition. The failure to sit was not done so in bad faith, or to willfully skirt the discovery process. Mayor Bazzi contends that he intends to sit for his deposition and has offered dates and times for his deposition to occur.

## **FACTUAL BACKGROUND**

Mayor Bazzi has served as the Mayor for the City of Dearborn Heights since January 2021. A copy of Mayor Bazzi's Affidavit is attached hereto as **Exhibit "A"**. As a suburb in metro Detroit, Mayor Bazzi manages a city with over 62,000 residents. When Mayor Bazzi began serving as Mayor, counsel for Intervening Defendant City of Dearborn Heights, Gary Miotke, served as the City Attorney for the City. Mayor Bazzi subsequently terminated Miotke, creating contention between the two. *Id.*

Mayor Bazzi's management of the City garnered attention from the federal government and caused President Donald Trump to nominate Mayor Bazzi as the Ambassador to Tunisia in March of 2025. *Id.* In addition to his time-consuming role as Mayor, Mayor Bazzi had to manage his City business, as well as the demands of interviewing and meeting with the Senate Foreign Relations Committee, staff, representatives and members of the Senate.

In an effort to comply with the discovery requirements in this case, Mayor Bazzi agreed to be deposed and attempted to schedule a date and time to be deposed. Mayor Bazzi agreed to be deposed on July 18, 2025.

On June 14, 2025, the Director of the Senate Liaison Office contacted Mayor Bazzi, advising that the Senate Foreign Relations Committee was seeking meetings with Ambassadorship Nominees beginning July 17, 2025, requiring him to travel to Washington, D.C. on the 16th and remain in D.C. through the next weekend. A copy of Mayor Bazzi's itinerary is attached hereto as **Exhibit "B"**. Due to the pending congressional recess, which was scheduled to begin on August 1, 2025, it was impossible to reschedule the meetings and interviews. As such, Mayor Bazzi's interview request and flight itinerary were forwarded to counsel for Plaintiff and Intervening Defendant as proof that he could not attend the deposition.

The parties rescheduled the deposition of Mayor Bazzi to occur on July 31, 2025. Unfortunately, on July 26, 2025, the Saturday prior to the deposition, Mayor

Bazzi, while executing his duties as Mayor, attended a meeting with Dearborn Heights D7 Dads' Club, a non-profit dedicated to uniting the community and providing athletic opportunities to the local youth. See Ex. "A". The subject of the meeting was particularly sensitive as it dealt with a potential data breach concerning the youth and their families. A member of the City Council appeared at the meeting and became hostile, causing the parents at the meeting to contact the Dearborn Heights Police. Miotke attended the meeting, causing a disturbance and, according to Mayor Bazzi, causing the event to turn toxic. *Id.* Miotke was also asked to leave the event. Mayor Bazzi considered the actions of Miotke to be provoking and anxiety-inducing. *Id.*

On July 31, 2025, Mayor Bazzi appeared for his deposition and was prepared to be deposed. Miotke and his co-counsel, Tarik Turfe, appeared at the deposition on behalf of the Intervening Defendants, with Dearborn Heights City Councilmember Hassan Saab. While Miotke's presence increased Mayor Bazzi's anxiety, Councilman Saab's presence caused Mayor Bazzi to become concerned about his future. According to Mayor Bazzi, Councilman Saab published falsehoods in an effort to derail his Ambassadorship, including posting inaccurate information on social media targeting the Mayor and his wife. *Id.* The Intervening Party's request for this Court to require that any order issued against Mayor Bazzi be sent to the US

State Department. This is not only an unnecessary and punitive request, it is a request obviously designed to affect his Nomination.

Given Turfe's presence and his intent to question Mayor Bazzi on behalf of the Intervening Defendant, Mayor Bazzi requested that Miotke exit the deposition. Out of anxiety and fear of what occurred at the D7 meeting five days earlier, Mayor Bazzi sought the presence of police officer to be posted near the deposition room for purposes of keeping the peace given the incident that occurred at the D7 meeting the weekend prior. The officer did not restrict any party or attorney from entering the room.

