UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SWOPE, et al.,

    Plaintiffs,

v

                                          Case No. 24-cv-10240
                                          HON. MARK A. GOLDSMITH

CITY OF DEARBORN HEIGHTS,

    Defendant,

and

CITY OF DEARBORN HEIGHTS CITY
COUNCIL,

    Intervening Defendant.
_____/

## ORDER APPOINTING SPECIAL MASTER

In its September 19, 2025 Order Regarding Proposed Special Master (Dkt. 93), the Court advised the parties that it was inclined to appoint Steven H. Schwartz as a special master in this case. The Court directed the parties to file, no later than September 24, 2025, any objection to the appointment of Steven H. Schwartz as a special master in this case. Because all parties have indicated to the Court that they do not object to the appointment of Mr. Schwartz, the Court finds and orders as follows:

1

1. Due to the complexity of issues, the Court finds that pretrial matters cannot be effectively and timely addressed by an available district judge or magistrate judge of the district, requiring the appointment of a special master on the terms set forth below, pursuant to Rule 53 of the Federal Rules of Civil Procedure and this Court's inherent authority.

2. Steven H. Schwartz is appointed as a special master in this case. Mr. Schwartz's responsibilities include: conferring with the parties on any adjustments to the present schedule; conferring with the parties regarding resolution of any pending or future motions; filing with the Court a recommendation regarding any motions that are not consensually resolved; conferring with the parties on partial or total resolution of the case; and such other matters as the Court may later determine. Mr. Schwartz's duties include acting as a liaison between the parties and the Court for all such matters and assisting the Court in addressing such substantive and procedural questions that the parties may raise by motion or otherwise. Mr. Schwartz shall have no power to issue any order.

3. The Court is authorized to have ex parte communications with Mr. Schwartz orally and in writing. All such communications shall be confidential and not be subject to disclosure or discovery. The attorneys for the parties shall not have ex parte communications with Mr. Schwartz about the merits of any

matter, except as part of settlement discussions or as part of discussions to narrow the disputed issues related to a motion, hearing, or other dispute. The attorneys may communicate ex parte with Mr. Schwartz regarding the scheduling of any conference or procedures to be followed. Mr. Schwartz need not preserve or file any materials with the Court, unless otherwise directed by the Court.

4. Mr. Schwartz shall file an affidavit within one week of this order, affirming that he knows of no grounds for disqualification under 28 U.S.C. § 455 that would prevent him serving as special master.

5. Taking into account all of the factors and requirements set forth in Rule 53(g), the Court determines that Mr. Schwartz shall be compensated at his ordinary hourly rate for his time and be reimbursed for all reasonable expenses. One-half of Mr. Schwartz's fees and expenses shall be paid by Plaintiffs; one-quarter shall be paid by Defendant City of Dearborn Heights; and one-quarter shall be paid by Intervenor Dearborn Heights City Council. This will be subject to eventual shifting if the Court finds that to be appropriate. Mr. Schwartz will invoice the parties generally monthly, and the parties shall pay Mr. Schwartz's invoice within 30 days of receipt.

**SO ORDERED.**

Dated: October 1, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2025.

 s/Joseph Heacox
 JOSEPH HEACOX
 Case Manager

4