UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SWOPE, et al,
        Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS,
        Defendant,
and

CITY OF DEARBORN HEIGHTS CITY COUNCIL, in its official capacity only,
        Intervening Defendant.

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith

---

BRANDON M. GRYSKO (P82751)
STEPHEN JOSEPH BROWN (P82687)
FAUSONE & GRYSKO, PLC
Attorneys for Plaintiffs
41700 West Six Mile Road, Suite 101
Northville, MI 48168-3460
(248) 912-3218; FAX (248) 380-3434
bgrysko@thefgfirm.law
jbrown@thefgfirm.law

MONICA N. HUNT (P68838)
SEAN M. FARRELL (P86402)
THE ALLEN LAW GROUP
Attorneys for Defendant
3031 W. Grand Blvd., Suite 525
Detroit, MI 48202
(313) 871-5500; FAX (313) 871-0517
mhunt@alglawpc.com
sfarrell@alglawpc.com

GARY T. MIOTKE (P41813)
Attorney for Intervening Defendant
6828 Park Avenue
Allen Park, MI 48101
(313) 388-4809
gmiotke@miotkelawoffice.com

KASSEM M. DAKHLALLAH (P70842)
TARIK D. TURFE (P83690)
HAMMOUD, DAKHLALLAH & ASSOCIATES, PLLC
Attorneys for Intervening Defendant
6050 Greenfield Rd., Ste. 201
Dearborn, MI  48126
(313) 551-3038
kd@hdlawgroup.com
tt@hdalawgroup.com

---

## **STIPULATED MUTUAL PROTECTIVE ORDER**

1

Good cause being present as this Order is necessary to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense through the disclosure of non-public, confidential, and/or sensitive information or otherwise; the parties hereto having so stipulated; and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED as follows:

(1) This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth

   i.   the authority for sealing;

  ii.   an identification and description of each item proposed for sealing;

 iii.   the reason that sealing each item is necessary;

 iv.   the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

  v.   a memorandum of legal authority supporting sealing.

See Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section.

Whenever a motion to seal is filed, the movant shall comply with the

requirements of Local Rule 5.3 set forth above and submit a proposed order which states the particular reason the sealing is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

(2) Except upon further order of the Court, all documents, electronically stored information, or things containing information which has been designated by any party to this civil action as Confidential shall not be disclosed by a non-designating party or its counsel except as allowed by this Order. If the designating party produces such a document or thing, and the document or thing is capable of being so marked, the designating party shall clearly mark it as "CONFIDENTIAL". If a person or entity other than the designating party produces such documents or things (for example, a health care provider or a copy service), or if the things so designated are electronically stored information, then the designating party shall send a written communication to counsel for the other parties designating the documents, electronically stored information, or things as "CONFIDENTIAL".

(3) Documents, electronically stored information, or things are only to be designated as Confidential pursuant to this Order to the extent that they contain any non-public and confidential income, tax, financial, law enforcement, or personal contact information; personal home address(es); non-work phone number(s); Social Security Number(s); date(s) of birth; information of any sort pertaining to a minor child or minor children); health, treatment, psychiatric, psychological, counseling, therapy, and/or medical document and/or information ("materials"); or the Plaintiffs' tax returns, tax return schedules, non-City of Dearborn Heights W-2 forms, and non-City of Dearborn Heights 1099 forms produced by any party to this action (the "Producing Party") to any other party (the "Discovering Party"). While documents and information subject to this Order may be filed pursuant to paragraph (5) below, the parties agree that the following information shall be redacted from any such document before it is filed with the Court: (a) Social Security Numbers, (b) medical records numbers in any medical document or records, (c) patient numbers in any medical document or records, (d) home addresses except if the home address must be included for some purpose related to the document's purpose (for example, a home address included in a subpoena or in a motion related to service of a subpoena), (e) the names of joint filers of parties, or of spouses or children of parties, in tax returns, (f) the names of any government agency paying a person for classified work, and (g) date(s) of birth.

(4) Documents, electronically stored information, or things designated as Confidential pursuant to this Order shall be used by the Discovering Party only for the purposes of this litigation and for no other purpose.  Every person to whom disclosures of such Confidential information are made shall be advised of the terms of this Protective Order and shall be bound by it.  After receiving any documents, electronically stored information, or things designated as Confidential pursuant to this Order, the Discovering Party shall not make such materials available to any person except:

(A) Such employees and/or elected officials of the Discovering Party as are involved in the prosecuting or defending of this action;

(B) Attorneys engaged or employed by the Discovering Party and their supporting staff, including legal assistants, paralegals and other employees of such attorneys who are actively engaged in assisting counsel in the preparation of this action;

(C) Court reporters in connection with the taking of a deposition or the transcript of court proceedings in this matter;

(D) Facilitators or Mediators;

(E) Any expert witness or consultant engaged by the Discovering Party or its attorneys or employees to assist in connection with this action;

(F) Any other party to this case who is also bound by this Order; and/or

(G) Attorneys of record in this case who have also been engaged or employed by any other party to this case who is also bound by this Order and their supporting staff.

