# EXHIBIT 1

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW,
JERROD HART,

               Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan municipal corporation

               Defendant

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

               Intervening Defendant

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

_____/

### INTERVENING DEFENDANT CITY OF DEARBORN HEIGHTS CITY COUNCIL'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' OMNIBUS DISCOVERY REQUESTS

      NOW COMES Intervening Defendant, the City of Dearborn Heights City Council, by and through its attorneys, and for its Responses and Objections to Plaintiffs' Omnibus Discovery Requests, hereby states as follows:

### GENERAL OBJECTIONS

      The City of Dearborn Heights City Council ("City Council") has answered these discovery requests to the best of its ability at this time. All of the information contained herein is within the personal knowledge of the person or persons who have

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

signed these answers. The City Council believes that the information contained herein was accurate at the time it was compiled. To the extent that it discovers such information to be inaccurate or incomplete, the appropriate information will be supplied as required under the Federal Rules.

1. The responses to these discovery requests have been prepared in accordance with the Federal Rules. To the extent the discovery requests are appropriate and not subject to objection, the scope of the investigation conducted to locate responsive documents and information has been and will be limited to reviewing the City Council's repositories and databases in which information related to such matters ordinarily would be expected to be found. To the extent that these discovery requests purport to require or define an investigation that exceeds the foregoing scope, the City Council objects thereto on the grounds that such a requirement or definition exceeds the scope of permissible discovery and/or improperly attempts to impose upon them an unreasonable burden and expense.

2. The City Council does not concede that any document produced is or will be admissible at trial or in any evidentiary hearing. Further, they do not waive any legal objection, whether or not asserted herein, to the use of any such document at trial.

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

3.     The City Council has responded to these discovery requests only with respect to documents and information in its possession, custody and control. To the extent that Plaintiffs seek documents or information not in such possession, custody or control, they object to such requests because they seek to compel them to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules, and to impose to an undue burden and expense on the City Council.

4.     The City Council objects to theses discovery requests to the extent that they seek documents or information that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     The City Council objects to these discovery requests to the extent that they request documents or information protected by the attorney-client privilege, the workproduct doctrine, or any other privilege recognized by law.

6.     The City Council objects to these discovery requests to the extent they are overly broad, unduly burdensome, or beyond the scope of permissible discovery contemplated by the Federal Rules. The City Council objects to Interrogatories and Requests that (i) fail to particularize contrary to FRCP 34(b)(1)(A); (ii) seek discovery that is duplicative of the initial disclosures; (iii) seek the discovery of

items or information that is already in the possession, custody, or control of the party(ies) submitting the Interrogatories and Requests; or (iv) seek the discovery of items or information that is *not* in the possession or control of the City Council and clearly in the possession or control of the party(ies) submitting the Interrogatories and Requests.

7.      Contrary to the Plaintiffs' "INSTRUCTIONS" and "DEFINITIONS", the City Council need only comply with FRCP 33 in objecting and responding to the Interrogatories, with FRCP 34 in objecting and responding to the Requests to Produce, and with FRCP 36 in objecting and responding to the Requests to Admit.

8.      The City Council objects to the "INSTRUCTIONS" and "DEFINITIONS" stated in the Plaintiffs' requests for the following reasons:

    a) FRCP 33, FRCP 34, and FRCP 36 do not provide for the service of such preliminary commentary – only interrogatories/questions and requests. Thus, only questions are answered and only requests are responded to. They are answered/responded to and objected to in the manner that they were propounded without references to the several pages of commentary.

    b) FRCP 33, FRCP 34, FRCP 36, and Local Rule 26.1 govern the

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

answers/responses/objections to this discovery. The City Council is required to do nothing more than required by these rules contrary to the sections containing "INSTRUCTIONS" and "DEFINITIONS".

c) Responses specifically tailored to, and based upon, the "INSTRUCTIONS" and "DEFINITIONS" would: (i) be oppressive and unduly burdensome, (ii) lead the City Council to answer vague, ambiguous, and confusing questions, (iii) lead to a violation of FRCP 33(a)(1) since answering the Interrogatories consistent with the "INSTRUCTIONS" and "DEFINITIONS" would cause each Interrogatory to have numerous discrete subparts, and the total Interrogatories including discrete subparts would accordingly be in excess of 25 such Interrogatories.

d) The Plaintiffs cannot use the "Definition" of "Council" or "City Council" to impose an obligation on the individual members of the City Council to be treated like individual parties forcing the same to individually respond to these discovery requests.

