# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART

       Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation

       Defendant.

Case No. 2:24-cv-10240-MAG-DRG
Hon. Mark A. Goldsmith

| | |
|---|---|
| MICHAEL M. McNAMARA (P48055)<br>BRANDON GRYSKO (P82751)<br>STEPHEN J. BROWN (P82687)<br>FAUSONE & GRYSKO, PLC<br>Attorney for Plaintiff<br>41700 West Six Mile Road, Suite 101<br>Northville, MI 48168-3460<br>(P)(248) 912-3218; (F)(248) 380-3434<br>mmcnamara@thefgfirm.law | MONICA N. HUNT (P68838)<br>SEAN M. FARRELL (P86402)<br>THE ALLEN LAW GROUP, PC<br>Attorney for Defendant City of Dearborn Heights<br>3031 West Grand Boulevard, Suite 525<br>Detroit, Michigan 48202<br>(P)(313) 871-5500; (F)(313) 871-0517<br>mhunt@alglawpc.com<br>sfarrell@alglawpc.com |
| Kassem Dakhlallah (P70842)<br>Tarik D. Turfe (P83690)<br>HAMMOUD, DAKLALLAH & ASSOCIATES, PLLC<br>Attorneys for Intervening Defendant Dearborn Heights City Council<br>6050 Greenfield Rd, Ste 201<br>Dearborn, Michigan 48126<br>(313) 551-3038<br>tt@hdalawgroup.com | Gary T. Miotke (P41813)<br>Attorney for Intervening Defendant Dearborn Heights City Council<br>6828 Park Avenue<br>Allen Park, Michigan 48101<br>(313)-388-4809<br>gmiotke@miotkelawoffice.com |

**DEFENDANT CITY OF DEARBORN HEIGHTS AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET FOR INTERROGATORIES AND REQUEST FOR PRODUCTION**

Defendant City of Dearborn Heights ("Defendant" or "City"), through their counsel, submit the following amended answers and objections to the first set of interrogatories by Plaintiffs Kevin Swope ("Swope"), Paul Vanderplow ("Vanderplow"), and Jarrod Hart ("Hart") (collectively referred to as "Plaintiffs"), subject to the General Objections set forth below.

## GENERAL OBJECTIONS

1.      Defendant's answers to Plaintiffs' interrogatories were prepared in full compliance with the Federal Rules of Civil Procedure and pursuant to a reasonable and duly diligent search for the information properly requested.  The scope of the investigation conducted to locate responsive information was limited to making inquiries to those most likely to be knowledgeable about the specific matters at issue and to reviewing files in which information related to such matters is ordinarily expected to be found.  To the extent that this discovery set purports to require an investigation that exceeds this scope, Defendant objects on the grounds that such a requirement (1) exceeds the scope of permissible discovery and (2) improperly attempts to impose an unreasonable burden and expense.

2.      Defendant objects to interrogatories that seek confidential or private information, including, without limitation, information subject to attorney-client privilege, the work product doctrine, the deliberative process privilege or any other

available privilege, doctrine, immunity or protection.  Insofar as the Federal Rules of Civil Procedure require the production of such information, Defendant objects to providing such documents before entry of a suitable protective order to maintain the confidentiality of such information.

3.      Defendant objects to Plaintiff's definitions and instructions as improper and unduly burdensome to the extent that they (1) purport to impose any obligations broader than those set forth in the Federal Rules of Civil Procedure, (2) purport to define terms or phrases in a manner different from their ordinary common meaning, and (3) improperly seek information protected by the attorney-client privilege or attorney work-product doctrine.

4.      These answers are based only on such information and documentation that is presently available. Further investigation, research, and analysis may supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses.

5.      Defendant objects to those interrogatories which are irrelevant to the subject matter of this litigation and seek facts which do not appear reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to interrogatories that seek information in the possession of the Plaintiff or third parties and requests that are duplicative (in whole or in part) of other requests.

7.     Defendant reserves the right to challenge the competency, relevancy, materiality and admissibility of, or object on any ground, to the use of, information set forth herein (or documents produced herewith) in any subsequent proceeding or the trial of this or any other action.

