# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART

       Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation

       Defendant.

Case No. 2:24-cv-10240-MAG-DRG

Hon. Mark A. Goldsmith

| | |
|---|---|
| MICHAEL M. McNAMARA (P48055) <br> BRANDON GRYSKO (P82751) <br> STEPHEN J. BROWN (P82687) <br> FAUSONE & GRYSKO, PLC <br> Attorney for Plaintiff <br> 41700 West Six Mile Road, Suite 101 <br> Northville, MI 48168-3460 <br> (P)(248) 912-3218; (F)(248) 380-3434 <br> mmcnamara@thefgfirm.law | MONICA N. HUNT (P68838) <br> SEAN M. FARRELL (P86402) <br> THE ALLEN LAW GROUP, PC <br> Attorney for Defendant City of Dearborn Heights <br> 3031 West Grand Boulevard, Suite 525 <br> Detroit, Michigan 48202 <br> (P)(313) 871-5500; (F)(313) 871-0517 <br> mhunt@alglawpc.com <br> sfarrell@alglawpc.com |
| Kassem Dakhlallah (P70842) <br> Tarik D. Turfe (P83690) <br> HAMMOUD, DAKLALLAH & ASSOCIATES, PLLC <br> Attorneys for Intervening Defendant Dearborn Heights City Council <br> 6050 Greenfield Rd, Ste 201 <br> Dearborn, Michigan 48126 <br> (313) 551-3038 <br> tt@hdalawgroup.com | Gary T. Miotke (P41813) <br> Attorney for Intervening Defendant Dearborn Heights City Council <br> 6828 Park Avenue <br> Allen Park, Michigan 48101 <br> (313)-388-4809 <br> gmiotke@miotkelawoffice.com |

## DEFENDANT CITY OF DEARBORN HEIGHTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant City of Dearborn Heights by and through its counsel, The Allen Law Group, P.C., hereby states in response to Plaintiff's Motion to Compel as follows:

1.   Defendant City of Dearborn Heights asserts that Plaintiffs' filed their Third Motion to Compel Discovery which was filed in a frivolous manner and without merit as Defendant has completely responded to Plaintiffs' discovery requests. Defendant further relies upon and incorporates the facts, authorities, and arguments set forth in the accompanying brief.

2.   Defendant City of Dearborn Heights states that the Order referenced by Plaintiffs (ECF 101) speaks for itself.

3.   Defendant City of Dearborn Heights admits that Plaintiffs initiated this lawsuit on January 29, 2024, and that Plaintiffs filed an initial Motion to Compel on March 10, 2025. Plaintiffs', however, misrepresents the suggestion of the Court following oral argument on the Motion.

4.   City of Dearborn Heights denies Plaintiffs' contention that nothing "improved" with Defendant's supplementation to the discovery requests by Plaintiffs, and its responses to Plaintiffs' subsequent requests. Defendant City of Dearborn Heights has produced over 900 pages of relevant and responsive documents. This Court, however, did appoint a Discovery Master to assist the parties with their discovery disputes.

5. Defendant City of Dearborn Heights states that the Order referenced by Plaintiffs (ECF 95) speaks for itself.

6. Defendant City of Dearborn Heights denies that this Court "admonished" the parties, however, a Discovery Master was appointed to assist the parties with their discovery disputes. Plaintiffs contention that Defendants "took a discovery vacation" and "intentionally wasted the entire month of October" is not based in reality or truth. Throughout the entirety of this case, Defendant City of Dearborn Heights has continuously and diligently made efforts to properly and completely respond to Plaintiffs' discovery requests.

7. Defendant City of Dearborn Heights agrees that the Discovery Master began meeting with the parties in November of 2025, however Defendants continued to work on the discovery issues and production in this case.

8. Defendant City of Dearborn Heights agrees that, with the assistance and approval of the Discovery Master, the parties proposed a modification to the scheduling order.

9. Defendant City of Dearborn Heights stated that the Order referenced by Plaintiffs (ECF 101) speaks for itself.

10. Defendant City of Dearborn Heights disagrees that the Discovery Master "heard arguments" but agrees that he did issue suggestions to resolve the ongoing discovery dispute.

