## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW,
JERROD HART,

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

          Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan municipal corporation

          Defendant

_____/

## <u>RESPONSE OF INTERVENING DEFENDANT CITY OF DEARBORN HEIGHTS CITY COUNCIL TO PLAINTIFFS' THIRD MOTION TO COMPEL (ECF No. 103)</u>

NOW COMES Intervening Defendant City of Dearborn Heights City Council ("City Council"), by and through its attorneys, and for its Response to Plaintiffs' Third Motion to Compel (ECF No. 103), it:

1. Admits.

2. Admits.

3. Admits.

4. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

5. Admitted.

6. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

7. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

8. Admitted.

9. Admitted.

10. Admitted.

11. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

12. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

13. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

14. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

15. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

16. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

17. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

18. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

19. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

20. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

21. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

22. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

23. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

24. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

25. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

26. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

27. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

28. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

29. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

30. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

31. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

32. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

33. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

34. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

35. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

36. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

37. The City Council denies Plaintiff's characterization of the discovery dispute as stated herein.

WHEREFORE, your Intervening Defendant City of Dearborn Heights City Council respectfully requests this Court deny the Plaintiffs' Motion, ECF No. 103 to the extent the Motion relates to the City Council.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC
By: */s/Tarik D. Turfe*
Attorney for Intervening Defendant City of
Dearborn Heights City Council
Tarik D. Turfe (P83690)
Counsel for Intervening Defendant
City of Dearborn Heights City Council
tt@hdalawgroup.com
Dated: January 20, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, PAUL VANDERPLOW,          Case No.: 2:24-cv-10240
JERROD HART,                                                  Hon. Mark A. Goldsmith
                                                                        Magistrate David R. Grand
                        Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan municipal corporation

                        Defendant

_____/

**BRIEF IN SUPPORT OF RESPONSE OF INTERVENING DEFENDANT
CITY OF DEARBORN HEIGHTS CITY COUNCIL TO PLAINTIFFS'
THIRD MOTION TO COMPEL (ECF No. 103)**

i

## <u>TABLE OF CONTENTS</u>

STATEMENT OF QUESTIONS PRESENTED…………………………………..iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES……………….iv

TABLE/INDEX OF AUTHORITIES……..…………………………………….v

STATEMENT OF FACTS…………………………………………………….1

STANDARD OF REVIEW……………………………………………………8

ARGUMENT…………………………………………………………………9

CONCLUSION……..………………………………………………………...15

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

I. Should this Court deny the Plaintiffs' Third Motion to Compel Against Both Primary Defendant and Intervening Defendant to the extent that it relates to Intervening Defendant City of Dearborn Heights City Council?

Plaintiffs say, "No".

At least in part, Defendant presumably says, "Yes".

Intervening Defendant City of Dearborn Heights City Council says, "Yes".

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Fed. R. Civ. P. 26, 33, 34 and the points and authorities cited in the accompanying brief in support.

# TABLE/INDEX OF AUTHORITIES

**Cases**

*Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990)....................11
*Flagg v City of Detroit*, 252 FRD 346 (ED Mich, 2008) .........................................13
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). .............................9
*RSSW, Inc v City of Keego Harbor*, 56 F Supp 2d 798 (ED Mich, 1999)..............12
*Sheffield Dev. Co. v. City of Troy*, 99 Mich App 527; 298 NW2d 23 (1980) .........12
*Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).........................................12
*Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ...................................................................................................................................9

**Rules**

Fed R. Civ. P. Rule 34 ......................................................................................8, 13
Fed R. Civ. P. Rule 26 ................................................................................. 8, 9, 13
Fed R. Civ. P. Rule 33 ............................................................................................8

v

## I.      STATEMENT OF FACTS

Intervening Defendant City of Dearborn Heights City Council ("City Council") reincorporates by reference its previous responses to Plaintiffs' similar Motions to Compel, such Motions being filed as **ECF No. 60 and No. 67**. The City Council's responses are found at **ECF No. 62 and No. 78**, respectively. The City Council restates the following relevant facts and background surrounding this new iteration of Plaintiffs' Motion to Compel.

