UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SWOPE, PAUL VENDERPLOW,　　　　Case No. 2:24-cv-10240
JERROD HART,　　　　　　　　　　　　　　Hon. Mark A. Goldsmith
　　　　　　　　　　　　　　　　　　　　Magistrate David R. Grand

Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS,
a Michigan Municipal Corporation,

　　　　Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

　　　　Intervening Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
(THIRD) OMNIBUS MOTION TO COMPEL BOTH PRIMARY DEFENDANT
<u>AND INTERVENING DEFENDANT</u>**

　　　　Having reviewed Plaintiffs' Motion to Compel, the Responses of both Defendants and having held a hearing on January 26, 2026, the Court orders as follows:

A. Plaintiffs' Motion is GRANTED in part:

　　1. Intervening Defendant is ordered to respond to Plaintiffs' Interrogatories 6, 7 and 8. These Interrogatories are narrowed to apply only to the current sitting members of the City Council, from two (2) years prior to the commencement of this litigation to the current time.

　　2. Intervening Defendant is ordered to respond to the following Document Requests by Plaintiffs:

    Document Request 1, however, the scope of that Document Request is limited to pertain only to Plaintiff Swope's request to attend training that was denied by the Intervening Defendant;

Document Request 2, however, the scope of that Document Request is limited to documents which identify specific City employees or officials and discuss the race, ethnicity, gender or religion of those individuals;

Documents Requests 6, 7 and 11; and

Document Request 14, however, the response to that Document Request shall be reviewed by the Court in camera. That Response shall be submitted to the Court by Intervening Defendant within seven (7) calendar days of the entry of this Order. Intervening Defendant shall also submit with those documents a memorandum describing the context that those communications were made and why the Legislative Privilege applies to them. The memorandum shall be served on Plaintiffs' and Defendant City's attorneys. If Intervening Defendant does not submit the documents and memorandum to the Court within seven (7) calendar days from the entry of this Order, it will be barred from asserting the Legislative Privilege.

Document Requests 1, 2, 6, 7, 11 and 14 are further narrowed to apply to the current sitting members of the City Council, from two (2) years prior to the commencement of this litigation to the current time.

B.  Plaintiffs' Motion to Compel that Intervening Defendant respond to Plaintiffs' Interrogatories 10 and 11, and Document Requests 3, 4, 5, 9 and 17 are DENIED.

C.  The Special Master shall provide, within seven (7) calendar days of the entry of this Order, proposed key search terms pertaining to Plaintiffs' Document Requests to

    Defendant City, Request Numbers 11, 12 and 40 – 48, inclusive. Any party may file objections within seven (7) calendar days to the key search terms proposed by the Special Master.

D. Nothing in this Order shall be construed to alter the Court's most recent Scheduling Order. Unless otherwise specifically stated in this Order, all Responses to Interrogatories and Production of Documents shall be made within 20 days of the entry of this Order.

    **SO ORDERED.**

Dated: January 27, 2026             s/Mark A. Goldsmith  
Detroit, Michigan                 MARK A. GOLDSMITH  
                                        United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2026.

                                             s/Joseph Heacox  
                                             JOSEPH HEACOX  
                                             Case Manager