# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

_____

## PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT

## EXHIBIT 10

3/6/26, 1:56 PM                                                        Dearborn Heights, MI Code of Ordinances

CHAPTER V. - THE EXECUTIVE DEPARTMENT

Section 5.1. - Administrative Officers of the City.

   The administrative officers of the City shall be the Mayor, City Clerk, and City Treasurer, each of whom shall be selected by election from the City at large and all of the heads of the several departments and members of the commissions and boards of the City government.

Section 5.2. - Compensation.

   The compensation of the Mayor shall be Seventeen Thousand, Five Hundred ($17,500.00) Dollars per annum, that of the City Clerk, Three Thousand, Six Hundred ($3,600.00) Dollars per annum, and that of the City Treasurer, Three Thousand, Six Hundred ($3,600.00) Dollars per annum. Such salaries shall be payable bi-monthly. The salaries of the Mayor, City Clerk and City Treasurer may be increased over and above the annual salary set by this Charter by Ordinance. Provided, however, that such increase shall not become effective during their respective terms of office.

(Amended by electors on 8-6-68)

**Editor's note—** The compensation of elected officers is now determined by the local officers' compensation commission pursuant to Code of Ordinances, § 2-521 et seq.

Section 5.3. - Duties of the Mayor.

   Under the provisions of this Charter, insofar as it is required by law, and for all ceremonial purposes, the Mayor shall be the chief administrative and executive head of the City. He shall be the conservator of the peace and may exercise within the City the powers conferred upon sheriffs to suppress disorder and shall have the authority to command the assistance of citizens to aid in the protection and preservation of property, the enforcement of ordinances, rules and regulations of the Council, and in addition to these functions, shall be charged with the following powers and duties:

   (a)  It shall be his responsibility to enforce all of the laws and ordinances of the City;

   (b)

Except as is otherwise provided in this Charter, the Mayor shall have the power of appointment and removal over all directors, comptroller, commissions, and boards which are in charge of the several departments of this City;

(c)  He shall see that all terms and conditions imposed in favor of the City or its inhabitants in any public utility franchise, or in any contract, are faithfully kept and performed;

(d)  He shall authenticate by his signature such instruments as the Council, this Charter, or the laws of the State of Michigan require;

(e)  He may attend all meetings of the Council with the right to take part in the discussions, but without the right to vote;

(f)  He shall prepare and administer the annual budget and keep the Council fully advised at all times as to the financial condition and needs of the City;

(g)  He shall submit to the Council each month sufficient data and information apprising the Council of the relationship between estimated and actual income and expenses to date;

(h)  He shall, on or before the first of April of each year, prepare and submit to the Council a complete itemized proposed budget for the next fiscal year in accordance with the provisions of this Charter;

(i)  He shall, from time to time, recommend to the Council for adoption such measures as he may deem necessary or expedient for the successful operation of the City;

(j)  He shall be responsible for the efficient administration of all departments of the City government and shall allocate building space to the various departments of the City;

(k)  He shall approve the rules and regulations of the several directors, commissions or boards in charge of the departments of the City government before such rules and regulations shall become effective except as is otherwise provided by this Charter;

(l)  He shall exercise and perform all the administrative functions of the City that are imposed by law, this Charter or by any other city ordinance, or resolution not inconsistent with the provisions of this Charter;

(m)  He shall have such other powers and perform such other duties as may be prescribed by law, this Charter, or as may be required of him by ordinance or by direction of the Council.

Section 5.4. - Mayor Pro Tem.

In case of the absence or disability of the Mayor, the Chairman of the Council shall perform the duties of the Mayor during the period of such absence or disability; provided however, that he shall not have the power of veto, and shall not have the power to remove the director or head of any department during any period in which he shall act in the capacity of Mayor unless he has so acted for a period of thirty (30) consecutive days; any appointment made by the Mayor Pro Tem in accordance with these provisions shall not be permanent until such appointees shall have served for a period of sixty (60) days following his appointment.

Section 5.5. - Duties of the City Clerk.

(a) The City Clerk shall be Clerk of the Council and shall attend all meetings of the Council and keep a permanent journal of its proceedings in the English language;

(b) He shall keep a record of all ordinances, resolutions, and actions of the Council;

(c) He shall have power to administer all oaths required by State Law, this Charter and the ordinances of the City;

(d) He shall be custodian of the City seal, and shall affix it to all documents and instruments requiring the seal, and shall attest the same;

(e) He shall be the custodian of all papers, documents, and records pertaining to the City, the custody of which is not otherwise provided for by this Charter;

(f) He shall give the proper officials of the City ample notice of the expiration or termination of any official bonds, franchises, contracts, or agreements;

(g) He shall issue and sign all licenses granted after the license fee has been paid to the City Treasurer, and shall register the same;

(h) He shall possess and exercise the powers of a township clerk so far as the same are required to be performed within the City;

(i) He shall certify by his signature all ordinances and resolutions enacted or passed by the Council;

(j) He shall countersign all warrants in accordance with the provisions of Section 8.9 of this Charter;

(k) He shall perform such other duties as are required of him by State or Federal law, this Charter, the Mayor and the Council or the ordinances of the City.

Section 5.6. - Duties of the City Treasurer.

The City Treasurer shall be the tax collector and shall perform all of the duties as prescribed by this Charter, the general laws of the State, together with such other duties as may be required by the Council or assigned to him.

(a) He shall file a bond in such amount and with such sureties as shall be satisfactory to the Council or as may hereafter be required by law of the several township treasurers in the State;

(b) He shall have custody of all moneys of the City, the Clerk's bond, and all evidences of value belonging to the City or held in trust by the City;

(c) He shall receive all moneys belonging to and receivable by the City that may be collected by any official or employee of the City including license fees, taxes, assessments, utility charges and all other charges belonging to and payable to the City, and shall, in all cases, give a receipt therefor;

(d) He shall keep and deposit all moneys or funds in such manner and in such places as the Council may determine from time to time and shall report the same in detail to the Clerk;

(e) He shall have such powers, duties, and prerogatives in regard to the collection and custody of state, county and school districts, and city taxes and moneys as are conferred by law to enforce the collection of state, county, township and school district taxes upon real and personal property;

(f) He shall pay no money out of the treasury except in pursuance of and by the authority of the law and upon warrants issued in the manner as required by this Charter which warrants shall specify the purpose for which the amounts thereof are to be paid;

(g) He shall collect and keep an account of and be charged with all taxes and moneys appropriated, raised or received for each fund of the City, and shall keep a separate account of such fund, and shall credit thereto all moneys raised, paid in or appropriated therefor, and shall pay every warrant out of the particular fund raised for the purpose for which the warrant was issued;

(h) He shall keep all moneys on his hands belonging to the City separate and distinct from his own moneys and is hereby prohibited from using, either directly or indirectly, the City's money, warrants or evidences of debt which are in his custody or keeping for his own use and benefit or for that of any other person.