While initially, Mayor Bazzi sought the exclusion of Councilman Saab, in effort to proceed with the deposition, Mayor Bazzi requested that he not bring his cellphone into the deposition room out of fear of him recording the deposition. Based on Councilman Saab's refusal to secure his phone, and Miotke's anxiety-provoking presence due to what he considers continuous harassment and unauthorized interference with City business, Mayor Bazzi experienced heart palpitations, sweats, and an increased heart rate. Given these health-related issues, the Mayor chose to visit his healthcare provider. *Id*. While counsel for Plaintiff questions how a Marine could be placed in "fear" over this situation, the statements and claims made in Intervening Defendant's Motion epitomize the disdain that the City Council and those associated with it has for Mayor Bazzi and thus would take any opportunity to

4

harass him and place his future assignments in jeopardy. Because of this, Mayor Bazzi suffered a medical event which he chose to seek treatment for as opposed to continuing the deposition.

In a showing of good faith, Mayor Bazzi has committed to being deposed in this matter, in an effort to move discovery and this case forward. Mayor Bazzi has agreed to be deposed on August 29, 2025.

## **ARGUMENT**

While Intervening Defendants demand sanctions, they have failed to establish that they are entitled to sanctions. The Sixth Circuit has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37. *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988). The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered. *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir.1997)).

## I.      Mayor Bazzi's Inability to Sit for a Deposition is Not in Bad Faith

"To support a finding that a [party's] actions were motivated by willfulness, bad faith, or fault under the first factor, the [party's] conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

Mayor Bazzi has made an attempt to have his deposition taken. The initial postponement of the July 18, 2025 deposition was due to Mayor Bazzi's summons to D.C. to meet and interview with key members of Congress to advance his Nomination. Given that Mayor Bazzi's deposition date was scheduled to be taken, it was offered for him to be deposed via video conference so that the deposition could occur. While video conference depositions are commonplace and routinely occur in litigation matters, counsel for Plaintiff refused to allow for Mayor Bazzi's deposition to occur via video conference.

While, unfortunately, it appears that his subsequent deposition was stalled due to political animus, or personality issues, medical concerns caused by anxiety, and increased heart rates, likely to be a panic attack, or worse, caused the deposition to end. Mayor Bazzi appeared at the deposition with the intention of proceeding with the deposition. The events of July 26th, which resulted in the police being called,

6

placed Mayor Bazzi on edge and caused a severe increase in his anxiety when Miotke appeared for the deposition.

Efforts were made by both Mayor Bazzi and representatives of the City of Dearborn Heights to allow the deposition to move forward. Given Mr. Turfe's presence, as counsel for the Intervening Defendant, it was suggested that he, along with Councilman Saab, remain in the deposition. Both Miotke and Mr. Turfe rejected the proposal, even when suggested by counsel for Plaintiffs.  (See Pl. Mtn for Sanctions, ECF No. 84-1; PageID 1557,  11:7-23).

Mayor Bazzi's failure to sit for the deposition has not stifled the discovery process or the proceedings in this matter. In fact, Mayor Bazzi has been deposed in a separate matter as recently as August 14, 2025. See Ex. "A". Mayor Bazzi is intent on being deposed in the matter at hand and is eager to have the deposition occur in this matter.

While unfortunate incidents occurred that prevented Mayor Bazzi's deposition from being completed, there was no bad faith or willful intent on part of the City or Mayor Bazzi.

## II.   Intervening Defendant Has Not Been Prejudiced by Mayor Bazzi Not Being Deposed

"A party is prejudiced when it is 'unable to secure the information requested' and 'required to waste time, money, and effort in pursuit of cooperation which [the

opposing party] was legally obligated to provide.'" *Barron v. Univ. of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015) (quoting *Harmon*, 110 F.3d at 368).

In the instant matter, discovery has not closed. The parties can, and have, proceeded with discovery in this matter. The ability of the parties to proceed with litigation has not been frustrated. As stated above, it has been determined that Mayor Bazzi will be deposed on Friday, August 29, 2025. The delay is not prejudicial as discovery, including the taking of depositions, remains ongoing. In fact, depositions of members of the Intervening Defendant City Council remain outstanding. It is hard to argue that the Intervening Defendants have been prejudiced when its own witness depositions remain outstanding. As such, Intervening Defendants have not suffered any prejudice.