(5) Nothing in paragraph (4) above shall prevent the parties from using documents and/or information received in discovery in any proceeding in this action, including, but not limited to:

(A) Discovery depositions;

(B) Motions, briefs and pleadings;

(C) Argument before the Court;

(D) Mediation or facilitation;

(E) Trial or appeal.

(6) Documents, electronically stored information, or things possessed, controlled, or in the custody of Defendant, CITY OF DEARBORN HEIGHTS shall only be designated as Confidential under this Order if they would be exempt from disclosure under the Michigan Freedom of Information Act, Michigan Public Act 442 of 1976 ("FOIA"), or the specific information is prohibited from disclosure pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), or any other state or federal data protection statute.  This Order shall not be construed to prevent the use or disclosure of any documents, electronically

stored information, or things that a person other than the Plaintiffs would be entitled to receive by virtue of a FOIA request.

(7) Notwithstanding what is stated in paragraph (4)(A) above, the attorneys for Intervening Defendant City of Dearborn Heights City Council shall not share with any members of the Dearborn Heights City Council any of the following items that has or have been produced by any of the Plaintiffs and also designated by any of the Plaintiffs as Confidential pursuant to this Order: any of the Plaintiffs' tax returns, tax return schedules, non-City of Dearborn Heights W-2 forms, and non-City of Dearborn Heights 1099 forms; any of the Plaintiffs' health, treatment, psychiatric, psychological, counseling, therapy, and/or medical records; and any of the Plaintiffs' other non-public and confidential records that contain any of the Plaintiffs' Social Security Number(s) and/or date(s) of birth unless the Plaintiffs' Social Security Number(s) and/or date(s) of birth has or have been redacted prior to the item being shared with the City Council member(s).  Notwithstanding what is stated in this paragraph (7), the attorneys for Intervening Defendant City of Dearborn Heights City Council may share with any Dearborn Heights City Council member any item described in the preceding sentence of this paragraph (7) that has or have been produced by any of the Plaintiffs and also designated by any of them as Confidential pursuant to this Order if the item has been filed with this Court and

7

the item was properly redacted pursuant to this Order (if so required) prior to the item having been filed with the Court.

(8) A party may challenge the designation of documents, electronically stored information, or things as Confidential pursuant to this Order. The burden of upholding the designation shall be on the party designating the documents, electronically stored information, or things as Confidential.

(9) Compliance with the terms of this Protective Order shall not be deemed an admission that any documents, electronically stored information, or things are not otherwise protected from disclosure, relevant, or admissible into evidence, and shall not constitute a waiver of the right of any person to object to the production, use, or admission or any documents, electronically stored information, or things.

(10) At the conclusion of this litigation, all materials described herein, including copies produced in discovery and in the possession of the Discovering Party or any other person to whom such materials were made available by the Discovering Party, shall be returned to the Producing Party or destroyed by the Discovering Party, at the option of the Producing Party. If the Producing Party elects the option of return, the Producing Party must so state within 60 days of entry of the final Order in the case and the postage for such return shall be paid by the Producing Party. Otherwise, the documents shall be destroyed.

(11) This Order may be modified upon written stipulation of the parties, or by the Court upon Motion of any party, for good cause shown.

**SO ORDERED.**

Dated: November 18, 2025   s/Mark A. Goldsmith
Detroit, Michigan         MARK A. GOLDSMITH
                          United States District Judge

**Stipulated To By:**

s/GARY T. MIOTKE
GARY T. MIOTKE (P41813)
Attorney for Intervening Defendant

s/with consent of STEPHEN JOSEPH BROWN
BRANDON M. GRYSKO (P82751)
STEPHEN JOSEPH BROWN (P82687)
FAUSONE & GRYSKO, PLC
Attorneys for Plaintiffs

s/with consent of MONICA N. HUNT
MONICA N. HUNT (P68838)
SEAN M. FARRELL (P86402)
THE ALLEN LAW GROUP
Attorneys for Defendant

s/with consent of TARIK D. TURFE
KASSEM M. DAKHLALLAH (P70842)
TARIK D. TURFE (P83690)
HAMMOUD, DAKHLALLAH &
ASSOCIATES, PLLC
Attorneys for Intervening Defendant