9. Some of what is or may be sought is other privileged, confidential, and/or highly sensitive information or items that should and will only be produced if subject to an appropriate Protective Order. This may include, but is not limited to,

items or information subject to various health care professional-patient privileges, etc.

10.     Generally, the City Council further objects to these discovery requests because they far exceed the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure. More specifically, the City Council objects to these discovery requests because they are irrelevant to any party's claims or defenses in this case considering the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47. The City Council has intervened in this case in its official capacity only. The City Council's individual members are not parties to this case and no individual claims have been made against them in the Plaintiffs' Amended Complaint. Yet, most of the discovery is directed to the City Council's individual members as if they are parties to this case and thus are improper attempts to make collateral claims against individual members of the City Council. Because most of this discovery is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council that are relevant to this case, the City Council objects and relies on this General Objection in all of its below Objections and Responses to the Plaintiffs' discovery requests.

Subject to and without waiving the foregoing objections, The City Council responds as follows to Plaintiffs' Omnibus Discovery Requests:

6

## INTERROGATORIES

1.      Please identify the person providing the answers to these interrogatories and to the requests to admit found below, and, if a different individual, the person who searched for documents responsive to the document production requests below.

ANSWER/RESPONSE: OBJECTION(S): Council Chairman Mo Baydoun.

2.      Please describe and identify any phone plan or benefit pursuant to which the City pays for, reimburses, or subsidizes cellular telephones or cellular telephone services used by members of the City Council.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case. Furthermore, this interrogatory seeks information that is not readily within the possession, custody, or control of the City Council. Plaintiffs have improperly directed this interrogatory to the City Council, insofar as it seeks description and identification of a City of Dearborn Heights Contract which the City Council is not a party thereto. The City Council does not contract for, manage, or otherwise maintain any relevant agreements with any communications service provider as assumed by this interrogatory. This interrogatory is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council

that are relevant to this case. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

3.      If a particular cell phone communications service provider (e.g., AT&T, Verizon, T-mobile, etc.) provides service to members of the City Council as a whole, please identify such communications service provider.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case. Furthermore, this interrogatory seeks information that is not readily within the possession, custody, or control of the City Council. Plaintiffs have improperly directed this interrogatory to the City Council, insofar as it seeks description and identification of a City of Dearborn Heights Contract which the City Council is not a party thereto. The City Council does not contract for, manage, or otherwise maintain any relevant agreements with any communications service provider as assumed by this interrogatory. This interrogatory is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council that are relevant to this case. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

4.      If no cell phone communications provider provides service to all members of the City Council as a whole, please describe and provide the cell phone communications service provider of each member of the City Council.

8

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case. The City Council further objects as this interrogatory far exceeds the scope of permissible discovery pursuant to the Rules cited above. This interrogatory seeks production of information regarding the personal communications arrangements of the individual members of the City Council, such individuals not being party to this case, and, moreover, such personal communications similarly exceeding the scope of discovery. This interrogatory is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council that are relevant to this case. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

5.     Please provide the cell phone number of the cell phones used by each member of the City Council for purposes of conducting the business of the City Council.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case. The City Council further objects as this interrogatory far exceeds the scope of permissible discovery pursuant to the Rules cited above. This interrogatory seeks production of information regarding the personal communications arrangements of the individual members of the City Council, such individuals not being party to this case, and,

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

moreover, such personal communications similarly exceeding the scope of discovery. Furthermore, the qualifying language of "for purposes of conducting the business of the City Council" is overly broad and unduly burdensome. This interrogatory is not reasonably limited in time, scope, or substance and serves as a fishing expedition into all City Council members' actions in their official capacity. This interrogatory is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council that are relevant to this case. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