These General Objections are incorporated by reference into each answer below.  Though each answer may reference a specific objection, the Board does not waive any of its General Objections.  Subject to and without waiving these objections, Defendant answers Plaintiff's Request for First Set of Interrogatories and Documents as follows:

### OBJECTION TO REQUEST FOR INTERROGATORIES

6.     Please describe any and all instances in which City Mayor Bill Bazzi has asked Plaintiff Swope to resign or suggested that he resign as the City's Interim Police Chief.

**ANSWER:** In response to Request for Interrogatory Number Six, Defendant City of Dearborn Heights states that Mayor Bill Bazzi has never asked Plaintiff Swope to resign, nor has he ever suggested that Plaintiff Swope resign from the position of Interim Police Chief.

7.     Please describe the basis or reasons why Mayor Bill Bazzi has asked Plaintiff Swope to resign or suggested that he should resign as Interim Police Chief.

**ANSWER:** In response to Request for Interrogatory Number Seven, Defendant City of Dearborn Heights states that Mayor Bill Bazzi has never asked Plaintiff Swope to resign, nor has he ever suggested that Plaintiff Swope resign from the position of Interim Police Chief.

8. Please describe the candidate searching and vetting process that Dearborn Heights used to find a new interim Police Chief following the resignation of Plaintiff Swope.

**ANSWER:** In response to Request for Interrogatory Number Eight, Defendant City of Dearborn Heights states that the City of Dearborn Heights implemented a nationwide candidate search for an interim chief. However, due to Mr. Farhat being a Deputy Chief, Mr. Farhat assumed the role of Interim Chief of Police following Mr. Swope's resignation.

9. Please identify all individuals other than Mr. Hussein Farhat that the City interviewed or considered to fill the role of Interim Police Chief.

**ANSWER:** In response to Request for Interrogatory Number Nine, Defendant City of Dearborn Heights states that while a nationwide search was performed, no interviews were conducted as the role of Interim Chief of Police was filled by the Deputy Chief of Police. The resumes of the candidates that applied for the position are attached hereto as Bates Numbers. 320-434.

10. For all individuals interviewed as candidates for Interim Police Chief, please provide the dates on which such interviews took place.

**ANSWER:** In response to Request for Interrogatory Number Ten, Defendant City of Dearborn Heights states that following Mr. Swope's resignation, no other candidates were interviewed for the role of Interim Chief of Police given that the City of Dearborn Heights utilized its succession plan for filling the role, therefore no interviews took place.

11. Please describe the qualifications of all candidates considered for the role of Interim Police Chief, including Mr. Hussein Farhat.

**ANSWER:** In response to Request for Interrogatory Number Eleven, Defendant City of Dearborn Heights states that Deputy Chief Farhat has served in the City of Dearborn Heights since 2008 and has a law enforcement career that spans over thirty years. Deputy Chief Farhat served as the Director of Emergency management for the City of Dearborn Heights.

12.     Please state the calendar date or dates on which the document found at Exhibit A was drafted, completed, signed and mailed (consistent with its own certificate of service).

**ANSWER:** In response to Request for Interrogatory Number Twelve, Defendant City of Dearborn Heights objects to the request as the request lacks relevance to the issues contained within Plaintiffs' Amended Complaint.

13.     Please describe how Interim Chief Swope improved the Dearborn Heights Police Department's operations and brought it "back to a higher level of respectability" as stated by Mayor Bazzi in an article published on December 12, 2025 in the "The Arab American News". See Exhibit B.

**ANSWER:** In response to Request for Interrogatory Number Thirteen, Defendant City of Dearborn Heights states when Mayor Bazzi stated that Mr. Swope brought "back to a higher level of respectability", Mayor Bazzi referred to his implementation of Departmental processes and standardization of the use of processes.

_____

Subscribed and sworn to before me                     Bill Bazzi
this _____ day of April, 2025
_____
                              , Notary
_____ County, Michigan
My Commission Expires: _____

Submitted as to Objections Only,

**THE ALLEN LAW GROUP, P.C.**
By:     _/s/ Monica N. Hunt_____
        Monica Hunt (P68838)
        3031 West Grand Boulevard
        Suite 525
        Detroit, Michigan 48202
        (313) 871-5500
        mhunt@alglawpc.com

## RESPONSE TO REQUEST FOR PRODUCTION

17.    Please provide all metadata or other information indicating the date or dates on which the document found at Exhibit A was drafted, completed, and signed.