11.Defendant disagrees that the Discovery Master *stressed* his lack of authority to abide by his suggestions. The Discovery Master made thoughtful recommendations to resolve the discovery disputes between the parties, and Defendant City of Dearborn Heights complied completely with the recommendations of the Discovery Master.

12.Defendant City of Dearborn Heights is unaware of Plaintiffs' attempt to *urge* the Discovery Master to take part in any task. Defendants state, however, that it has responded to Plaintiffs' requests completely with the information and documentation within its possession.

13.Defendant City of Dearborn Heights denies that its document production has been unsatisfactory. Plaintiffs' demand for documents is not based in fact as a party cannot provide documentation that it does not possess or have access to.

14.Defendant City of Dearborn Heights disagrees that the Discovery Master did not have the opportunity to address the parties' discovery disagreements. In fact, the Discovery Master heard all outstanding discovery concerns and proposed a recommendation to resolve the disagreements, which both parties found amicable. Defendant further states that over the two-year history of this case, it has continued to work diligently to attend to the discovery matters and issues in this case, and by providing all available information in response, and as such, "consequence or penalty" has not been warranted.

4

15. Defendant City of Dearborn Heights denies that the City Council has ignored any of the recommendations of the City Council.

16. Defendant City of Dearborn Heights asserts that Plaintiffs' aggressive and repeated assertions related to the discovery disputes were unnecessary and frivolous, as Defendant has routinely responded and supplemented its requests as it has become necessary.

17. Defendant City of Dearborn Heights asserts that not only has it completely responded to the interrogatories requested by Plaintiffs, it has fully and completely responded to the requests for production of documents as well.

18. Defendant City of Dearborn Heights asserts that instead of continuing to try to prosecute this case through aggression and condescension, they should focus on their facts, and not how Defendants have defended their positions. Further, as it has been Plaintiffs' common practice in this matter, they continue to hurl unsupported and speculative statements about the facts of this case and the parties associated with it.

19. Through the testimony of Plaintiffs, each admitted to having taken City-owned documents prior to leaving their employment with the City of Dearborn Heights. Given the testimony, Defendant has every right to request information pertaining to the documents that Plaintiffs took from their former employer when they left their employment.

20. Defendant agrees that Plaintiffs produced a large volume of documents, most of which were mass downloads of documents that they admitted to have taken from the City of Dearborn Heights when they left their employment.

21. Defendant asserts that the documents produced were responsive to the request of Plaintiffs.

22. Defendant City of Dearborn Heights disagrees that no efforts have been made, on its part, comply with discovery. Prior to the appointment of the Special Master, Defendant provided an abundance of relevant documents and responses to interrogatories. Plaintiffs' refusal to understand that Defendants cannot produce documents that do not exist or that they do not possess is clearly advancing this discovery dispute.

23. While Defendant City of Dearborn Heights did not contest Plaintiffs' production, Defendant asserts that Plaintiffs' continuous Motions to Compel Discovery, despite Defendant's compliance, is the cause for the appointment of the Discovery Master.

24. Defendant City of Dearborn Heights rejects and objects to the statements Plaintiffs pose against Intervening Defendant Dearborn Heights City Council.

25. Defendant City of Dearborn Heights rejects and objects to the statements Plaintiffs pose against Intervening Defendant Dearborn Heights City Council.

26.Defendant City of Dearborn Heights rejects and objects to the statements Plaintiffs pose against Intervening Defendant Dearborn Heights City Council.

27.Defendant City of Dearborn Heights rejects and objects to the statements Plaintiffs pose against Intervening Defendant Dearborn Heights City Council.

28.Defendant City of Dearborn Heights disagrees that any documentation provided in response to Plaintiffs' document production request was late.

29.Defendant City of Dearborn Heights disagrees that this matter is a document-intensive matter. Defendant provided all responsive documents in its possession. Plaintiff continues to demand documentation that does not exist in efforts to support the unsubstantiated allegations in its case.