On December 13, 2024, this Court granted the City Council's Motion to Intervene. **ECF No. 47, PageID.714-715**. On or about January 24, 2025, and despite the discovery cutoff having passed on December 31, 2024, the Plaintiffs served discovery requests on the City Council. **ECF No. 60, PageID.1074**, paragraph 13.

On February 22, 2025, the City Council served its preliminary objections and responses to this untimely discovery.   **ECF No. 60-2, PageID.1149**.   In those responses and objections, the City Council clarified to Plaintiffs that the discovery delivered to the City Council is an improper end-around to personal discovery requests that are actually aimed at the individual council members themselves. Such discovery surely violates the scope of the Court's Order granting the City Council's Motion to Intervene as a Defendant in this case. See **ECF No. 47**.

In this Order, the Court specified that the City Council's substantial interest in support of intervention is rooted in the City Council's contest of the "preliminary

injunction that risks nullifying an enacted resolution.". ***Id*. at PageID.723**. This interest is purely legislative – the City Council enacted the Resolution via an official act of the legislative body. The Resolution was clearly interfered with via the City's consent to the Preliminary Injunction. ECF No. 4.

The Court's limitation on the scope of the intervention is critically important. Since the City Council's interest is purely legislative (namely, upholding the Resolution), the City Council has intervened "in its official capacity only" consistent with the Court's Order.

Thus, the problem with the Plaintiffs' discovery is that it ignores the Court's limitation on the "scope" of the City Council's intervention. Plaintiffs may continue to argue that the Court's instruction that the City Council will be subject to discovery issued by other parties comes without limitation. This is a very improper reading of the Court's Intervention Order. Indeed, the Court's entire Section II B outlined the scope of the City Council's intervention. Discovery must be reasonably tailored to that scope. Plaintiff's arguments cited in its Motion stand for the proposition that there is no limitation to discovery directed at the City Council. ***Id.***

Below, on consideration of Plaintiffs' discovery requests, this Court (and Plaintiffs) must be mindful of this limited scope of intervention. As will be shown below, Plaintiffs' discovery requests often venture well beyond the City Council's scope of intervention to seek matters of and/or possessed by the individual city

council members, not the City Council itself as a legislative body, that are also well outside the scope of the subject matter of the Resolution, its enactment, its legislative history, and the subsequent Preliminary Injunction.

The background mentioned above is relevant on the Court's consideration of Plaintiffs' discovery requests. These requests and the City Council's objections are summarized in the chart below:

***Interrogatories***

| Interrogatory | Request | Objection |
|---|---|---|
| 2, 3 | Please describe and identify any phone plan or benefit pursuant to which the City pays for, reimburses, or subsidizes cellular telephones or cellular telephone services used by members of the City Council. (Request No. 3 asks to identify the cell phone provider). | The City Council is not a party to such phone plan agreements. Plaintiffs, in the request, admit that this request is best fit for the City itself, rather than the City Council |
| 4 | If no cell phone communications provider provides service to all members of the City Council as a whole, please describe and provide the cell phone communications service provider | First, Plaintiffs understand that the City does maintain a cell phone service plan for the City Council Members eliminating any further inquiry into this interrogatory. |

| | | |
|---|---|---|
| | of each member of the City Council. | |
| | | The balance of the request seeks the personal cell phone service provider of each City Council member, without reasonably tailoring the request to relevant claims and defenses per Rule 26. Additionally, this request actually seeks information of the individual members, outside of the scope of the City Council's intervention as a legislative body. |
| 6, 7 | Please describe all instances in which any person who had previously received a Fine or Ticket (defined above) contacted a sitting member of the City Council for purposes of appealing, nullifying, or receiving relief from such Fine or Ticket; Please identify all persons who received a Fine or Ticket who have contacted a sitting member | This request is an obvious attempt at "continuing" the "investigation" alleged by Plaintiffs in their FAC. Such a continued fishing expedition into a previously completed police investigation is far outside the scope of permissible discovery, and the scope of the City Council's intervention per **ECF No. 47**. And again, this request seeks |