Section 5.7. - Administrative Departments.

(a) *Department of Public Works:* There shall be a Department of Public Works that shall be charged with the responsibility for the maintenance and lighting of streets and alleys, and the construction and maintenance of public buildings, sewers, sewage, disposal facilities, motor transportation, construction and maintenance of water, sewer and drain systems, and such other duties and responsibilities that may be designated by this Charter, ordinance or State law;

(b) *Department of Parks, Recreation and Library:* There shall be a Department of Parks, Recreation and Library that shall be charged with the construction and maintenance of these facilities: the development of public programs and such other duties as may be designated by this Charter, ordinance or State law;

(c) *Department of Building and Engineering:* There shall be a Department of Building and Engineering that shall be charged with the preparation of plats, maps, and estimates of cost required by the City administration, relating to buildings, real estate and public improvements within the City; this Department shall be responsible for the administration of all laws, ordinances and regulations concerning the erection and maintenance and safety of all buildings and equipment contained therein, including, but not by way of limitation, the applicable electrical, plumbing, housing and zoning codes and any other applicable State law. This Department shall also perform such other duties as may be prescribed by this Charter, ordinance or State law.

Section 5.8. - Public Health Commission.

(a) The Council shall have the authority to establish by ordinance a Public Health Commission consisting of not less than three (3) members, one of whom shall be a physician licensed to practice in the State of Michigan;

(b) The Public Health Commission shall have and exercise all of the powers and authority conferred by boards of health, by the general laws of this State and this Charter;

(c) The members of the Public Health Commission shall be appointed by the Mayor, subject however, to the approval and consent of the Council;

(d) The Council may, in its discretion, designate the Wayne County Department of Health as the official agency of the City to carry out and administer the duties and functions of this Commission as required by this statute of the State of Michigan and this Charter and any ordinances that may hereafter be adopted.

Section 5.9. - Public Safety Commission.

(a) The Council shall be authorized to establish by ordinance a Public Safety Commission which shall provide for the public peace and safety of persons and property in this City;

(b) This Commission shall establish and administer the general policies of the police and firefighting functions of the City;

(c) The Public Safety Commission shall consist of not less than three (3) members who shall be appointed by the Mayor subject however, to the approval and consent of the Council.

Section 5.10. - Planning Commission.

There shall be a Planning Commission created under the provisions of Act 285 of the Public Acts of 1931 [MCL 125.31 et seq.], as amended; one member of this Commission shall also be a member of the Zoning Board of Appeals.

Section 5.11. - Civil Service System.

(a) The Council shall, within 180 days after the effective date of this Charter, adopt an ordinance providing for a Civil Service System for all of the employees of the City of Dearborn Heights except as otherwise provided in this Charter;

(b) The ordinance shall contain a provision providing for unclassified service and classified service and shall exclude all of the following officers and employees from the provisions of the Civil Service System, to-wit, all officers of the City whether elected or appointed, all part-time employees, all Board or Commission members appointed directly by the Mayor and/or the Council, the City Attorney, the City Engineer, the City Auditor, the City Health Officer, the City Assessor, the Comptroller, the Fire Department Chief, the Police Department Chief and any other head of any other department of the City which are now or may hereafter be created whether specifically mentioned herein or not. The classified service shall include all other positions in the City;

(c) The ordinance adopted pursuant to this section shall provide for a Civil Service Commission of three (3) members who shall be qualified and registered electors in the City of Dearborn Heights and who shall, while in office, hold no other city office or city appointment nor shall they serve on any municipal political committee or take part in the management of any municipal political campaign;

(d) The first member of the Civil Service Commission shall be appointed by the Mayor subject to the approval and consent of the Council whose term shall expire at the expiration of the first term of the Mayor; the second member of the Commission shall be appointed by all of the municipal employees of the City whose term shall expire one year after the expiration of the term of the

first member; the two members so appointed shall at their first meeting after their appointment which shall be held not less than thirty (30) days thereafter, appoint the third member whose term shall expire one year after the expiration of the second member's term. Thereafter, upon the expiration of the respective terms of the Commission, the party making the appointment in the first instance shall continue to appoint for that term and all reappointments after the expiration of the original terms shall be for a term of three (3) years each;

(e)  The ordinance shall include such other regulations, conditions and provisions that are necessary to implement the intent of this section.

## Section 5.12. - Other Departments and Commissions.

The Council shall have the power and authority to establish and create such other commissions and departments when, in its opinion, the proper administration of the business and interest of the City requires. However, no such commission or department shall be created or established which invades or supplants the duties or functions of the various departments and commissions heretofore created.

## Section 5.13. - Corporation Counsel—Function and Duties.

(a)  There shall be a Corporation Counsel who shall be appointed by the Mayor subject however, to the approval and consent of the Council and he shall be and remain a member in good standing of the State Bar of Michigan and shall perform the following duties and responsibilities;

(b)  He shall act as legal advisor to the Mayor and the Council in matters relating to their official duties and shall give legal opinions concerning affairs of the City to the Council and the Mayor, which opinions shall be in writing and a copy thereof shall be filed with the City Clerk;

(c)  He shall prosecute and defend, in the name of the City, all cases in all courts and before all legally constituted tribunals whenever the City is a party thereto;

(d)  Upon request of the Mayor and/or the Council, he shall prepare or officially pass upon all contracts, bonds and other instruments in writing in which the City is concerned and shall certify, before execution, as to their legality and correctness of form;

(e)  He shall file in the office of the City Clerk the original copy of all franchises granted by the City, and of all papers constituting a part of the proceedings in all courts or legally constituted tribunals to which the City is a party together with the proper data and information concerning the same;

(f)

He shall be charged with the responsibility of calling to the attention of the Council and the Mayor all matters of law and changes of developments therein affecting the City;

(g)   He shall perform such other and further duties as may be prescribed by this Charter, the Council or the Mayor;

(h)   He shall act as legal advisor to and for each and every one of the several departments, commissions, boards, administrative offices and agencies of the City as directed by the Council or the Mayor;

(i)   He may appoint, subject to the Mayor's approval, such assistant or assistants corporation counsel as he deems necessary to carry out the proper functions of his office;

(j)   The Mayor or the City Council may retain special legal counsel to appear Of Counsel to the Corporation Counsel for the purpose of assisting the Corporation Counsel for a special matter and for such limited time and purpose as the Mayor or Council shall specify;

(k)   The Corporation Counsel and any assistants that may be engaged pursuant to the provisions of this Charter shall receive such compensation as may be determined by the Council from time to time;

(l)   The Corporation Counsel and assistants thereafter appointed shall be a resident (and qualified elector) of the City of Dearborn Heights.