### III.    Defendants Have Not Been Warned of Sanctions or Default

The instant Motion is the first motion to come before this Court for an order as it relates to discovery matters. This Court has not compelled Mayor Bazzi or the City to undertake any action or produce any materials in connection with the discovery process.  Neither Mayor Bazzi nor the City of Dearborn Heights has been warned or threatened with sanctions in any capacity. Accordingly, the instant Motion should be considered in the context of an unencumbered procedural posture, wherein the parties have not previously been compelled, reprimanded, or otherwise subjected to judicial enforcement related to discovery.

## IV.    Sanctions are Not Warranted

Sanctions in this matter are not warranted. In addition to monetary sanctions, Intervening seeks to deny the City the opportunity to present evidence at trial or any evidentiary proceeding that would support its defense in this case. Such a sanction is not warranted and is inappropriate.

Intervening Defendant seeks reimbursement for the deposition transcript in the amount of $175.33. They also seek $4,740.00 for attorney fees. Oddly, Intervening Defendants request reimbursement to Gary Miotke and non-attorney Hassan Saab. Neither Mitoke nor Saab has established that they are entitled to reimbursement, as they have not provided substantiation of their damages. Further, as reiterated above, Mayor Bazzi has agreed to be deposed. It can be assumed that the time Counsel spent preparing for the July 31, 2025, which encompasses the $4,740.00 requested by Intervening Defendant, will eliminate the need to repeat those activities for Mayor Bazzi's upcoming deposition.

Further, Intervening Defendant's counsel has not proved the monetary sanctions that it seeks. More importantly, they are not warranted given Mayor Bazzi's eagerness to sit for a deposition; therefore, sanctions, monetary and otherwise, should be denied.

**V.      The Request to Compel Certain Action of Mayor Bazzi Lack Merit**

Intervening Defendant makes a number of unconventional and improper requests of this Court to show cause and compel Mayor Bazzi. All of which, however, are designed to harass and embarrass Mayor Bazzi. First, the request to compel Mayor Bazzi's deposition must be denied, given Mayor Bazzi's agreement to be deposed on August 29, 2025, thereby rendering the issue moot. *Hippocrates Health Institute, Inc v Straub Group Ins & Fin Servs, LLC*, ___F Supp 3d___; 2024 LX 159636 (SD Fla, May 15, 2024). Counsel for Plaintiffs has agreed to depose the Mayor on August 29, 2025, at the Dearborn Heights City Hall. While Intervening Defendants seek to haul Mayor Bazzi into Court to explain the medical issues that he endured on July 31, 2025, it is clear that this request is being made for no other reason than to harass him and embarrass him publicly.

The Intervening Defendant's request to have any order in this matter related to Mayor Bazzi forwarded to the United States Department of State reflects the frivolousness of the Intervening Defendant's requests. Nothing in the facts of this case warrants the harassment and embarrassment that the Intervening Defendants seek to place on Mayor Bazzi, making his future employer aware of this matter. It is clear that this is being done in an effort to disqualify Mayor Bazzi from his Ambassadorship and tank his nomination. As such, this request must be denied.

## <u>CONCLUSION</u>

WHEREFORE, Defendant City of Dearborn Heights prays that this Honorable Court deny Intervening Defendant's Motion for Sanction and Show Cause, and call Mayor Bill Bazzi to be deposed in furtherance of discovery and the litigation of this matter.

LOCAL RULE CERTIFICATION: I, Monica N. Hunt, certify that the aforementioned pleading complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By:    */s/ Monica N. Hunt*
        Monica Hunt (P68838)
        3031 West Grand Boulevard
        Suite 525
        Detroit, Michigan 48202
        (313) 871-5500
        mhunt@alglawpc.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2025, I did serve the foregoing pleading with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

By:   */s/ Monica N. Hunt*

Monica Hunt (P68838)

Exhibit "A"

**AFFIDAVIT OF BILL BAZZI**

STATE OF MICHIGAN )

COUNTY OF WAYNE  )

I, Bill Bazzi, currently serve as Mayor of the City of Dearborn Heights, whose central City Hall address is 6045 Fenton St, Dearborn Heights, MI 48127, being duly sworn, deposed, and state that if called to testify, I will testify as follows:

1.      I have served as Mayor of the City of Dearborn Heights since January 2021 to the present day.

2.      Prior to serving as Mayor, I served as a Councilman on the Dearborn Heights City Council.

3.      In March of 2025, President Donald Trump nominated me to serve as the United States Ambassador to Tunisia.

4.      Since being nominated for the Ambassadorship, I have had a significant number of meetings, interviews, and conferences with staff, representatives, and members of the Senate in Washington, D.C.