6.  Please describe all instances in which any person who had previously received a Fine or Ticket (defined above) contacted a sitting member of the City Council for purposes of appealing, nullifying, or receiving relief from such Fine or Ticket.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case, and this interrogatory serves as a collateral claim against individual members of the City Council with the subject matter that Plaintiffs alleged to have investigated or are currently investigating. Furthermore, this interrogatory seeks production of information regarding the personal communications of the individual members of the City Council, such individuals not being party to this case, and, moreover, such

personal communications similarly exceeding the scope of discovery. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

7.      Please identify all persons who received a Fine or Ticket who have contacted a sitting member of City Council to discuss such Fine or Ticket.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case, and this interrogatory serves as a collateral claim against individual members of the City Council with the subject matter that Plaintiffs alleged to have investigated or are currently investigating. Furthermore, this interrogatory seeks production of information regarding the personal communications of the individual members of the City Council, such individuals not being party to this case, and, moreover, such personal communications similarly exceeding the scope of discovery. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

8.      Please describe (including by describing the total expense to the City) all instances in which a sitting City Council member has traveled to another state or country, gone to a conference, or received professional training at the expense of the City in the last two years.

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case. The City Council further objects as this interrogatory far exceeds the scope of permissible discovery pursuant to the Rules cited above. This interrogatory seeks production of publicly available information regarding City Council member travel that only serves the purposes of harassing and prejudicing the individual City Council members. This interrogatory is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council that are relevant to this case. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

9.      Please identify all witnesses that the City Council make call to testify in any trial or evidentiary hearing that takes place in these proceedings.

ANSWER/RESPONSE: OBJECTION(S): Plaintiff Kevin Swope, Plaintiff Paul Vanderplow, Plaintiff Jerrod Hart, Mayor Bill Bazzi, Roger Farinha, all current and former members of the Dearborn Heights City Council who have served in such capacity during the period starting January 1, 2022 and continuing through trial, City Clerk Lynne Senia, all current and former City Human Resources Directors who have served in such capacity during the period starting January 1, 2022 and continuing through trial (including Margaret Hazlett and Cameron Eggly), City Treasurer Lisa Hicks-Clayton, Additional agents, employees, independent

contractors, and records custodian(s) of the City of Dearborn Heights, Additional

agents, employees, independent contractors, and records custodian(s) of the City of

Dearborn Heights Police Department, and Agents, representatives, records

custodian(s) for the City of Dearborn Heights Act 78 Police and Fire Civil Service

Commission. Discovery remains ongoing and incomplete. The City Council reserves

the right to supplement and/or amend this answer as additional facts, documents,

testimony, and witnesses are developed throughout this case.

      10.    Please describe all other instances in which Councilman Saab has

accused a third-party of a crime, including all other police reports ever filed by

Councilman Saab.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this

interrogatory is irrelevant to any party's claims or defenses in this case. The City

Council further objects as this interrogatory far exceeds the scope of permissible

discovery pursuant to the Rules cited above. This interrogatory is directed at an

individual member of the City Council in his individual and non-official capacity.

The City Council has no ability to answer any discovery request on such a behalf.

Moreover, Councilman Saab, in his individual and non-official capacity, is not a

party to this case and not subject to the jurisdiction of this Court. This interrogatory

is not reasonably tailored to seek production of relevant and/or admissible evidence

about the official actions of the City Council that are relevant to this case. This

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

11.     Please describe all instances in which any sitting member of the Council has been accused of a crime or misdeameanor [sic].

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this interrogatory is irrelevant to any party's claims or defenses in this case. The City Council further objects as this interrogatory far exceeds the scope of permissible discovery pursuant to the Rules cited above. This interrogatory seeks production of publicly available information regarding City Council member criminal that only serves the purposes of harassing and prejudicing the individual City Council members. This interrogatory is not reasonably tailored to seek production of relevant and/or admissible evidence about the official actions of the City Council that are relevant to this case. This interrogatory further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

## REQUESTS FOR PRODUCTION

1.     Please provide any email, text, letter or other writing pursuant to which any City Council member mentions or discusses Item 33 (defined above).