**ANSWER:** In response to Request for Production Number Seventeen, Defendant City of Dearborn Heights objects to the request as the information requested lacks any relevance to the issues contained in this matter. Additionally, Defendant objects as the request is overly burdensome and seeks information that is protected by attorney client privilege, and attorney work product.

18.    Please provide all documents demonstrating that the document found at Exhibit A was placed in the U.S. Mail on June 13, 2024.

**ANSWER:** In response to Request for Production Number Eighteen, Defendant City of Dearborn Heights objects to the request as the information requested lacks any relevance to the issues contained in this matter. Additionally, Defendant objects as the request is overly burdensome and seeks information that is protected by attorney client privilege, and attorney work product.

19.    Please provide the resumes or Curriculum Vitae of all candidates that the City actually interviewed to become the City's Interim Police Chief, including the resume of Hussein Farhat.

**ANSWER:** In response to Request for Production Number Nineteen, Defendant City of Dearborn Heights states that while a nationwide search was performed, no interviews were conducted as the role of Interim Chief of Police was filled by the Deputy Chief of Police. The resumes of the candidates that applied for the position are attached hereto as Bates Numbers. 320-434.

20.    Please provide any email, text, letter, or other writing pursuant to which Mayor Bazzi discussed the resignation of Plaintiff Swope with any person whatsoever, including Plaintiff Swope himself.

**ANSWER:** In response to Request for Production Number Twenty, Defendant City of Dearborn Heights states to see Bates Number 345-437.

**THE ALLEN LAW GROUP, P.C.**

By:  */s/ Monica N. Hunt*
Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

.

# EXHIBIT 7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW,     Case No. 2:24-cv-10240-MAG-DRG
JERROD HART     Hon. Mark A. Goldsmith

      Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation

      Defendant.

| | |
|---|---|
| MICHAEL M. McNAMARA (P48055) | MONICA N. HUNT (P68838) |
| BRANDON GRYSKO (P82751) | SEAN M. FARRELL (P86402) |
| STEPHEN J. BROWN (P82687) | THE ALLEN LAW GROUP, PC |
| FAUSONE & GRYSKO, PLC | Attorney for Defendant City of |
| Attorney for Plaintiff | Dearborn Heights |
| 41700 West Six Mile Road, Suite 101 | 3031 West Grand Boulevard, Suite 525 |
| Northville, MI 48168-3460 | Detroit, Michigan 48202 |
| (P)(248) 912-3218; (F)(248) 380-3434 | (P)(313) 871-5500; (F)(313) 871-0517 |
| mmcnamara@thefgfirm.law | mhunt@alglawpc.com |
| | sfarrell@alglawpc.com |
| | |
| Kassem Dakhlallah (P70842) | Gary T. Miotke (P41813) |
| Tarik D. Turfe (P83690) | Attorney for Intervening Defendant |
| HAMMOUD, DAKLALLAH & | Dearborn Heights City Council |
| ASSOCIATES, PLLC | 6828 Park Avenue |
| Attorneys for Intervening Defendant | Allen Park, Michigan 48101 |
| Dearborn Heights City Council | (313)-388-4809 |
| 6050 Greenfield Rd, Ste 201 | gmiotke@miotkelawoffice.com |
| Dearborn, Michigan 48126 | |
| (313) 551-3038 | |
| tt@hdalawgroup.com | |

1

## <u>DEFENDANT CITY OF DEARBORN HEIGHTS  RESPONSE TO PLAINTIFFS' REQUEST FOR ADDITIONAL AND SUPPLEMENTAL INTERROGATORIES AND DOCUMENTS</u>

Defendant City of Dearborn Heights ("Defendant" or "City"), through their counsel, submit the following supplemental answers to the first request for production by Plaintiffs Kevin Swope ("Swope"), Paul Vanderplow ("Vanderplow"), and Jarrod Hart ("Hart") (collectively referred to as "Plaintiffs"), subject to the General Objections set forth below.

## <u>GENERAL OBJECTIONS</u>

1.      Defendant's answers to Plaintiff's documents were prepared in full compliance with the Federal Rules of Civil Procedure and pursuant to a reasonable and duly diligent search for the information properly requested.  The scope of the investigation conducted to locate responsive information was limited to making inquiries to those most likely to be knowledgeable about the specific matters at issue and to reviewing files in which information related to such matters is ordinarily expected to be found.  To the extent that this discovery set purports to require an investigation that exceeds this scope, Defendant objects on the grounds that such a requirement (1) exceeds the scope of permissible discovery and (2) improperly attempts to impose an unreasonable burden and expense.