30.Defendant City of Dearborn Heights asserts that Plaintiffs' continued attempts to feign superior knowledge do nothing to advance their case. The truth remains that Plaintiffs admitted to downloading and taking hundreds of thousands of files with them when they voluntarily resigned from their position with the City of Dearborn Heights, yet none of the documents taken are supportive of their case and do not contain the documents that they claim to be so critical. This is because the documents that they seek do not exist, and Plaintiffs are now making frivolous demands for the documents that do not exist.

31.Defendant City of Dearborn Heights denies that it did not take part in a careful and diligent search to obtain the documents requested by Plaintiffs. Defendant took

part in a comprehensive search and produced all relevant documents and information that were requested by Plaintiff.

32. Defendant City of Dearborn Heights asserts that Plaintiffs appear to make the assumption, as it has so often throughout the course of this case, about the actions and beliefs of Defendant. Defendant fully and completely responded to the requests by Plaintiffs. If Plaintiff intended to seek any additional information from Defendant related to any other party, it should have made that direct request.

33. Defendant City of Dearborn Heights has conducted a diligent search for the documents that Plaintiffs requested. The documents provided by Defendant have been responsive to Plaintiffs' request. The fact that Plaintiffs do not like the responses provided does not constitute a violation of the discovery rule.

34. Defendant City of Dearborn Heights asserts that it has provided all relevant information that is in its possession that Plaintiff requested. The information exchanged is sufficient to proceed with dispositive motions and trial in this case without any further delay.

35. Defendant City of Dearborn Heights asserts that it has complied with the discovery rules. A party cannot provide documents that do not exist or are not in its possession. Plaintiffs' belief that something exists does not make it a fact.

36. Defendant City of Dearborn Heights reiterates that it has provided all relevant information that is in its possession that Plaintiff requested.

37. Defendant City of Dearborn Heights states that Plaintiffs' claim that it spent "scores of hours" seeking additional discovery is due to its own actions. Defendant City of Dearborn Heights has responded to the discovery requests of Plaintiff by conducting a diligent search of Defendant's records and providing all responsive documents.

WHEREFORE, Defendant City of Dearborn Heights respectfully requests this Court DENY Plaintiff's Motion to Compel in its entirety and grant any other relief it deems just and equitable.

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By:   _/s/ Monica N. Hunt_
      Monica Hunt (P68838)
      3031 West Grand Boulevard
      Suite 525
      Detroit, Michigan 48202
      (313) 871-5500
      mhunt@alglawpc.com

Dated: January 20, 2026

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART

Case No. 2:24-cv-10240-MAG-DRG
Hon. Mark A. Goldsmith

     Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation

     Defendant.

| | |
|---|---|
| MICHAEL M. McNAMARA (P48055) | MONICA N. HUNT (P68838) |
| BRANDON GRYSKO (P82751) | SEAN M. FARRELL (P86402) |
| STEPHEN J. BROWN (P82687) | THE ALLEN LAW GROUP, PC |
| FAUSONE & GRYSKO, PLC | Attorney for Defendant City of Dearborn Heights |
| Attorney for Plaintiff | 3031 West Grand Boulevard, Suite 525 |
| 41700 West Six Mile Road, Suite 101 | Detroit, Michigan 48202 |
| Northville, MI 48168-3460 | (P)(313) 871-5500; (F)(313) 871-0517 |
| (P)(248) 912-3218; (F)(248) 380-3434 | mhunt@alglawpc.com |
| mmcnamara@thefgfirm.law | sfarrell@alglawpc.com |
| | |
| Kassem Dakhlallah (P70842) | Gary T. Miotke (P41813) |
| Tarik D. Turfe (P83690) | Attorney for Intervening Defendant Dearborn Heights City Council |
| HAMMOUD, DAKLALLAH & ASSOCIATES, PLLC | 6828 Park Avenue |
| Attorneys for Intervening Defendant Dearborn Heights City Council | Allen Park, Michigan 48101 |
| 6050 Greenfield Rd, Ste 201 | (313)-388-4809 |
| Dearborn, Michigan 48126 | gmiotke@miotkelawoffice.com |
| (313) 551-3038 | |
| tt@hdalawgroup.com | |