|   | | |
|---|---|---|
|   | of City Council to discuss such Fine or Ticket. | responses from the individual City Council members who are not parties to this case. |
| 8 | Please describe (including by describing the total expense to the City) all instances in which a sitting City Council member has traveled to another state or country, gone to a conference, or received professional training at the expense of the City in the last two years. | In their FAC, Plaintiffs loosely allege that the City Council denied paying for certain professional trainings. **ECF No. 48, PageID.739-740**. The request for City Council member trainings has no bearing on any decision to offer the same to Plaintiffs, which, in and of itself, is irrelevant to Plaintiffs' employment claims. |
| 10 | Please describe all other instances in which Councilman Saab has accused a third-party of a crime, including all other police reports ever filed by Councilman Saab. | This interrogatory, existing as the most blatant violation of the Court's scope of intervention, seeks a direct response from Councilman Saab about personal matters with no limitation to the claims or defenses in this case, or even his role as a City Councilman. |
| 11 | Please describe all instances in which any sitting member of the | In similar fashion, this harassing interrogatory asks about criminal accusations |

| | Council has been accused of a crime or misdemeanor [sic]. | which, aside from being irrelevant to the claims and defenses in this case, are clearly a fishing expedition. |

### *Requests for Production of Documents*

| Request No. | Request | Objection |
|---|---|---|
| 1, 4, 11, 14 | Please provide any email, text, letter or other writing pursuant to which any City Council member mentions or discusses Item 33 (defined above); Please provide any unprivileged email, text, letter or other writing in which any sitting City Council member discusses or mentions Plaintiffs' causes of action in these proceedings; Please produce all emails, texts, documents or communications in which any sitting member of City Council discusses the appointment of Interim Police Chief Farhat as interim police chief; Please produce all emails, texts, communications or other Documents generated or received by the City Council pertaining to Resolution 23-099. | The requests for communications of individual city council members are protected by legislative immunity (discussed in greater detail below). These requests are also not reasonably tailored to include communications only within the City Council's official member capacity. |

| 2, 3, 10 | Please provide any email, text, letter or other writing pursuant to which any sitting City Council member, in the last three years, discusses the race, ethnicity, gender, or religion of any employee, agent, or elected official of the City; Please provide any email, text, letter or other writing pursuant to which any sitting City Council member mentions any of the three Plaintiffs by name or otherwise refers to any of the Plaintiffs; Please produce all emails, texts, or communications in which any sitting member of the City Council mentions Mohammed Bazzy. | Similar fishing expedition that is left open ended, directed at individual non-parties to this case, and covering topics irrelevant to Plaintiffs' claims and any party's defenses. |
|---|---|---|
| 5, 9 | Please provide all emails, texts, letters or other writings pursuant to which any sitting City Council member discusses Plaintiff Paul Vanderplow with Interim Chief of Police Hussein M. Farhat; Please produce all emails, texts or communications by and between any sitting member of the City Council and Mr. Khalil Rahal. | Setting aside obvious concerns for relevancy, communications by individual council members to third-parties or other city employees (if done through official city communications channels), are maintained by the City of Dearborn Heights (as stated above). |

| 6 | Please provide all emails, texts, letters or writing sent to or received by any sitting member of the City Council in which a Fine or Ticket (defined term) is mentioned. | See objections to Interrogatories 6-7 presented above |
| 7 | All texts, emails, or documents created by, sent by, or received by Councilman Saab that discusses, describes, or is relevant to the Stalking Incident (defined above), including all such documents (defined above) originated by Saab on March 4, 2024. | See objections to Interrogatory 10 above |

## II.   STANDARD OF REVIEW

Plaintiffs bring this Motion to Compel under Fed R. Civ. P. Rule 26. Under Rule 26(b), the scope of information that may be discovered is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Accordingly, Plaintiffs discovery requests need to satisfy both prongs of this rule. Also pertinent to this Court's review are Fed. R. Civ. P. Rules 33 and 34, covering interrogatories and requests for production of documents. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). FRCP 33(a)(2). Requests for production of documents are likewise limited to matters that may be inquired into under Rule 26(b). FRCP 34(a).

Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information. Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment.