Section 5.14. - City Assessor.

There shall be a City Assessor appointed by the Mayor, with the approval and consent of the Council, who shall have the following powers and duties:

(a)   The Assessor shall possess all the powers vested in and shall be charged with all the duties imposed upon assessing officers by State Law;

(b)   He shall make and prepare all regular and special assessment rolls in the manner prescribed by this Charter, the ordinances of the City, or by State law;

(c)   He shall perform such other duties as may be prescribed for him by State law, this Charter, the ordinances of this City or such other duties as are prescribed by the Council.

Section 5.15. - Department Heads: Commission Members.

(a) Except as otherwise provided in this Charter, all department heads and members of the commissions and boards of this City government whether the same be established by this Charter or by an act of Council, shall be appointed by the Mayor; the names of such appointees shall be certified in writing to the City Clerk on or before the third Monday in April following each regular biennial City election, and at such other times as may be required to fill vacancies, or to replace any head of a department or member of a commission or board who shall have been removed from office; provided however, that the Corporation Counsel and the Assessor shall be appointed by the Mayor, and such appointment shall not be effective until confirmed by a majority of the City Council;

(b) If the Mayor shall be unable for any reason to make any one or more of the appointments as required by this section within the time limit therefor, he shall on or before the last day specified for making such appointments, file with the City Clerk a statement specifying the appointment or appointments which he has been unable to make and set forth the reasons therefor, and such appointment or appointments shall be made and certified at a later date or dates, but not later than the first Monday in May of the same year;

(c) The term of office of each head of the departments of the City government and of members of all commissions and boards shall commence the day following the third Monday in April following each regular biennial City election, and upon the date of certification to the City Clerk in the case of appointees to fill a vacancy, or to replace the head of any department or member of a commission or board who is removed from office;

(d) Unless a definite term of office is specified in this Charter for the head of any department of this City government, such department head or heads shall hold office at the discretion of the Mayor; provided however, that no officer shall continue to hold office after the third Monday in April following the regular biennial City election unless he shall be reappointed to a new term;

(e) Each department as outlined in this section shall be administered by a commission consisting of not less than three (3) members. Their primary function shall be that of formulating policy and programming to carry out the formulated policy. The commissioners shall receive nominal compensation as shall be determined by Council;

(f) Each commission shall hold no less than ten meetings per year.

3/6/26, 1:57 PM

CHAPTER VI. - COUNCIL: PROCEDURE AND MISCELLANEOUS POWER AND DUTIES: LEGISLATIVE DEPARTMENT

Section 6.1. - The Council: Composition and Term of Office.

The Council shall consist of seven (7) Councilmen who shall be elected from the City at large and shall serve for a term of four (4) years or until their successors have been elected and qualified, except that at the election wherein this Charter is submitted for adoption, the Council shall be elected for terms as provided in Chapter IV, 4.1 of this Charter.

Section 6.2. - Compensation.

Each member of the Council, except the Chairman, shall receive an annual salary of One Thousand, Two Hundred ($1,200.00) Dollars, payable monthly. The Chairman of the Council shall receive an annual salary of One Thousand, Five Hundred ($1,500.00) Dollars, payable monthly. This salary shall be in lieu of all services except such travel, education and such additional expenses as shall be determined to be proper by the Council. The salaries of the Council members may be increased over and above the initial salary set by this Charter. Provided however, that such increases shall not become effective during their respective terms of office.

**Editor's note—** The compensation of elected officers is now determined by the local officers' compensation commission pursuant to Code of Ordinances, § 2-521 et seq.

Section 6.3. - Organization of the Council.

(a) The Chairman of the Council shall be chosen by a majority vote of the Council at the first meeting of the Council and he shall preside over all meetings of the Council with the right to vote;

(b) The Council shall at its first meeting held following the regular City election in April, elect one of its members to serve as Chairman Pro Tem. The Chairman Pro Tem shall preside over the meetings of the Council in the absence of the Chairman, and in the event of a vacancy occurring in the office of the Chairman of the Council or Chairman Pro Tem, the Council shall elect from its elected membership to fill such vacancy. Whenever the Chairman shall act as Mayor Pro Tem in excess of thirty (30) days, he shall receive such additional compensation as may be allowed by the Council, not to exceed the proportionate salary paid to the Mayor, pro rated over the period of service of the Mayor Pro Tem.

Section 6.4. - Regular Meetings of the Council.

The Council shall meet not less than twice each month in the Council Chambers at times and dates to be determined by the Council at the first meeting thereof after the regular City election in April. If any time set for the holding of a regular meeting of the Council shall fall on a holiday, then such regular meeting shall be held at the same time and place on the next secular day which is not a holiday.

**State Law reference—** Open meetings act, MCL 15.261 et seq.

Section 6.5. - Special Meetings of the Council.

Special meetings of the Council may be called by the City Clerk on the written request of the Chairman, Mayor or any three (3) members of the Council on 24-hour written notice to each member of the Council, designating the purpose of such meeting and served personally or left at his usual place of residence by the Clerk or someone designated by him; but any special meeting at which all members of the Council are present or have waived notice in writing, shall be a legal meeting for all purposes without such notice.

**State Law reference—** Open meetings act, MCL 15.261 et seq.

Section 6.6. - Notice of Business to be Transacted at Special Meetings.

No business shall be transacted at any special meeting of the Council unless the same has been stated in the notice of such meeting. However, if all the members of the Council are present at any special meeting of the Council, then any business which might lawfully come before a regular meeting of the Council may be transacted at such special meeting.

Section 6.7. - Meetings of the Council to be Public.