5.      Many of the meetings mentioned above were scheduled with short notice.

6.      On June 14, 2025, the Director of the Senate Liaison Office advised me that the Senate Foreign Relations Committee was arranging the meetings with

1

Ambassadorship Nominees for the week of July 17, 2025, requiring me to go to and remain in Washington, D.C. during the week.

7.  As a consequence, I was forced to seek a postponement of my July 18, 2025, deposition.

8.  Despite ongoing meetings, interviews, and possible Confirmation Hearings, I made myself available to be deposed on July 31, 2025.

9.  On July 26, 2025, as part of my duties as Mayor, I attended and spoke at a meeting of the Dearborn Heights D7 Dads' Club, a non-profit dedicated to uniting the community and providing athletic opportunities to the local youth.

10.  The meeting's topic was serious in nature, which involved the youth and their families.

11.  During the meeting a member of the City Council appeared, causing chaos and became confrontational with the D7 President and parents.

12.  Several parents that were present in the meeting called Dearborn Heights Police due to the hostility that was created.

13.  Gary Miotke, the Former City of Dearborn Heights City Attorney whom I terminated from the position, in addition to two members of the campaign team of one of the council members who is running for Mayor and whom Attorney Mioke represents, also appeared at the meeting, which escalated the hostility in the meeting.

2

14.     Members of the D7 Dads Club and other parents asked that Mr. Miotke, the two campaign team members, and the City Council member be removed from the meeting.

15.     In light of this most recent disturbance at a meeting which they were not invited to, along with Mr. Mioke's repeated disturbances and chaos which he has participated in during other meetings since his termination, I considered Mr. Mioke's attendance at my deposition to be yet another provocation, which would lead to a hostile environment for my deposition.

16.     On July 31, 2025, I attended my scheduled deposition; prepared my office with refreshments and beverages for those whom I thought would be in attendance; and made arrangements for lunch to be delivered to those in attendance. However, Mr. Miotke's appearance, as well as the appearance of Councilman Hassan Saab, caused my blood pressure to elevate due to their congoing harassment and hostility toward me at public meetings and knowing that this would NOT be a hostile free deposition.

17.     Recently, Mr. Saab has began a campaign of spreading false information about me in an effort to jeopardize my Ambassadorship appointment.

18.     Mr. Saab has routinely posted derogatory messages on social media targeting me and my wife, some of which include religious and ethnic hostilities.

3

19.   The appearance of Mr. Miotke and Mr. Saab at my deposition caused my blood pressure to elevate, along with spontaneous excessive sweating.

20.   I requested Mr. Miotke's exclusion from the deposition, given that his co-counsel, Tarik Turfe, was present and had intended to question me during the deposition on behalf of the Intervening Defendant, City of Dearborn Heights City Council. It was further my belief that Mr. Miotke's exclusion was warranted, given his improper intrusion into City business, as he has attempted to involve himself in City matters that exceed the current issue.

21.   I initially also requested the exclusion of Mr. Saab. However, in an effort to move the deposition along, I conceded regarding Mr. Saab's appearance. However, I requested that he not maintain his cellphone out of concern regarding improper recording, which he has done in the past.

22.   While counsel for the City of Dearborn Heights made efforts to progress the deposition, Mr. Miotke refused to exit the deposition, and Mr. Saab refused to secure his communication device.

23.   This attempt to derail my deposition, increased my level of blood pressure, which I had never experienced in the past, even while serving in the Marine Corps for 21 years, and caused me to seek medical attention that day.