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to

14

reasonably tailor the request to only such communications in the Council members'

official capacity. The individual City Council members, in their individual and non-

official capacity, are not parties to this case and not subject to the jurisdiction of this

Court. Furthermore, Courts are not concerned with the motives which actuate

members of a legislative body in enacting a law, but in the results of their action.

*Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980).

In reviewing a challenge to a legislative enactment, courts are thereby limited to a

consideration of the legislation itself and other documented legislative history.

Motive of the legislators may be examined, however, when fraud, personal interest

or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies

to actions that bear the hallmarks of traditional legislation, including discretionary

policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017).

This request further exceeds the scope of the City Council's intervention in this case

as Ordered by the Court at ECF No. 47.

　　　2.　　　Please provide any email, text, letter or other writing pursuant to which

any sitting City Council member, in the last three years, discusses the race, ethnicity,

gender, or religion of any employee, agent, or elected official of the City.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request

is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking

production of communications by and amongst City Council members but fail to

reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

       3.      Please provide any email, text, letter or other writing pursuant to which any sitting City Council member mentions any of the three Plaintiffs by name or otherwise refers to any of the Plaintiffs.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to

reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

      4.      Please provide any unprivileged email, text, letter or other writing in which any sitting City Council member discusses or mentions Plaintiffs' causes of action in these proceedings.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to

17

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

  5. Please provide all emails, texts, letters or other writings pursuant to which any sitting City Council member discusses Plaintiff Paul Vanderplow with Interim Chief of Police Hussein M. Farhat.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

6.      Please provide all emails, texts, letters or writing sent to or received by any sitting member of the City Council in which a Fine or Ticket (defined term) is mentioned.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. This request serves as a collateral claim against individual members of the City Council with the subject matter that Plaintiffs alleged to have investigated or are currently investigating. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

7.     All texts, emails, or documents created by, sent by, or received by Councilman Saab that discusses, describes, or is relevant to the Stalking Incident (defined above), including all such documents (defined above) originated by Saab on March 4, 2024.

ANSWER/RESPONSE: OBJECTION(S): a The City Council objects as this request

is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking

production of communications from Councilman Saab but fail to reasonably tailor

the request to only such communications in his official capacity. Councilman Saab,

in his individual and non-official capacity, is not a party to this case and not subject

to the jurisdiction of this Court. Furthermore, Courts are not concerned with the

motives which actuate members of a legislative body in enacting a law, but in the

results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527;

298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are

thereby limited to a consideration of the legislation itself and other documented

legislative history. Motive of the legislators may be examined, however, when fraud,

personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative

privilege applies to actions that bear the hallmarks of traditional legislation,

including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d

854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's

intervention in this case as Ordered by the Court at ECF No. 47.

8.      Please produce all exhibits that the City Council plans on attempting

to introduce into evidence at any trial or evidentiary proceeding to take place in these

legal proceedings.

ANSWER/RESPONSE: OBJECTION(S): The City Council plans to introduce into

evidence all relevant documents concerning City Council Resolution 24-017, including all memoranda issued by Mayor Bill Bazzi and such supporting documents, in addition to all relevant meeting minutes', meeting Agenda's, and party agreements between Plaintiffs and the City of Dearborn Heights. All such documents have been previously produced to counsel in this case. Discovery remains ongoing and incomplete. The City Council reserves the right to supplement and/or amend this answer as additional facts, documents, testimony, and witnesses are developed throughout this case.

9.      Please produce all emails, texts or communications by and between any sitting member of the City Council and Mr. Khalil Rahal.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a

consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

10.     Please produce all emails, texts, or communications in which any sitting member of the City Council mentions Mohammed Bazzy.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history.