2

2.     Defendant objects to documents that seek confidential or private information, including, without limitation, information subject to attorney-client privilege, the work product doctrine, the deliberative process privilege or any other available privilege, doctrine, immunity or protection.  Insofar as the Federal Rules of Civil Procedure require the production of such information, Defendant objects to providing such documents before entry of a suitable protective order to maintain the confidentiality of such information.

3.     Defendant objects to Plaintiff's definitions and instructions as improper and unduly burdensome to the extent that they (1) purport to impose any obligations broader than those set forth in the Federal Rules of Civil Procedure, (2) purport to define terms or phrases in a manner different from their ordinary common meaning, and (3) improperly seek information protected by the attorney-client privilege or attorney work-product doctrine.

4.     These answers are based only on such information and documentation that is presently available. Further investigation, research, and analysis may supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses.

5.      Defendant objects to those documents which are irrelevant to the subject matter of this litigation and seek facts which do not appear reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to documents that seek information in the possession of the Plaintiff or third parties and requests that are duplicative (in whole or in part) of other requests.

7.      Defendant reserves the right to challenge the competency, relevancy, materiality and admissibility of, or object on any ground, to the use of, information set forth herein (or documents produced herewith) in any subsequent proceeding or the trial of this or any other action.

These General Objections are incorporated by reference into each answer below.  Though each answer may reference a specific objection, the Board does not waive any of its General Objections.  Subject to and without waiving these objections, Defendant answers Plaintiff's Request for First Set of Interrogatories and Documents as follows:

## **RESPONSE TO REQUEST FOR INTERROGATORIES**

2.      Please describe and identify all instances in the last five years in which any member of the Council has contacted a witness to a Ticket-Fixing Scheme or a person with a Ticket-Fixing Scheme.

Answer: In its supplemental response to Plaintiffs' Request for Interrogatories Number Two, Defendant City of Dearborn Heights states that it is not in possession

4

of any additional information pertaining to instances in which any member of the City Council contacted a witness regarding a "Ticket-Fixing Scheme".

5.     Please describe all instances in the last five years in which the City has paid for one of its agents, managers, employees or members of the Council to travel and receive extra training or education, such as by attending professional conferences or seminars.

ANSWER: In its supplemental response to Plaintiffs' Request for Interrogatories Number Five, Defendant City of Dearborn Heights states  the following:

- Hussein Berro, Wayne State University, Fall 2025 Semester Charges, $9,178.42
- Trent Wolter, Ropes That Rescue, May 13-19, 2025, $1,750.00
- Hussein Berro, Wayne State University, Spring 2025 Semester Charges, $10,623.14
- Lielle Saad, Wayne State University, Spring 2025 Semester Charges, $6,304.25
- Cpl Det Sznyr, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Sgt Zrien, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Officer Kokoiy, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Officer Berros, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Officer Anos, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Officer Younis, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Officer Zahr, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00
- Officer Shepherd, Michigan Sheriff's 2025 Honor Guard School, August 25-29, 2025, $925.00

- Christopher Suggs, Eastern Michigan University, Executive Leadership Program, Winter, 2025, $3,500.00
- Mohamad Bazzy, Eastern Michigan University, Executive Leadership Program, Winter 2025, $3,500.00
- Mohammad Alkhafaji, Navigate360, LLC, ALICE Instructor Certification, $749.00
- Maxwell Bearden, Navigate360, LLC, ALICE Instructor Certification, $749.00
- Khalil Hojeij, Navigate360, LLC, ALICE Instructor Certification, $749.00
- Marwan Bazzi, Oakland Community College, Police Training Tuition, May 30, 2024-October 3, 2024, $4,550
- Youseph Hojeija, Oakland Community College, Police Training Tuition, May 30, 2024-October 3, 2024, $4,550
- Elliana Huerta, Oakland Community College, Police Training Tuition, May 30, 2024-October 3, 2024, $4,550
- Robert Schurig, Arizona State University, Research Methods Class Summer 2024, $1,907
- Robert Schurig, Arizona State University, Digital Integration, Winter 2024, $1,934.72
- Ltd Roger Chapman, Madonna University, Safety Management Seminar, January 2024, $4,602.08
- Saba Al-Hachami, Wayne State University, Library Services, Fall 2023, $3,263.76
- Hussein Fayad, Schoolcraft College, Police Academy, July 17, 2023-November 10, 2023, $6,871.92
- Anthony Barbour, Madonna University, Organizational Leadership, October 31, 2023, $2,805.00
- Kevin Swope, Columbia Southern University, Criminal Justice Administration, March 4, 2023-August 4, 2023, $1,520.00
- Ltd Roger Chapman, Madonna University, Occupational Health and Safety, June 6, 2023, $2,681.78
- Ltd Roger Chapman, Madonna University, Occupational Health and Safety, Winter 2023, $5,220.00