## BRIEF IN SUPPORT OF DEFENDANT CITY OF DEARBORN HEIGHTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

## <u>TABLE OF CONTENTS</u>

COUNTER STATEMENT OF ISSUES PRESENTED …………………………...12

RELEVANT AUTHORITY …………………………………………………………13

INDEX OF AUTHORITY …………………………………………………...14

FACTUAL BACKGROUND …………………………………………………………15

LEGAL ARGUMENT …………………………………………………………....16

    A. City of Dearborn Heights Has Complied with its discovery obligations ….16

    B. Sanctions are Not Warranted …………………………………………….20

CONCLUSION …………………………………………………………...21

## COUNTER STATEMENT OF THE ISSUES PRESENTED

1. Whether justice and the federal rules of discovery require the Intervening Defendant to respond to discovery requests, to be sanctioned as requested in the motion, and to pay FRCP Rule 37(b) fees and costs?

> Plaintiffs' Response: Yes
> Intervening Defendant's Response: No
> Primary Defendant's Response: No
> This Court's Anticipated Response: No

2. Whether justice and the federal rules of discovery require the Primary Defendant to improve the production thus far made by actually searching for and producing all responsive documentation in its possession and to pay FRCP Rule 37(b) fees and costs?

> Plaintiffs' Response: Yes
> Intervening Defendant's Response: No
> Primary Defendant's Response: No
> This Court's Anticipated Response: No

**CONTROLLING LAW AND MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. ("FRCP") 26 govern the rules of discovery. Additionally, W*askul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021), stands for the premise that a Court cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist.

# INDEX OF AUTHORITY

## Case Law

*Askew v. George Matick Chevrolet, Inc.*,
   U.S. Dist. LEXIS 132604 (2019) …………………………………………..17

*Beil v. Lakewood Eng'g & Mfg. Co.*,
   15 F. 3d 546, 551 (6th Cir. 1994) …………………………………………...20

*GMC v United States*,
   2009 U.S. Dist. LEXIS 131383 …………………………………………….16

*Surles v. Greyhound Lines Inc.*,
   474 F.3d 288, 305 (6th Cir. 2007) …………………………………………..16

*Waskul v. Washenaw Cnty. Cmty. Mental Health*,
   569 F. Supp. 3d 626, 639 (E.D. Mich. 2021) ………………………………..17

## Court Rules

Fed. R. Civ. P. 26(b)(2)(c) ………………………………………………………17

Fed. R. Civ. P. 26(b)(1) …………………………………………………………16

Fed. R. Civ. P. 37(d) ……………………………………………………………20

**FACTUAL BACKGROUND**

Plaintiffs Jarrod Hart, Paul Venderplow, and Kevin Swope were all employed by the City of Dearborn Heights and worked within the Police Department. Each of the Plaintiffs voluntarily resigned from their positions after filing the instant lawsuit. In their Amended Complaint, Plaintiffs allege ten counts, all stemming from constitutional and employment-related matters.

This case has had a long and arduous procedural history. On January 29, 2024, Plaintiffs initiated this lawsuit [ECF No. 1]. Approximately two months later, on March 26, 2024, the Dearborn Heights City Council filed a Motion to Intervene in this matter. [ECF No. 15]. Plaintiffs then filed a Motion for Leave to amend its Complaint on April 30, 2024. [ECF No. 20]. On December 13, 2024, this Court granted both Plaintiffs' Motion to amend the Complaint and the City Council's Motion to intervene in the case, thereby establishing the parties and the claims in the case. [ECF No. 47]. The parties have since engaged in discovery, including the depositions of all Plaintiffs, the former and current Mayors of the City of Dearborn Heights, members of the City of Dearborn Heights City Council, current and former employees of the City of Dearborn Heights, and Dearborn Heights community members.

Substantial written discovery has also been exchanged between the parties. Most recently, pursuant to the Order Amending the Case Management and Scheduling

Order [ECF No. 102], Defendant City of Dearborn Heights served its responses to interrogatories and production of documents upon Plaintiff. The production consisted of responses pursuant to the November 26, 2025 recommendations of the Discovery Master.