Generally, "When ruling on discovery-related motions, the district court has broad discretion to determine the proper scope of discovery, including whether a "discovery request is too broad and oppressive." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). Furthermore, "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted "to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007).

## III.   LAW AND ARGUMENT

The Dearborn Heights City Council maintains several overarching objections to the discovery described above. First, Plaintiffs may not inquire into matters protected by legislative immunity, such as, for example, communications where the

individual City Councilmembers' criteria and motivations for legislation are discussed.

Second, Plaintiffs' discovery requests are improperly presented to the individual members of the actual intervening party, the City of Dearborn Heights City Council. Insofar as the requests seek production of communications and other matters of the individuals themselves, and not those of the City Council (as a legislative body and distinct entity), Plaintiffs' discovery requests venture far beyond the scope of the City Council's intervention in this case.

Third, even if the Court were to find some type of exception or requirement for the City Council to produce the communications of its individual members, Plaintiffs' discovery requests ask for *personal* communications that go beyond even the individual council-members' official capacity as city council members for the City of Dearborn Heights. Such requests are improperly directed at the Intervening Defendant.

Fourth, and underscoring the first three objections, Plaintiffs' discovery requests appear in large part an attempt to re-investigate matters alleged to have previously been investigated by Plaintiffs in their Complaint.

## A. THE CITY COUNCIL'S OBJECTIONS TO PLAINTIFFS' DISCOVERY REQUESTS

Plaintiffs do not adequately support the basis of their discovery requests and have not adequately addressed the objections presented herein (and previously made to counsel). The mere allegation of fraud or corruption does not entitle Plaintiffs to take a fishing expedition into the "investigation" previously alleged by Plaintiffs to have occurred. This is especially so in situations such as the present case, where the alleged "investigation" has no relation to the underlying claims of Plaintiffs or defenses of any other party. Further, such a continued "investigation" throughout the course of this civil litigation may require the court's consideration to limit discovery that may infringe upon an individual's Fifth Amendment rights. See *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

Second, Plaintiffs' cannot hide behind their continued argument that "legislation" is not an issue in these proceedings. As stated above, the Court Ordered scope of intervention is centered around the Resolution. The Resolution is undoubtedly an act of legislation set forth by the City Council. Afterall, Plaintiffs have only filed this case as a result of its interpretation of the Resolution as retaliatory. Where Plaintiffs' may argue otherwise, Plaintiffs' lawsuit is reduced to generalized and unsubstantiated conspiratorial complaints about race and other nonsensical matters. Plaintiffs' arguments cited above uncover their true motives in

11

filing such vexatious and wasteful litigation, especially considering the damaging nature of the injunction entered into behind the City Council's back.

Therefore, Plaintiffs' entire case is directly tied to the Resolution. The legislative immunity applies. In *Sheffield Dev. Co. v. City of Troy*, 99 Mich App 527; 298 NW2d 23 (1980) the Michigan Court of Appeals held that individual city council members need not answer questions concerning the council members' individual criteria in passing on zoning applications. In other words, the Court precluded such discovery which sought to uncover answers about the personal motivations of city council members with respect to the member's considerations. See also *RSSW, Inc v City of Keego Harbor*, 56 F Supp 2d 798 (ED Mich, 1999), where this Court held that individual City Council members are entitled to legislative immunity "when they act in their legislative capacities." citing *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). The discovery requested above, as it pertains to the Resolution (and the underlying considerations of the City Council in voting on the Resolution), are absolutely objectionable on such grounds.

Finally, with respect to the actual document production (i.e., the tangible items and communications), Plaintiffs' requests make no distinction between tangible items kept in the regular course of the City Council's legislative business and the tangible items kept by the individual members of the council. As one step further, Plaintiffs' requests make no distinction between the tangible items kept by the

individual City Council members (in their capacity as council members), and the individual City Council members (in their individual, non-official civilian capacity). Such failures underscore the nature of Plaintiffs' discovery as a true fishing expedition.