All regular and special meetings of the Council shall be open to the public and the rules of order of the Council shall provide that the citizens shall have a reasonable opportunity to be heard at any such meeting on matters within the jurisdiction of the Council.

**State Law reference—** Open meetings act, MCL 15.261 et seq.

Section 6.8. - Quorum.

A majority of the Council-elect shall constitute a quorum for transaction of business, but in the absence of a quorum, two or less members may adjourn any regular or special meeting to a later date.

## Section 6.9. - Rules of Order.

The Council shall determine its own rules and order of business and shall keep a written or printed journal of all its proceedings in the English language which shall be signed by the Chairman of the Council and the City Clerk. The vote upon the passage of all ordinances, and upon the adoption of all resolutions shall be taken by "YES" and "NO" votes and entered upon the record except that where the vote is unanimous, it shall only be necessary to so state. An affirmative vote of the majority of the quorum of the Council is necessary to validate any resolution. Each member of the Council, who shall be recorded as present, shall vote on all questions decided by the Council unless excused by the unanimous consent of the members present, but no Councilman shall vote on any question in which he has any financial interest other than the common public interest.

**State Law reference—** Mandatory that Charter provide for keeping of a journal, MCL 117.3(m),; conflicts of interest as to contracts, MCL 15.321 et seq.; standards of conduct and ethics, MCL 15.341 et seq.; freedom of information act, MCL 15.231 et seq.

## Section 6.10. - Discipline.

The Council may by vote of not less than two of its members, compel the attendance of its members at its regular meetings and enforce orderly conduct therein; and any member of the Council who refuses to attend such meetings and conduct himself in any orderly manner threat shall be deemed guilty of misconduct in office. The Council may require the attendance of the Mayor and that of any elective or appointive officer of the City for the purpose of securing from them any information upon the affairs of the City within their jurisdiction.

## Section 6.11. - Methods of Publishing or Publication.

Whenever any notice, record, Council proceeding, ordinance, resolution, or other item must be published or requires publication pursuant to this Charter or the City's ordinances, the requirement of publishing or publication shall be satisfied by publishing the item in a newspaper of general circulation in the City, or by posting the item to the City's website, or by both publishing the item in a newspaper of general circulation in the City and posting the item to the City's website. Notwithstanding what is stated in the preceding sentence, any such notice, record, Council proceeding, ordinance, resolution, or other item shall also be published or posted by the method or methods required by State or federal law if

State or federal law requires any non-exclusive manner of publishing or publication. If State or federal law requires an exclusive manner of publishing or publication of any such notice, record, Council proceeding, ordinance, resolution, or other item, then the requirement of publishing or publication pursuant to this Charter or the City's ordinances shall be satisfied by satisfying the exclusive publishing requirement or requirements of State or federal law.

(Amd. of 11-3-15, § 1)

**Editor's note—** An amendment adopted at referendum on Nov. 3, 2015, changed the title of § 6.11 from "Official Newpaper" to read as set out herein.

Section 6.12. - Publication of Council Proceedings.

The proceedings of the Council shall be published in the manner required by Section 6.11 of this Charter within ten (10) days after approval thereof. A synopsis of such proceedings, prepared by the City Clerk, and approved by the Chairman of the Council, showing the substance of each separate proceedings of the Council shall be sufficient compliance with the requirements of this section.

(Amd. of 11-3-15, § 1)

Section 6.13. - Investigations.

The Council may subpoena witnesses, administer oaths, and compel the production of books, papers, and other evidences needed to conduct formal investigations into the conduct of any department, office, or officer of the City and make investigations as to malfeasance, misfeasance, nonfeasance, or irregularities in municipal affairs. Failure to obey such subpoena or to produce books, papers, or other evidence as ordered under the provisions of this section shall constitute misconduct in office.

Section 6.14. - Depository of City Funds.

The Council shall select a depository or depositories in which the funds of the City shall be deposited.

**State Law reference—** Designation of depositories, MCL 129.12, deposit of public monies, MCL 211.43b.

# CHAPTER VII. - CITY LEGISLATION, ORDINANCES, RESOLUTIONS

> *Footnotes:*
>
> --- *(5)* ---
>
> **State Law reference—** *Mandatory that Charter provide for ordinances, MCL 117.3(k); general authority relative to adoption of ordinances, Mich. Const. 1963, Art. VII, § 22.*

## Section 7.1. - Ordinances and Resolutions.

The official actions of the Council shall be by ordinance or resolution adopted by not less than four (4) members of the Council unless otherwise required by law. Action of the Council by resolution shall be limited to matters required or permitted to be so done by law or relating to the internal affairs or concerns of the City. All acts of the Council carrying a penalty for the violation thereof shall be by ordinance. Each ordinance shall be identified by a short title and by a number or by a code section number when and after the ordinances are codified. All other acts of the Council which do not constitute ordinances shall be deemed to be resolutions.

## Section 7.2. - Prior City Legislation.

All valid ordinances, resolutions, rules and regulations of the Township of Dearborn which are not inconsistent with this Charter and which are in full force and effect at the time of the effective date of this Charter shall continue in full force and effect until repealed or amended. Provided however, that if any such ordinance, resolution, rule or regulation provides for the appointment of any officers or members of any boards, commissions or departments, such officers, members of such boards, commissions or departments, shall after the effective date of this Charter be appointed by the Mayor in accordance with the provisions of this Charter.

## Section 7.3. - Ordination, Amendment, Repeal, Effective Date, Penalties.

(a) The enacting clause of all ordinances shall read "The City of Dearborn Heights Ordains"; such caption may be omitted when said ordinances are published in book form by authority of the Council. Each proposed ordinance shall be introduced in written or printed form in the English language;

(b)

No ordinance shall be passed at the same meeting at which it is introduced, unless the same is declared to be emergency action by a vote of not less than four (4) members of the Council;

    (c)  An ordinance may be repealed, amended or modified by re-enacting the section or sections of the ordinance to be amended;

    (d)  An ordinance may be repealed only by reference to its number and title;

    (e)  All ordinances shall become effective immediately after publication and recording pursuant to law;

    (f)  The Council shall have the authority to provide in any ordinance for the punishment of those who violate the same, by a fine not to exceed Five Hundred ($500.00) Dollars, or imprisonment in the City Prison, a County Jail, or such other penal institution authorized to receive city prisoners for a period not to exceed ninety (90) days, or both such fine and imprisonment in the discretion of the court.