24.   I have never objected to my deposition being taken.

25.     I have had my deposition taken on several occasions, most recently on August 14, 2025, in a City of Dearborn Heights-related matter.

26.     My inability to sit for my deposition on July 31, 2025, was due to a hostile environment which was created by the presence and behavior of Mr. Miotke and Mr. Saab and not due to any other motive.

27.     I am eager to have my deposition taken in this matter and have advised counsel that I am willing to be deposed as soon as possible.  I am being deposed on August 29, 2025.

FURTHER, AFFIANT SAYETH NOT.

DATE: August _22_ , 2025

Bill Bazzi

NICKLAS WILLIAM CANDEA
Notary Public - State of Michigan
County of Wayne
My Commission Expires Mar 5, 2028
Acting in the County of _____

Subscribed and sworn to before me
this _22_ day of August, 2025

_____ , Notary
_Wayne_____ County, Michigan
My Commission Expires: _March 5, 2028_

5

EXHIBIT "B"

 Outlook

---

**Fw: [External] Re: File complete Bazzi (Tunisia) -- next steps**

**From** Bill Bazzi <BBazzi@dearbornheightsmi.gov>
**Date** Wed 7/16/2025 10:06 AM
**To**    Monica Hunt <mhunt@alglawpc.com>; Roger A. Farinha <RaFarinha@dearbornheightsmi.gov>

I have to go there ASAP since the Senate goes into recess Aug 1.
I have to meet the Senate committee the week before the hearing.  below is the original e mail request.

Respectfully,

**Bill Bazzi,** *Mayor*



**City of Dearborn Heights**
📍 6045 Fenton, Dearborn Heights MI 48127
📞 (313) 791-3490
🌐 www.dearbornheightsmi.gov

---------- Forwarded message ---------
From: **Reed, Stephanie M**
Date: Mon, Jul 14, 2025 at 4:14 PM
Subject: Re: [External] Re: File complete Bazzi (Tunisia) -- next steps
To: Bill Bazzi

Good afternoon,

I hope you had a nice weekend.

SFRC are almost decided on the hearing for next week and there is a very strong chance you will be on it.

Are you available to come to DC this week to do your required meetings with SFRC majority and minority staff?

Best regards,

Stephanie



**Stephanie M. Reed**
**Director of Senate Liaison Office and Deputy Director of Nominations**
**U.S. Department of State | Bureau of Legislative Affairs (H)**

LEGAL CONFIDENTIAL: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information and/or documents in this message are privileged and confidential, for use only by the intended recipient. If you are not the intended recipient, any disclosure, distribution, use or copying of the contents of this message is prohibited. If you have received this message in error, please notify us immediately and delete this message from your system.





**Date of Purchase: Jul 15, 2025**

# Flight Receipt for Detroit, MI to Washington-Reagan National, DC

## PASSENGER INFORMATION

BILL BAZZI
SkyMiles Number: 

Confirmation Number: ███████
Ticket Number: ████████████

## FLIGHT INFORMATION

| Date and Flight | Status | Class | Seat/Cabin |
|---|---|---|---|
| DTW>DCA<br>Wed 16Jul2025 DL 2030 | OPEN | U | |
| DCA>DTW<br>Sat 26Jul2025 DL 2476 | OPEN | U | |

## DETAILED CHARGES

**Air Transportation Charges**
Base Fare: $435.69  USD

**Taxes, Fees & Charges:**

| | | |
|---|---|---|
| United States - September 11th Security Fee(Passenger Civil Aviation Security Service Fee) (AY) | $11.20 | USD |
| United States - Transportation Tax (US) | $32.68 | USD |
| United States - Passenger Facility Charge (XF) | $9.00 | USD |
| United States - Flight Segment Tax (ZP) | $10.40 | USD |

**Total Price:** **$498.97  USD**

Paid with ████████████***********████

## KEY OF TERMS

| | |
|---|---|
| # - Arrival date different than departure date | F - Food available for purchase |
| ** - Check-in required | L - Lunch |
| ***- Multiple meals | LV - Departs |
| *S$ - Multiple seats | M - Movie |
| AR - Arrives | R - Refreshments, complimentary |
| B - Breakfast | S - Snack |