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

11.    Please produce all emails, texts, documents or communications in which any sitting member of City Council discusses the appointment of Interim Police Chief Farhat as interim police chief.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. Here, Plaintiffs are seeking production of communications by and amongst City Council members but fail to reasonably tailor the request to only such communications in the Council members' official capacity. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history.

24

Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF No. 47.

12.     Please produce the resume or CV of any expert witness that the City Council may ask to testify in any trial or evidentiary proceeding to take place in these legal proceedings.

ANSWER/RESPONSE: OBJECTION(S): At this time, the City Council has not retained any expert witness. This request will be supplemented accordingly.

13.     Please produce all other Documents in the possession of the City Council that are relevant to these proceedings, or upon which the City Council will base a denial of fact, claim or defense.

ANSWER/RESPONSE: OBJECTION(S): The City Council plans to introduce into evidence all relevant documents concerning City Council Resolution 24-017, including all memoranda issued by Mayor Bill Bazzi and such supporting documents, in addition to all relevant meeting minutes', meeting Agenda's, and party agreements between Plaintiffs and the City of Dearborn Heights. All such documents have been previously produced to counsel in this case. Discovery remains

ongoing and incomplete. The City Council reserves the right to supplement and/or amend this answer as additional facts, documents, testimony, and witnesses are developed throughout this case..

14.   Please   produce   all   emails,   texts,   communications   or   other Documents generated or received by the City Council pertaining to Resolution 23-099.

ANSWER/RESPONSE: OBJECTION(S): The City Council objects as this request is irrelevant to any party's claims or defenses in this case. The individual City Council members, in their individual and non-official capacity, are not parties to this case and not subject to the jurisdiction of this Court. Furthermore, Courts are not concerned with the motives which actuate members of a legislative body in enacting a law, but in the results of their action. *Sheffield Development Co. v. City of Troy*, 99 Mich. App. 527; 298 N.W.2d (1980). In reviewing a challenge to a legislative enactment, courts are thereby limited to a consideration of the legislation itself and other documented legislative history. Motive of the legislators may be examined, however, when fraud, personal interest or corruption is alleged in the complaint. *Id.* Further, the legislative privilege applies to actions that bear the hallmarks of traditional legislation, including discretionary policy making. *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854 (E.D.Mich., 2017). This request further exceeds the scope of the City Council's intervention in this case as Ordered by the Court at ECF

Docusign Envelope ID: C6567627-764D-4F6A-80D6-485D36C41E55

No. 47.

## REQUESTS FOR ADMISSION

1.      Please admit that one or more members of the City Council has participated in or organized "Arab Only" meetings in which non-Arabs were excluded or not invited.

ANSWER/RESPONSE: OBJECTION(S): Denied as untrue.

2.      Please admit that sitting City Council members have made statements that the City should hire an Arab-American Chief of Police.

ANSWER/RESPONSE: OBJECTION(S): Denied as untrue.

3.      Please admit that sitting City Council members have made statements that only an Arab-American law enforcement official could understand the law enforcement needs of the City.

ANSWER/RESPONSE: OBJECTION(S): Denied as untrue.

I  HEREBY  CERTIFY  THAT  THE  FOREGOING  RESPONSES  TO INTERROGATORIES ARE TRUE AND ACCURATE TO THE BEST OF MY PRESENT KNOWLEDGE, INFORMATION, AND BELIEF

Mo Baydoun
City of Dearborn Heights City Council
Council Chairman

As to objections:

By: */s/ Gary T. Miotke*                    By: */s/ Tarik D. Turfe*
Gary T. Miotke (P41813)                  Tarik D. Turfe (P83690)

27

Counsel for Intervening Defendant
City of Dearborn Heights City Council
gmiotke@miotkelawoffice.com

Counsel for Intervening Defendant
City of Dearborn Heights City Council
tt@hdalawgroup.com

Dated: April 25, 2025

## CERTIFICATE OF SERVICE

I certify that on April 25, 2025, I filed a copy of the foregoing with all counsel

of record via e-mail service.

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel for Intervening Defendant
City of Dearborn Heights City Council
tt@hdalawgroup.com

Dated: April 25, 2025