6

- Ltd Chapman, Madonna University, Occupational Safety, August 2022 $5,301.90
- Group Training, MLE Training Associates, Police Training, June 5, 2022, $5,000
- Joseph Renya, Police Training Sessions, Tuition Reimbursement, May 5, 2022, $5,724.60
- Aaron St. Amour, Fire Safety Training, Court Reimbursement, February 2022, $3,574.00
- Joseph Renya, Police Training Sessions, Tuition Reimbursement, January 2022, $2,999.55
-

12.    Please state the calendar date or date on which the document found at **Exhibit A** was drafted, completed, signed and mailed (consistent with its own certificate of service).

ANSWER: In response to Plaintiffs' Request for Interrogatories Number Twelve, the referenced document was mailed via first-class mail on July 13, 2024.

14. Please state the total dollar amount budgeted for the Dearborn Heights Police Department in each of years 2021, 2022, 2023, 2024 and 2025.

ANSWER: In response to Plaintiffs' Request for Interrogatories Number Fourteen, Defendant City of Dearborn Heights objects to the request as it lacks relevance to the issues contained in the instant lawsuit. Without waiving any objections, Defendant City of Dearborn Heights states that the approved budget of the Dearborn Heights Police Department is as follows:

2020-2021: $13,954,631

2021-2022:$13,887,954

2022-2023: $13,216,675

2023-2024: 15,004,188

2024-2025: $16,224,149

2025-2026: $18,258,024

7

15. Please state the actual dollar expenditure of the Dearborn Heights police department in each of years 2021, 2022, 2023, 2024 and 2025 (year to date).

ANSWER: In response to Plaintiffs' Request for Interrogatories Number Fifteen, Defendant City of Dearborn Heights objects to the request as it lacks relevance to the issues contained in the instant lawsuit. Without waiving any objections, Defendant City of Dearborn Heights states that the requested expended funds of the Dearborn Heights Police Department is as follows:

2020-2021: $12,933,643

2021-2022: $10,945,409

2022-2023: $14,244,772

2023-2024: $16,684,795

2024-2025: $15,945,941

2025-2026: $16,684,795

Subscribed and sworn to before me this _____ day of December 2025

_____

_____, Notary

_____ County, Michigan

My Commission Expires: _____

_____

DuJuan Dickerson

As to Objections Only:
**THE ALLEN LAW GROUP, P.C.**
By:     */s/ Monica N. Hunt*
Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

**RESPONSE TO REQUEST FOR DOCUMENTS**

40. Please provide all written budgets containing line items or other specific outlays for the payment of the salaries or benefits of police department officials for the years 2022, 2023, 2024 and 2025.

ANSWER: In response to Plaintiffs' Request to Produce Number Forty, Defendant City of Dearborn Heights states to see Bates Numbers CODH 0497-0885.

41. Please include copies of all budgetary documents used by counsel Tarek Turfe in his cross-examination of Mayor Bill Bazzi and all analogous documents for the years 2022, 2023, 2024 and 2025.

ANSWER: In response to Plaintiffs' Request to Produce Number Forty, Defendant City of Dearborn Heights objects to the requested documents as the request is vague and seeks documents in the possession of another party. Without waiving any objections, Defendant states to see Bates Numbers CODH 0497-0885.

42. Please provide any written "pay plan," whether labelled as such or in some similar fashion, whereby the City created a list or schedule of salaries or benefits that would be earned by its executive officers and officials for the years 2022, 2023, 2024 and 2025.