## **LEGAL ARGUMENT**

### **A. The City of Dearborn Heights has complied with its discovery obligations pursuant to Fed. R. Civ. P. 26(b)**

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter relevant to any party's claim or defense. For sufficient cause, discovery can be limited. Specifically, the scope of discovery can be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; and/or (3) the burden and or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving issues. Fed. R. Civ. P. 26(b)(2)(c); *GMC v United States*, 2009 U.S. Dist. LEXIS 131383. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'to go fishing.'" *Surles v. Greyhound Lines Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Defendant City of Dearborn Heights did not fail to respond. Plaintiffs requested records that either do not exist, or Defendant has been unable to obtain, and Defendant explained such in the responses. "The Court 'cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist . . .'" *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021). Further, Courts have concluded that if a Plaintiff is speculating that documents responsive to requests do exist, there must be a reasonable deduction that that is true, and not merely a hunch. *Askew v. George Matick Chevrolet, Inc.*, 2019 U.S. Dist. LEXIS 132604, (E.D. Mich. Feb. 4, 2019). Defendant does not have anything to produce, and Plaintiff's motion to compel should be denied.

Plaintiffs claim that several requests remain outstanding. Defendant City of Dearborn Heights contends that it has completely responded to the requests and states the following:

a.     Defendant City of Dearborn Heights states that it responded to the stated requests in subsequent responses and pursuant to the recommendations of the Discovery Master. Relevant and responsive documents have been produced.

b.     Plaintiffs now, over one year after being provided with the video, states that it *does not* have the videos referenced in response to Request for Production Number Three. On or about January 17, 2025, Defendant City of Dearborn Heights produced

responses to interrogatories and documents. Along with the production were two videos. A copy of the submission correspondence is attached as Exhibit "1". Counsel for Plaintiffs' then asserted that he was unable to open the video and sought a flash drive of the videos, causing counsel for the City to mail a flash drive containing the video to all counsel of record. Defendant made no claim that it had not received the video until filing the instant motion. Plaintiffs' inability to retain possession of the information provided to it should not be the burden of Defendants as the information requested has already been produced.

c.     Plaintiffs admit that in response to Request for Production Number Four, Defendant City of Dearborn Heights responded to the request. According to the responses attached to the Plaintiffs' Motion to Compel, Defendant stated that it was not in possession of any such documents. Plaintiffs received their answer, but they just did not like it. Plaintiffs then chose to depose the City's IT Director, David Cooper, who testified that he recalled searching City emails for race-related terms. See Exhibit "2", 24:22-25:20. Defendants have responded to the request.

d.     Similar to the previous response, Defendants responded that the documents Plaintiffs seek do not exist. Again, in his deposition, Plaintiffs asked David Cooper about his search for emails containing the terms defund, and again, while he performed the search, no such documents existed. See Exhibit "2", 30:24-31:6. Defendants have responded to the request.

e. Again, as previously stated, Defendant City of Dearborn Heights responded that no such documents are responsive to the subject matter of the request.

f. In its first of many attempts to disparage the character and question the legal practice of counsel for Defendant City of Dearborn Heights, Plaintiffs' counsel has spent an extraordinary amount of time to question when a document, that he has actual possession of, was drafted. The information that Plaintiff seeks does not go to the progress of the case. Plaintiffs' counsel seek metadata that belongs to The Allen Law Group. Plaintiffs' use of discovery to invade the private and protected information of counsel for Defendant is improper. Pursuant to the recommendation of the Discovery Master, the date that the document was drafted and distributed has been provided.

g.     Defendant City of Dearborn Heights states that it responded to the stated requests in subsequent responses and pursuant to the recommendations of the Discovery Master. Relevant and responsive documents have been produced.

h.     (a)Plaintiffs sought budgets and line items for specific budgetary items for 2022-2025. For a complete response, Defendants provided not only the approved budgets but also any actual expenses as they became known and amended the budget. The fact that Plaintiffs' counsel is unable to determine the information from the documents that he requested does not cause it to equate to "junk". The production by Defendant was responsive to the request.