Fed. R. Civ. P. 34(a)(1) states in relevant part that a party may serve on any other party a request within the scope of Rule 26(b) to produce certain items **in the party's possession, custody, or control**. In this case, the City of Dearborn Heights City Council is simply a legislative body. It does not keep or maintain any contract for cellular services separate from that of the City of Dearborn Heights (the actual municipal entity). Following this Court's holding in, *Flagg v City of Detroit*, 252 FRD 346 (ED Mich, 2008) such discovery requests should be directed at the City of Dearborn Heights and not the City Council. (holding that the City of Detroit has "control" over text messages pursuant to the City's contract with a cell phone service provider).

Plaintiffs' discovery requests seeking communications from the Intervening Defendant City Council are similarly improper. The City Council does not maintain the communications of the individual City Council members (in their official capacity). The same are maintained by the City of Dearborn Heights. The City Council similarly does not maintain the communications of the individual City Council members (in their non-official capacity). Those are maintained by the

13

individuals in their non-official capacity, which are presently non-parties to this case. Setting aside the previously presented objections based on relevancy and proportionality, such requests are improperly directed at the legislative body.

### B. THE CITY COUNCIL HAS NEVER WAIVED ANY PRIVILEGE

Plaintiffs continue to argue that the City Council has somehow hoodwinked these proceedings by intervening but refusing to participate in discovery. This position is unsubstantiated.

First, pursuant to the Court's instruction, the City Council filed a responsive pleading protecting its interest in upholding the Resolution. The City Council filed its Answer to Plaintiffs' First Amended Complaint and Affirmative Defenses. **ECF No. 49**.

Second, this pleading support's the City Council's interest which, again, was squarely stated by the Court at **ECF No. 47**. For some unknown reason, Plaintiffs discovery expedition has completely ignored the Court's stated scope of intervention for the City Council. Plaintiffs proceed as if this scope is undefined or nonexistent. However, the scope exists as a readily ascertainable limitation. Plaintiffs' beliefs otherwise only serve to shatter the boundaries of intervention to subject the City Council to vexatious and irrelevant discovery (especially discovery continuing failed or unfruitful investigations into allegations of fraud, misconduct, and public corruption).

Third, and for completeness, the City Council must re-assert that it has never, and truly could never, waive its legislative immunity by simply intervening in this case. Here, the Dearborn Heights City Council has intervened as a Defendant in its capacity as a legislative entity, not via any particular set of individual council members. Thus, discovery directed at the individual members (much of which in their personal capacity, for that matter) and discovery directed at the legislative matters of the City Council is improper. The City Council rightfully seeks to curtail Plaintiffs' fishing expeditions into matters protected by the legislative privilege and matters directed at individual council members.

Plaintiffs, otherwise, must come to reality with the substance and form of their requests – such requests that are better directed at other parties and do not properly address the matters that are actually within the City Council's purview, possession, custody, and control, as dictated by the Federal Rules and this Court's Order of Intervention.

IV.   **CONCLUSION**

As a final note, the City Council notes that the Plaintiffs have abandoned meritorious or substantive legal arguments. Plaintiffs have shown a clear preference of hyperbolic, colorful language in the context of ad hominem attacks. Unfortunately, character attacks directed at the defending parties and their counsel have become common place, here. Accusations of bad faith and intentional

15

ignorance of the legal proceedings are lodged without thought. Regardless of any

party's position, such attacks do nothing to advance this matter towards resolution

and serve no basis but to distract everyone from the actual merits of the case.

WHEREFORE, your Intervening Defendant City of Dearborn Heights City

Council respectfully requests this Court deny the Plaintiffs' Motion, ECF No. 103

to the extent the Motion relates to the City Council.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC
By: */s/Tarik D. Turfe*
Attorney for Intervening Defendant City of
Dearborn Heights City Council
Tarik D. Turfe (P83690)
Counsel for Intervening Defendant
City of Dearborn Heights City Council
tt@hdalawgroup.com
Dated: January 20, 2026

**LOCAL RULE CERTIFICATION:** I, Tarik D. Turfe, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all texts that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel for Intervening
Defendant City of Dearborn Heights
City Council
tt@hdalawgroup.com

Dated: January 20, 2026

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel for Intervening
Defendant City of Dearborn Heights
City Council
tt@hdalawgroup.com

Dated: January 20, 2026