**State Law reference—** Mandatory that Charter provide for publication of all ordinances before they become operative, MCL 117.3(k); limitation on penalties, MCL 117.4i(10).

Section 7.4. - Proof of Ordinances in Judicial Proceedings.

City ordinances may be proved in any judicial proceedings by the following methods:

    (a)  By a certified copy of an extract of the Clerk's records;

    (b)  By a copy of the ordinance duly certified as a true copy by the Clerk under the seal of the City;

    (c)  From any volume purporting to have been published, printed and compiled by authority of the Council.

Section 7.5. - Technical Codes: Adoption By Reference.

The Council may adopt any plumbing code, electrical code, building code, refrigeration machinery code, piping code, boiler code, boiler operation code, elevator machinery code or code pertaining to inflammable liquids and gases as well as hazardous liquids, which have been promulgated by the State of Michigan, or by any department, board, or other agency thereof, or by any organization or association which is organized and conducted for the purpose of development of such code or codes by reference thereto in an adoptive ordinance and without publishing such code in full; providing, that such code is clearly identifiable in said ordinance and that the purpose of said code shall be published with the adopting ordinance provided, that printed copies thereof shall be kept in the office of the City Clerk, available for inspection by and distribution to the public at all times; provided further, that the publication shall contain a notice to the effect that a complete copy of said code is available for public use and inspection at the office of the city clerk.

3/6/26, 2:04 PM

**State Law reference—** Authority to adopt technical codes by reference, MCL 117.3(k).

Section 7.6. - Ordinance Record: Authentication: Method of Publication: Codification.

All ordinances when enacted shall be immediately recorded by the Clerk in a book to be called "A Record of Ordinances" and it shall be the duty of the Mayor and Clerk to authenticate such record by their official signatures thereon.

The publication of an ordinance in full as part of the published proceedings or minutes of the Council shall constitute sufficient publication of such ordinance as required by this Charter.

The Council shall within a reasonable period after the adoption of this Charter enact such ordinances as are necessary for the efficient operation of the City, and shall direct the compilation or codification in book or loose leaf form of the Charter and all ordinances of the City, and shall make the same available to the public in the office of the Clerk, and may provide for a reasonable charge for copies thereof.

**State Law reference—** Authority to codify, MCL 117.5b.

Section 7.7. - Initiative and Referendum.

Any ordinance which may be legally adopted by the Council of the City of Dearborn Heights, may be proposed by a petition signed by the registered electors of the City, not less in number than fifteen per cent (15%) of all votes cast for Mayor at the last preceding election of which a Mayor of the City was elected; but in no case less than fifteen hundred (1500). Such petition shall be addressed to the Council of the City of Dearborn Heights, and shall set forth at length the ordinance proposed to be enacted. With each signature attached thereto shall be given the place of residence, with the street and number of the elector so signing, and the date when such signature was attached. Such signatures need not all be on one paper, but all petitions shall be filed with the City Clerk at one and the same time. An affidavit or affidavits shall be made by one or more registered electors of the City, which affidavits shall state that each signature appearing upon the petition to which such affidavit is attached, is the genuine signature of the person whose name it purports to be, and that to the best of affiant's knowledge and belief, the signers whose names are attached to said petition are registered electors of the City of Dearborn Heights. The petition proposing an ordinance shall be in the following form:

"To the Honorable Council of the City of Dearborn Heights, Michigan:

We, the undersigned registered electors of the City of Dearborn Heights, under and by virtue of the authority granted by Act No. 279 of the Public Acts of 1909 [MCL 117.1 et seq.], as amended, and by Chapter VII of the Charter of the City of Dearborn Heights, do hereby propose and initiate for submission to the qualified electors of the City of Dearborn Heights, the following proposed ordinance:

(Here set forth proposed ordinance in full)

And your petitioners will ever pray, etc.

Name        Number Street        Date of Signing

AFFIDAVIT

STATE OF MICHIGAN SS:

   County of Wayne

_____, being first duly sworn, deposes and says that the names appearing upon the foregoing petition are the genuine signatures of the persons whose names appear thereon, and that to the best of affiant's knowledge and belief, such persons are registered electors of the City of Dearborn Heights:

Subscribed and sworn to before me this _____ day of _____, 19__.

   Notary Public, Wayne Co., Mich.

   My Commission Expires:

   Said petitions, when signed by the requisite number of registered electors, shall be filed with the City Clerk. Such Clerk shall attach thereto a certificate, setting forth the name and address of the person or persons filing the said petition in his office, and the date when said petition was filed. A copy of said petition, exclusive of signatures, together with said certificate, shall be entered in a record book to be kept for that purpose in the office of the City Clerk.

**State Law reference—** Permissible that Charter provide for initiative and referendum, MCL 117.4i(6).

Section 7.8. - Petition: When Sufficient: Council Procedure.

Within ten (10) days from the date of the filing of said petition with the City Clerk, it shall be the duty of such Clerk to ascertain, by comparison of said petition with the registration records of the City of Dearborn Heights, whether or not such petitions contain the requisite number of signatures of registered electors as the same appear on the registration records of the City, and following such examination, the Clerk shall attach to such petition his certificate showing the result of such examination. If the certificate of the Clerk so attached shows the petition to be insufficient, he shall, within ten (10) days, cause notice in writing, setting forth the fact that such petitions are found to be insufficient, to be served upon one or more of the persons designated in the certificate attached by him to said petition as the persons who filed said petition in his office. Additional signatures properly verified as hereinbefore provided may be filed with the Clerk at any time within fifteen (15) days from the date of the service of such notice. The City Clerk shall attach his certificate to such additional petitions and shall cause them to be entered in the record book as herein provided shall be done when the original petitions are filed. The Clerk shall, within five (5) days after the filing of such additional petitions make like comparisons of the additional signatures with the registration books and attach thereto his certificate of the result. If the number of signatures are still shown to be insufficient, or if no additional signatures are so filed, the Clerk shall, upon demand, return the petition to any of the persons designated as filing it, without prejudice however, to the filing of a new petition for the same purpose. Whenever the petition shall be found by the City Clerk to be sufficient, he shall so certify and submit the same with his certificate to the Council at its next regular meeting.