ANSWER: In response to Plaintiffs' Request to Produce Number Forty, Defendant City of Dearborn Heights objects to the requested documents as the request is vague and lacks relevance to the issues at hand. Without waiving any objections, Defendant City of Dearborn Heights states that it is not in possession of the described information.

43.    The entire videotaping or recording of Councilman Tom Wencel speaking in public in July of 2025 in which he made comments about Mo Baydoun's approach to political opponents, including the quote *"just between us in this room here, you know, there's Mo Baydoun, and, I mean, I don't really care for him."* (It being understood that Plaintiffs only have a recording of a segment of such recorded remarks and seek any complete recording or videotaping in the City's possession).

9

ANSWER: In response to Plaintiffs' Request to Produce Number Forty-Three, Defendant City of Dearborn Heights objects to the requested documents as the request lacks relevance to the issues at hand. Without waiving any objections, Defendant City of Dearborn Heights states that it is not in possession of the described information.

44.    The various emails sent by Mayor Bazzi to Hussein Farhat, as described by Hussein Farhat in his deposition, in which Mayor Bazzi asks Farhat for explanations of his decisions taken while Farhat was Interim Police Chief, including the placing on administrative leave of Paul Vanderplow.   (Hussein Farhat stated that various versions of these emails existed, and all such versions are hereby requested).

ANSWER: In response to Plaintiffs' Request to Produce Number Forty-Four, Defendant City of Dearborn Heights states to see Bates Numbers CODH 0886-0898.

45.    Any and all emails described by Hassan Saab in his deposition in which Hussein Farhat claims that Mayor Bazzi and Paul Vanderplow contemplated (i) having certain persons assassinated, or (ii) the hiring of hitmen to have the Mayor's political opponents killed.

ANSWER: In response to Plaintiffs' Request to Produce Number Forty-Five, Defendant City of Dearborn Heights objects to the requested documents lacks relevance to the issues at hand. Without waiving any objections, Defendant City of Dearborn Heights states that it is not in possession of the described information.

46.    The legal opinion that Hassan Saab hired a law firm to create concerning the legal authority of the Mayor under the City Charter to hire or fire , police chiefs or other  law enforcement professionals, the wide publication which Saab described during his deposition. (Saab described in his deposition giving a copy of such opinion to the public, to other City Council members and to officials working for the City of Dearborn Heights).

ANSWER: In response to Plaintiffs' Request to Produce Number Forty-Six, Defendant City of Dearborn Heights states that after a diligent search, it is not in possession of the referenced document. Defendant, however, states that a related

legal opinion filed with the City of Dearborn Heights is attached hereto as Bates Numbers CODH 0899-0901.

47.     The curriculum vitae of all persons who have served as City Comptroller after Paul Vanderplow, specifically including, without limitation, the C.V. of Mahdi Baydoun.

ANSWER: In response to Plaintiffs' Request to Produce Number Forty-Six, Defendant City of Dearborn Heights states to see Bates Numbers CODH 0901-0904.


48.     The use-of-force investigation videos in which Officer Bailey is depicted as using an unnecessary · amount of force and then Sergeant Bazzy is depicted investigating the use of force made by Officer Bailey (the same videos that lead to the disciplining of Sergeant Bazzy, as described in the First Amended Complaint at Paragraphs 32-36.     (Such videos were described by Hassan Saab in his deposition, and Saab further describes having personally seen such videos).


ANSWER: In response to Plaintiffs' Request to Produce Number Forty-Three, Defendant City of Dearborn Heights objects to the requested documents as the request lacks relevance to the issues at hand. Without waiving any objections, Defendant City of Dearborn Heights states that it is not in possession of the described information.

Respectfully Submitted,

**THE ALLEN LAW GROUP, P.C.**


By:     */s/ Monica N. Hunt*
        Monica Hunt (P68838)
        3031 West Grand Boulevard
        Suite 525
        Detroit, Michigan 48202
        (313) 871-5500
        mhunt@alglawpc.com

Dated:  December 21, 2025

11

CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025, I did serve the foregoing documents

to counsel of record via electronic mail at the electronic mail addresses of record.


By:   */s/ Monica N. Hunt*
      Monica Hunt (P68838)