(b)Plaintiffs sought from Defendant City of Dearborn Heights all documents that Intervening Defendant used to cross-examine Mayor Bill Bazzi. Plaintiffs do not name or describe the document, nor do they provide the subject matter in which the cross-examination questions were asked. In essence, Plaintiffs are asking the City for documents it did not reference or address, without providing any description of those documents. Plaintiffs are trying to place the onus on the City to essentially determine which documents they are seeking.

(c)The instant paragraph of Plaintiffs' Motion appears to be a catchall. Defendant City of Dearborn Heights provided responsive documents, however because they do not say what Plaintiffs would like them to say, without any true objection, they deem them insufficient. Defendants have responded to the requests sufficiently.

## B. Sanctions Are Not Warranted

Sanctions against Defendants are not warranted under Fed. R. Civ. P. 37(d) allows the court to sanction a party, who in relevant part, fails to respond to a request for production under Fed. R. Civ. P. 34, which is incorporated by reference. *Beil v. Lakewood Eng'g & Mfg. Co.*,15 F. 3d 546, 551 (6th Cir. 1994). That is not the case here.

Here, as discussed above, there is no discovery violation. Defendant City of Dearborn Heights has timely submitted discovery responses and disclosures to

Plaintiff throughout these proceedings. Plaintiffs were served with two sets of responses throughout 2025, then responded, in compliance with the Discovery Masters recommendations, a third response on December 31, 2025. Plaintiff's motion is nothing more than another aggressive and evasive attempt to delay these proceedings further by seeking further responses to needlessly cumulative and unnecessary discovery. While Plaintiffs may be disappointed that the documents provided in response to the requests do not state what Plaintiffs want them to state, that is not the fault or the burden of Defendants. Defendant City of Dearborn Heights completely and fully responded to the request, therefore sanctions are not warranted.

## **CONCLUSION**

For the reasons stated above, Defendant City of Dearborn Heights respectfully requests that this Court deny Plaintiffs' Motion to Compel in its entirety and award any other relief it deems just and equitable.

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By:  */s/ Monica N. Hunt*
Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

Dated: January 20, 2026

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I did serve the foregoing pleading

with the Clerk of the Court using the ECF system which will send notification of

such filing to all attorneys of record registered for electronic filing.

By:   */s/ Monica N. Hunt*
Monica Hunt (P68838)

EXHIBIT "1"

 Outlook

---

**RE: Swope v CODH**

**From** Gary Miotke <gmiotke@miotkelawoffice.com>

**Date** Fri 1/17/2025 12:14 PM

**To** Brown, Joseph <jbrown@thefgfirm.law>; Monica Hunt <mhunt@alglawpc.com>; Grysko, Brandon <bgrysko@thefgfirm.law>

**Cc** Tarik Turfe <tt@hdalawgroup.com>

Yes, I also can get into the documents but cannot open the videos.

I agree that a flash would be appreciated.

Very truly yours,

GARY T. MIOTKE
Attorney at Law
Phone: (313) 388-4809

---

**From:** Brown, Joseph <jbrown@thefgfirm.law>
**Sent:** Friday, January 17, 2025 11:50 AM
**To:** Monica Hunt <mhunt@alglawpc.com>; Gary Miotke <gmiotke@miotkelawoffice.com>; Grysko, Brandon <bgrysko@thefgfirm.law>
**Cc:** Tarik Turfe <tt@hdalawgroup.com>
**Subject:** RE: Swope v CODH

I can get into the docs but not the videos.

A flash would be appreciated, thank you.

**Joseph Brown**
Attorney



41700 Six Mile Road, Suite 101
Northville, Michigan  48168-3460
(248) 912-3213
(248) 380-3434 fax
jbrown@thefgfirm.law
www.thefgfirm.law
Follow us on Facebook:  https://www.facebook.com/FausoneGryskoPLC/
Follow us on LinkedIn:   https://linkedin.com/company/fausone-grysko-plc/

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable laws.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and/or reply to the e-mail message.  Thank you.

---

**From:** Monica Hunt <mhunt@alglawpc.com>
**Sent:** Friday, January 17, 2025 11:46 AM
**To:** Gary Miotke <gmiotke@miotkelawoffice.com>; Brown, Joseph <jbrown@thefgfirm.law>; Grysko, Brandon <bgrysko@thefgfirm.law>
**Cc:** Tarik Turfe <tt@hdalawgroup.com>
**Subject:** Re: Swope v CODH

Thank you for letting time know Gary. Is everyone having accessibility issues? I will have a flash drive expedited to those who cannot access the material.