At such next regular meeting, the Council shall proceed to consider such petition, including the form and purpose of the ordinance thereto attached. If such ordinance be not legal, in form or otherwise, the Council shall so declare by resolution and shall direct the Clerk to return said petition immediately to any of the persons designated as filing it, without prejudice to filing a new petition for the same purpose. If the Council, upon consideration, finds such ordinance legal, then it may provide for public hearings on such ordinance; and if it deems the same advisable, shall pass such ordinance within four weeks from the day of the filing of such petition with the City Clerk. If the Council finds such petition and ordinance legal and does not pass such ordinance within the time herein limited, it shall within two weeks after its failure to pass such ordinance, provide for the submission of such ordinance to the qualified electors of the City at the next election occurring more than thirty days thereafter, at which questions or propositions submitted by the Council may be voted upon by the electors; but no special election shall ever be called by the Council for the purpose of referendum only.

Section 7.9. - Referendum or Ordinance Passed By Council.

Within thirty (30) days after the publication of any ordinance duly passed by the Council, a petition may be presented to the Council protesting against such ordinance continuing in effect. Said petition shall contain the text of such ordinance and shall be signed by registered electors of the City, not less than fifteen per cent (15%) of all votes cast for Mayor at the preceding election at which a Mayor of the City was elected, but in no case less than fifteen hundred (1500). Said ordinance shall thereupon and thereby be suspended from operation and the Council shall immediately reconsider such ordinance.

If the ordinance be not entirely repealed, the Council shall submit the question of whether or not it shall become effective to a vote of the electors of the City. The procedure in regard to such petition of protest and referendum shall be the same as hereinabove in this chapter provided for the initiative and referendum of a proposed ordinance, with such modification as the case may require.

## Section 7.10. - Referendum May Be Made By Council Without Petition.

The Council may, on its own motion, submit to a referendum for adoption or rejection by the electors of the City, any proposed ordinance or measure or a proposal for the repeal or the amendment of any ordinance in the same manner and with the same force and effect as provided in this chapter for submission on petition.

## Section 7.11. - Referendum Elections.

The ordinance or other measure or proposal submitted to the electors shall be published at least once in a newspaper or newspapers published in the City and printed in the English language at least ten (10) days prior to the election at which it is to be submitted. If the majority vote of the electors voting at the election is "For the Ordinance" (or other proposition), the same proceedings shall be taken, after the canvass of the returns and declaration of results by the Council, as would be necessary if the same action upon such proposition had been taken by the Council itself, except that in the case of ordinances, no further publication thereof shall be required. Except as in this chapter otherwise provided, all of the provisions of Chapter III of this Charter for the calling and holding of City elections shall apply to referendum elections, as near as may be, and the proposition upon the ballot shall state the nature and purpose of the ordinance in terms sufficient to identify it. The voting lines on such ballot shall be as follows:

( ) FOR THE ORDINANCE

( ) AGAINST THE ORDINANCE

No referendum shall be held upon any ordinance required to be passed by the general laws of the State.

No ordinance adopted under this Charter by referendum vote shall be repealed or amended except by referendum vote.

Section 7.12. - Where Referendum Fails.

If at such election such ordinance shall fail, a similar ordinance on the same subject shall not be submitted to the electors for one year after the date of such election. The Council may by ordinance or resolution make such regulations not in conflict herewith as it may deem necessary to carry out the provisions of this chapter.

Section 7.13. - Veto By Mayor.

The Mayor shall have the power of the veto of resolutions and ordinances passed by the Council provided that the said veto, with the Mayor's reasons in writing, must be filed with the City Clerk at least 24 hours before the date of the next regular meeting of the Council at which said meeting, the Clerk shall present such veto or vetoes to the Council. The Council may, only at said meeting, reconsider the vote at which such proceedings were passed and adopted, and if it so elects may only at said meeting, readopt such proceedings by a five-sevenths vote of all the members elected in which event the veto shall be over-ridden and it will bar the right of the Mayor from any future vetoes of the proposed legislation. Such proceeding shall then become effective on the following day succeeding such meeting of the Council and ordinances so passed shall become effective immediately thereafter upon publication.

No ordinance, resolution or other proceeding shall be published until the meeting following the meeting, at which said ordinance, resolution, or proceeding was adopted.

3/6/26, 2:05 PM

Case 2:24-cv-10240-MAG-DRG   ECF No. 123-10, PageID.5247  Filed 03/09/26   Page 22 of 33
Dearborn Heights, MI Code of Ordinances

CHAPTER VIII. - GENERAL FINANCE: BUDGET: AUDIT

> *Footnotes:*
>
> *--- (6) ---*
>
> **State Law reference—** *Uniform budgeting and accounting, MCL 141.421 et seq.*

Section 8.1. - Fiscal Year.

The fiscal and budget year of the City shall begin on the first day of July of each year and end on the thirtieth day of June of the next year.

Section 8.2. - Budget: Preparation of.

On or before the first day of April of each year, the Mayor shall prepare and submit to the Council a complete itemized proposed budget for the next fiscal year. It shall include at least the following information:

(a) Detailed statements and estimates of all anticipated income of the City from sources other than taxes and borrowing, with a comparative statement of the amounts received by the City from each of the same or similar sources from the last preceding and current fiscal years;

(b) Statements of the indebtedness of the City showing the principal and interest requirements for the next fiscal year, the debt authorized and unissued, and the condition of sinking and debt retirement funds, if any;

(c) Detailed statements and estimates of all proposed expenditures for each department and office of the City showing the expenditures for corresponding items for the current year as available and last preceding fiscal years;

(d) A statement of the estimated balance or deficit, as the case may be, at the end of the current fiscal year;

(e) An estimate of the amount of money to be raised from current and delinquent taxes and the amount to be raised from bond issues which, together with incomes from other sources, will be necessary to meet the proposed expenditures;

(f) Any other information which may be necessary or useful in establishing a budget for the ensuing fiscal year.

Section 8.3. - Budget: Public Hearings.

A public hearing on the budget shall be held before its final adoption, at such time and place as the Council shall direct, and notice of such public hearing shall be published at least once one month in advance thereof by the Clerk. A copy of the proposed budget shall be on file and available to the public for inspection at the office of the Clerk during office hours for a period of not less than three (3) weeks prior to such public hearing.

Section 8.4. - Adoption of Budget.

The Council shall, on or before the first Monday in June, adopt a budget for the ensuing fiscal year and shall, by resolution, designate the sums to be raised by taxation for the general purposes of the City and for the payment of indebtedness; provided however, that failure to act within the time herein shall not invalidate any tax levy.

**State Law reference—** Mandatory that Charter provide for an annual appropriation, MCL 117.3(h).

Section 8.5. - Budget Control.