Get Outlook for iOS

---

**From:** Gary Miotke <gmiotke@miotkelawoffice.com>
**Sent:** Friday, January 17, 2025 10:46:32 AM
**To:** Brown, Joseph <jbrown@thefgfirm.law>; Monica Hunt <mhunt@alglawpc.com>; Grysko, Brandon <bgrysko@thefgfirm.law>
**Cc:** Tarik Turfe <tt@hdalawgroup.com>
**Subject:** RE: Swope v CODH

Monica:

I have not been able to open the zip. Suggestions? Any way we can get a disk?

Very truly yours,

GARY T. MIOTKE
Attorney at Law
Phone: (313) 388-4809

Confidentiality Statement
This e-mail is from a law firm, Gary T. Miotke, Attorney at Law ("GTM"), and is intended solely for the use of the individual(s) to whom it is addressed.  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else.  If you are not an existing client of GTM, do not construe anything in this e-mail as making you a client unless it contains a specific statement to that effect, and do not disclose anything to GTM in reply that you expect him to hold in confidence.  If you properly received this e-mail as a client, co-counsel or retained expert of GTM, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

U.S. Treasury Regulations Statement
This communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the tax laws of the United States, or promoting, marketing or recommending to another party any transaction or matter addressed in this communication (and any attachment).

**From:** Brown, Joseph <jbrown@thefgfirm.law>
**Sent:** Friday, January 17, 2025 9:57 AM
**To:** Monica Hunt <mhunt@alglawpc.com>; Grysko, Brandon <bgrysko@thefgfirm.law>
**Cc:** Tarik Turfe <tt@hdalawgroup.com>; Gary Miotke <gmiotke@miotkelawoffice.com>
**Subject:** RE: Swope v CODH

Received.  Thanks.  Will review.

**Joseph Brown**
Attorney



41700 Six Mile Road, Suite 101
Northville, Michigan  48168-3460
(248) 912-3213
(248) 380-3434 fax
jbrown@thefgfirm.law
www.thefgfirm.law
Follow us on Facebook:  https://www.facebook.com/FausoneGryskoPLC/
Follow us on LinkedIn:    https://linkedin.com/company/fausone-grysko-plc/

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable laws.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and/or reply to the e-mail message.  Thank you.

**From:** Monica Hunt <mhunt@alglawpc.com>
**Sent:** Thursday, January 16, 2025 9:02 PM
**To:** Brown, Joseph <jbrown@thefgfirm.law>; Grysko, Brandon <bgrysko@thefgfirm.law>
**Cc:** Tarik Turfe <tt@hdalawgroup.com>; 'Gary Miotke' <gmiotke@miotkelawoffice.com>
**Subject:** Swope v CODH

Sirs,
Please see the attached Correspondence and Response to Interrogatories and Documents. Below, please find links to the Production of Documents and video productions. Please advise if access issues occur.

|  CODH Document Production0001-0226.pdf

|  Video.zip

Thank you.



**Monica N. Hunt, Esq.**

**The Allen Law Group, P.C.**

3031 West Grand Boulevard

Suite 525

Detroit, Michigan 48202

Phone: (313) 871-5500 ext. 104 | Fax: (313) 871-0517

Email: mhunt@alglawpc.com | Website: www.alglawpc.com

*Please note: This electronic mail communication is from The Allen Law Group, PC is confidential and may be legally privileged. It is for use by the intended recipient(s) only. If you are not an intended recipient, you are hereby notified that the use, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately and delete the communication. Thank you.*

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

EXHIBIT "2"

David Cooper
December 01, 2025

1          through with you some of these document production

2          requests just to see if you've received any request to

3          actually look for those documents.  Does that make

4          sense?