The adoption of a budget shall not be construed as authority to any officer of the City to expend the amount set forth in such budget unless such expenditure has been authorized by proper warrant.

At any meeting after the adoption of the budget and after at least one week's notice to the members of the Council, the Council may amend such budget so as to authorize the transfer of unused balances appropriated for one purpose to another balances appropriated for one purpose to another purpose, or to appropriate available revenues of a class not included in the annual budget.

Section 8.6. - Periodic Evaluation of Budget By Council.

At the beginning of each month during the fiscal year, the Mayor shall submit to the Council data showing the relation between the estimated and actual income and expenses to date. If it shall appear that the income of the City is less than anticipated, the Council may reduce appropriations, except amounts required for debt and interest charges. At the end of each fiscal year, the unencumbered balance of any appropriation except that for the payment of indebtedness, shall be deemed unappropriated.

Section 8.7. - Comptroller—General Account.

There shall be a Comptroller who shall be appointed by the Mayor who shall be the general accountant of the City and keep all of the accounts of said City according to a uniform system required by law and shall perform such other duties as may be required of him by the Mayor and/or Council.

**State Law reference—** Uniform budgeting and accounting act, MCL 141.421 et seq.

Section 8.8. - Disbursement of Funds.

The Treasurer shall receive and disburse all moneys belonging to the City, and shall keep an accurate detailed account of all money received and disbursed by him, and of the particular fund into which or from which the same is paid. He shall, at least once a month and oftener if required, furnish the Council with a statement showing all cash on hand and in the bank at the beginning of the previous month, the receipts and disbursements for the previous month, and the condition of the several funds of the City. He shall make such other reports as the Council may require.

Section 8.9. - Warrants: How Drawn: Shall Not Be Drawn: When.

No money shall be drawn from the Treasury except upon the warrant of the Mayor and countersigned by either the Comptroller or the City Clerk. Every warrant shall specify the fund from which it is payable, and shall be paid from no other fund. No warrant shall be drawn upon the Treasury after the fund from which it should be paid has been exhausted, and if such warrant shall be drawn, it shall be void.

No warrant shall be issued until the same has been first authorized by the Council; provided however, that warrants may be issued for the payment of any necessary expense without prior authorization of the Council if authorized by the Mayor, but the total amount of such warrants issued between any successive regular meetings of the Council shall not exceed an amount as the Council may from time to time establish.

All liquidated accounts and demands against the City shall be received and audited by the Comptroller, who shall enumerate them on a regular form prescribed by Council and who, with the Mayor, shall certify as to the correctness or incorrectness of the various amounts on said list. Each invoice shall be approved by the official incurring the expenditure.

Section 8.10. - Collection of Moneys.

All taxes, special assessments, and other moneys accruing to the City shall be collected by the Treasurer. All moneys received by the Treasurer shall be promptly deposited by him with such responsible banking institution or institutions as shall be designated by Council, and all interests on such deposits shall accrue to the benefit of the City.

**State Law reference—** Designation of depositories, MCL 129.12, deposit of public moneys, MCL 211.43b.

Section 8.11. - Revenue Deposit.

The revenues raised by general taxation, or by loan to be paid by such tax, shall be divided into such and so many funds as the Council may determine; provided, that all moneys raised for the retirement of debt and for interest thereon, shall be kept in a separate fund and in a separate bank account.

Section 8.12. - Annual Audit.

The Council shall provide that an annual certified audit be made of the accounts of all the officers and departments of the City government, by independent certified public accountants.

The certified audit shall be made to the Council directly.

A certified copy of the audit shall be on public record and for the inspection of the public during all regular office hours in the office of the Mayor.

(Amended by electors on 8-8-72)

Section 8.13. - Investment of City Funds.

The Council may direct the Treasurer to invest any surplus funds belonging to, or under the control of the City, in such obligations, bonds and securities as are permitted by the statutes of the State of Michigan in such amounts and issues as may be determined by the Council.

Case 2:24-cv-10240-MAG-DRG   ECF No. 123-10, PageID.5251   Dearborn Heights, MI Code of Ordinances   Filed 03/09/26   Page 26 of 33

CHAPTER IX. - CONTRACTS

Section 9.1. - Competitive Bidding, Contracts and Purchasing Procedures.

The City shall enact an ordinance which may be amended from time to time by the City Council, establishing competitive bidding procedures, policies and standards for the purchase of or contracting for materials, supplies and public improvements.

(Res. of 5-22-07, passed at referendum on 11-6-07)

Section 9.2. - Reserved.

**Editor's note—** A resolution adopted on May 22, 2007, and passed by the electors at referendum on Nov. 6, 2007, deleted §§ 9.1 and 9.2 and enacted a new § 9.1 to read as set out herein. Former § 9.2 pertained to material purchases and was amended by electors on Aug. 5, 1986.

Section 9.3. - Specifications.

No public improvement costing more than Five Thousand ($5,000.00) Dollars shall be contracted for or commenced until drawings, profiles and estimates for the same shall have been submitted to the Council and approved by it; and a copy thereof shall hereafter remain on file in the office of the Clerk subject to inspection by the public.

Section 9.4. - Approval of Contracts.

No contract shall be entered into by the City for the making of any public improvement or for the purchase of any materials, tools, apparatus, or any other thing or things, the consideration or cost of which shall exceed Five Thousand ($5,000.00) Dollars, until the same shall have been approved by a majority of the Council elect.

**State Law reference—** Restriction on making contracts with persons in default to city, MCL 117.5(f).

Section 9.5. - Review.

Dearborn Heights, MI Code of Ordinances

All contracts prior to submission to the Council shall be reviewed by the Mayor.

3/6/26, 2:05 PM

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART

     Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation

     Defendant.