5     A.   It does.

6     Q.   All right.  I'm going to start reading them off, and

7          they all have numbers.  So here's number 3, and I'm

8          quoting -- I'm going to quote what the request was,

9          and then you can see if that sounds familiar and if

10         you've actually looked for anything like this.  So

11         here we go.  "Please provide all documents sent or

12         received by the Council," and I'm talking there about

13         the City Council, "or by any of its members in which

14         relief from a fine or ticket is discussed or

15         mentioned."

16                    MS. HUNT:  Object as to form.

17                    MR. TURFE:  Same objection.

18    BY MR. BROWN:

19    Q.   Do you have any memory of ever being asked to search

20         for anything, any document like that?

21                    MS. HUNT:  Same objection.

22    A.   I have conducted numerous searches as it relates to

23         the City Council, so --

24    BY MR. BROWN:

25    Q.   Want me to read it to you again?

David Cooper
December 01, 2025

```
 1    A.   Yeah, I'm trying to get your wording correct so I --

 2    Q.   All right, here we go.  Number 3, "Please provide all

 3         documents sent or received by the Council or by any of

 4         its members in which relief from a fine or ticket is

 5         discussed or mentioned."

 6                   MS. HUNT:  Same objection.

 7    BY MR. BROWN:

 8    Q.   And the question is do you have any memory or

 9         knowledge of being asked to search for anything like

10         that?

11                   MS. HUNT:  Object as to form.

12    A.   God, I've done numerous searches that involve the City

13         Council communications in regards to tickets.

14    BY MR. BROWN:

15    Q.   In connection with this case?

16    A.   I can't recall if it was actually a part of this case.

17    Q.   What do you recall it was a part of?

18    A.   We get FOIAs, numerous FOIAs that I fulfill.  So if it

19         was actually for this case, or if it was for a part of

20         a FOIA, I can't recall right now.

21    Q.   That's fair, if you can't recall, you can't recall.

22         Let's move on.

23                   Here's number 4.  "Please provide all

24         documents sent or received by the Council or by any of

25         its members since January 1, 2000 in which the racial,
```

David Cooper
December 01, 2025

```
 1        that are basically communications between the Council

 2        and Khalil Rahal?

 3   A.   Can you spell Rahal for me, please?

 4   Q.   Rahal, R-A-H-A-L.

 5   A.   I can't recall that name.

 6   Q.   All right.  So when you say you can't recall, does

 7        that mean you haven't searched for those documents,

 8        or you just can't recall searching for those

 9        documents?

10   A.   I can't recall searching for those documents.

11   Q.   Here's number 10:  "Please provide all documents sent

12        or received by the Council or by any of its members

13        discussing Resolution 24-017."  Were you ever asked to

14        search for those documents?

15   A.   Again, I can't recall using that key term.

16   Q.   If you had been asked to use that key term, would you

17        remember?

18              MS. HUNT:  Objection as to form.

19   A.   I can't.  There is -- again, I've done so many

20        searches for different FOIAs and discoveries, I don't

21        remember every single key term used.

22   BY MR. BROWN:

23   Q.   Fair enough.

24              Number 11, "Please provide all documents

25        sent or received by the Council or any of its members
```

David Cooper
December 01, 2025

```
 1        discussing or mentioning the Council's intent or plan

 2        to defund the positions of Plaintiffs Swope and

 3        Vanderplow."  Were you ever asked to search for those

 4        documents?

 5   A.   I believe I've had to do a communications search for

 6        using defund as a key term.

 7   Q.   Was that recently, sir?

 8   A.   Not very recently, no.

 9   Q.   How long ago would it have been, to your -- if you can

10        recall that?

11   A.   My best guess would be six months, if not more.

12   Q.   All right, sir, we'll move on.

13             Number 12, "Please provide all documents

14        sent or received by the Council or by any of its

15        members discussing the prevention of payments to

16        Plaintiffs Swope or Vanderplow or any other employee

17        or agent of the City."  Were you asked to search for

18        those documents?

19   A.   That doesn't sound like any key terms that I have

20        used.

21   Q.   You want me to read it again?

22   A.   Yeah, please.

23   Q.   "Please provide all documents sent or received by the

24        Council or by any of its members discussing the

25        prevention of payments to Plaintiffs Swope or
```