Case No. 2:24-cv-10240-MAG-DRG
Hon. Mark A. Goldsmith

| | |
|---|---|
| MICHAEL M. McNAMARA (P48055)<br>BRANDON GRYSKO (P82751)<br>STEPHEN J. BROWN (P82687)<br>FAUSONE & GRYSKO, PLC<br>Attorney for Plaintiff<br>41700 West Six Mile Road, Suite 101<br>Northville, MI 48168-3460<br>(P)(248) 912-3218; (F)(248) 380-3434<br>mmcnamara@thefgfirm.law | MONICA N. HUNT (P68838)<br>SEAN M. FARRELL (P86402)<br>THE ALLEN LAW GROUP, PC<br>Attorney for Defendant City of Dearborn Heights<br>3031 West Grand Boulevard, Suite 525<br>Detroit, Michigan 48202<br>(P)(313) 871-5500; (F)(313) 871-0517<br>mhunt@alglawpc.com<br>sfarrell@alglawpc.com |
| Kassem Dakhlallah (P70842)<br>Tarik D. Turfe (P83690)<br>HAMMOUD, DAKLALLAH &<br>ASSOCIATES, PLLC<br>Attorneys for Intervening Defendant<br>Dearborn Heights City Council<br>6050 Greenfield Rd, Ste 201<br>Dearborn, Michigan 48126<br>(313) 551-3038<br>tt@hdalawgroup.com | Gary T. Miotke (P41813)<br>Attorney for Intervening Defendant<br>Dearborn Heights City Council<br>6828 Park Avenue<br>Allen Park, Michigan 48101<br>(313)-388-4809<br>gmiotke@miotkelawoffice.com |

## DEFENDANT CITY OF DEARBORN HEIGHTS  RESPONSE TO PLAINTIFFS' REQUEST FOR ADDITIONAL AND SUPPLEMENTAL INTERROGATORIES AND DOCUMENTS

Defendant City of Dearborn Heights ("Defendant" or "City"), through their counsel, submit the following supplemental answers to the first request for production by Plaintiffs Kevin Swope ("Swope"), Paul Vanderplow ("Vanderplow"), and Jarrod Hart ("Hart") (collectively referred to as "Plaintiffs"), subject to the General Objections set forth below.

## GENERAL OBJECTIONS

1.      Defendant's answers to Plaintiff's documents were prepared in full compliance with the Federal Rules of Civil Procedure and pursuant to a reasonable and duly diligent search for the information properly requested.  The scope of the investigation conducted to locate responsive information was limited to making inquiries to those most likely to be knowledgeable about the specific matters at issue and to reviewing files in which information related to such matters is ordinarily expected to be found.  To the extent that this discovery set purports to require an investigation that exceeds this scope, Defendant objects on the grounds that such a requirement (1) exceeds the scope of permissible discovery and (2) improperly attempts to impose an unreasonable burden and expense.

2

2.    Defendant objects to documents that seek confidential or private information, including, without limitation, information subject to attorney-client privilege, the work product doctrine, the deliberative process privilege or any other available privilege, doctrine, immunity or protection.  Insofar as the Federal Rules of Civil Procedure require the production of such information, Defendant objects to providing such documents before entry of a suitable protective order to maintain the confidentiality of such information.

3.    Defendant objects to Plaintiff's definitions and instructions as improper and unduly burdensome to the extent that they (1) purport to impose any obligations broader than those set forth in the Federal Rules of Civil Procedure, (2) purport to define terms or phrases in a manner different from their ordinary common meaning, and (3) improperly seek information protected by the attorney-client privilege or attorney work-product doctrine.

4.    These answers are based only on such information and documentation that is presently available. Further investigation, research, and analysis may supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses.

5.　　　Defendant objects to those documents which are irrelevant to the subject matter of this litigation and seek facts which do not appear reasonably calculated to lead to the discovery of admissible evidence.

6.　　　Defendant objects to documents that seek information in the possession of the Plaintiff or third parties and requests that are duplicative (in whole or in part) of other requests.

7.　　　Defendant reserves the right to challenge the competency, relevancy, materiality and admissibility of, or object on any ground, to the use of, information set forth herein (or documents produced herewith) in any subsequent proceeding or the trial of this or any other action.

These General Objections are incorporated by reference into each answer below.  Though each answer may reference a specific objection, the Board does not waive any of its General Objections. Subject to and without waiving these objections, Defendant answers Plaintiff's Request for First Set of Interrogatories and Documents as follows:

## <u>RESPONSE TO REQUEST FOR INTERROGATORIES</u>

2.　　Please describe and identify all instances in the last five years in which any member of the Council has contacted a witness to a Ticket-Fixing Scheme or a person with a Ticket-Fixing Scheme.

Answer: In its supplemental response to Plaintiffs' Request for Interrogatories Number Two, Defendant City of Dearborn Heights states that it is not in possession

n, Madonna University, Occupational Safety, August 2022

ing, MLE Training Associates, Police Training, June 5, 2022,

a, Police Training Sessions, Tuition Reimbursement, May 5,
.60

our, Fire Safety Training, Court Reimbursement, February 2022,

a, Police Training Sessions, Tuition Reimbursement, January
.55

12.    Please state the calendar date or date on which the document found at **Exhibit A** was drafted, completed, signed and mailed (consistent with its own certificate of service).

ANSWER: In response to Plaintiffs' Request for Interrogatories Number Twelve, the referenced document was mailed via first-class mail on July 13, 2024.

14. Please state the total dollar amount budgeted for the Dearborn Heights Police Department in each of years 2021, 2022, 2023, 2024 and 2025.

ANSWER: In response to Plaintiffs' Request for Interrogatories Number Fourteen, Defendant City of Dearborn Heights objects to the request as it lacks relevance to the issues contained in the instant lawsuit. Without waiving any objections, Defendant City of Dearborn Heights states that the approved budget of the Dearborn Heights Police Department is as follows:

2020-2021: $13,954,631

2021-2022:$13,887,954

2022-2023: $13,216,675

2023-2024: 15,004,188

2024-2025: $16,224,149

2025-2026: $18,258,024

7

15. Please state the actual dollar expenditure of the Dearborn Heights police department in each of years 2021, 2022, 2023, 2024 and 2025 (year to date).

ANSWER: In response to Plaintiffs' Request for Interrogatories Number Fifteen, Defendant City of Dearborn Heights objects to the request as it lacks relevance to the issues contained in the instant lawsuit. Without waiving any objections, Defendant City of Dearborn Heights states that the requested expended funds of the Dearborn Heights Police Department is as follows:

2020-2021: $12,933,643

2021-2022: $10,945,409

2022-2023: $14,244,772

2023-2024: $16,684,795

2024-2025: $15,945,941

2025-2026: $16,684,795

Subscribed and sworn to before me this _____ day of December 2025

_____
_____, Notary
_____ County, Michigan
My Commission Expires: _____

DuJuan Dickerson
_____

As to Objections Only:
**THE ALLEN LAW GROUP, P.C.**
By: _/s/ Monica N. Hunt_____
Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com