# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KEVIN SWOPE, PAUL VANDERPLOW JERROD HART, | Case No. 2:24-cv-10240 Hon. Mark A. Goldsmith Magistrate David R. Grand |
| Plaintiffs, | |
| v | |
| CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation, | |
| Defendant, | |
| CITY OF DEARBORN HEIGHTS CITY COUNCIL, in its official capacity only, | |
| Intervening Defendant. | |

## PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT

## EXHIBIT 12

**Brown, Joseph**

| | |
|---|---|
| From: | Brown, Joseph |
| Sent: | Wednesday, May 21, 2025 11:49 AM |
| To: | Gary Miotke |
| Cc: | Monica Hunt; Grysko, Brandon; Kassem Dakhlallah; Tarik Turfe |
| Subject: | RE: Mr. Miotke's Swope Questions |

We must agree to disagree, Mr. Miotke.

I believe this leaves us back where we were before a few weeks back.

We shall duke it out in briefing, and may the best written arguments win.  No need for further attempts at conferring.  I promise not to argue that you failed to avoid motion practice with attempts at compromise.  You've tried.

Look forward to reading your brief.

**Joseph Brown**
Attorney



41700 Six Mile Road, Suite 101
Northville, Michigan  48168-3460
(248) 912-3213
(248) 380-3434 fax
jbrown@thefgfirm.law
www.thefgfirm.law
Follow us on Facebook:   https://www.facebook.com/FausoneGryskoPLC/
Follow us on LinkedIn:   https://linkedin.com/company/fausone-grysko-plc/

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable laws.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and/or reply to the e-mail message.  Thank you.

**From:** Gary Miotke <gmiotke@miotkelawoffice.com>
**Sent:** Wednesday, May 21, 2025 11:29 AM
**To:** Brown, Joseph <jbrown@thefgfirm.law>
**Cc:** Monica Hunt <mhunt@alglawpc.com>; Grysko, Brandon <bgrysko@thefgfirm.law>; Kassem Dakhlallah <kd@hdalawgroup.com>; Tarik Turfe <tt@hdalawgroup.com>
**Subject:** RE: Mr. Miotke's Swope Questions

Mr. Brown:

To start and to clarify, I represent the City Council as distinct from the City in this litigation. And, yes, the City is allied with the City Council. Yet, since the City's executive branch is currently controlled by the same Mayor who

1

illegally hired your clients (just stating our position, not asking you to agree), the City's cooperation in these matters is not always forthcoming to the extent that the City Council must rely on members of the executive branch.  So, this is the reason why my inquiry was directed to you.

Thank you for the good faith courtesy of your response.  This is what I suspected was happening, but I wanted to be sure about it in addressing the matter with the Court and otherwise.

To reciprocate the good faith courtesy and to ensure that there is no misunderstanding of the City Council's position, I am sharing the following.  I am not asking you to agree, and I am sure that you will disagree, but these are the City Council's positions.

First, any payment of severance to any of your clients is illegal because it violates the City Charter and the Uniform Budgeting and Accounting Act.  Assuming the Mayor had such payments included in contracts for your clients, he had no authority to do so and his authorization that such payments be made is akin to and may even constitute embezzlement.

Second, any payment of severance to any of your clients is not covered by the Preliminary Injunction because:
  (1) Your clients were actively employed by the City when the Preliminary Injunction was entered. They are no longer employed by the City. Thus, preserving the status quo under the Preliminary Injunction was never meant to include the payment of post-employment severance payments.
  (2) The payments are illegal.

Third, the Preliminary Injunction should be set aside for the same reasons stated in the preceding paragraph.  Additionally, it should be set aside because your clients will not suffer irreparable harm if it is not.  They have an adequate remedy at law in the form of damages.

Very truly yours,

GARY T. MIOTKE
Attorney at Law
Phone: (313) 388-4809

Confidentiality Statement
This e-mail is from a law firm, Gary T. Miotke, Attorney at Law ("GTM"), and is intended solely for the use of the individual(s) to whom it is addressed.  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else.  If you are not an existing client of GTM, do not construe anything in this e-mail as making you a client unless it contains a specific statement to that effect, and do not disclose anything to GTM in reply that you expect him to hold in confidence.  If you properly received this e-mail as a client, co-counsel or retained expert of GTM, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

U.S. Treasury Regulations Statement
This communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the tax laws of the United States, or promoting, marketing or recommending to another party any transaction or matter addressed in this communication (and any attachment).

**From:** Brown, Joseph <jbrown@thefgfirm.law>
**Sent:** Wednesday, May 21, 2025 9:27 AM
**To:** Gary Miotke <gmiotke@miotkelawoffice.com>

**Cc:** Monica Hunt <mhunt@alglawpc.com>; Grysko, Brandon <bgrysko@thefgfirm.law>
**Subject:** Mr. Miotke's Swope Questions

Mr. Miotke:

Got your voicemail, and sorry for the late response as I have been on trial.

You inquired as to "what is going on" with my clients' pay.

My first inclination is to refer you to the City, your ally in this litigation, which would know the answers your own questions. You should talk to the City. Indeed, you claim to represent the City, which is the employer in this situation.

I'll also attempt a good faith response as well, just as a courtesy: In addition to their general damages claims, each of the three plaintiffs was owed a severance package by contract. The package may have varied by man, and the amounts the City has actually paid have also varied. Hart has been paid some amounts, but Swope and Vanderplow have not.

It is our position that such severance payments are benefits that are covered by the injunction, and thus the failure to pay them violates the injunction. Which is why I plan on resurrecting the rule to show cause motion that I once had filed, with all these new events and incidents added to the list of alleged violations of the injunction. (I don't ask you to agree. Just discussing my plans, lawyer to lawyer).

Hope this helps.

**Joseph Brown**
Attorney



FAUSONE & GRYSKO, PLC
ATTORNEYS AT LAW

41700 Six Mile Road, Suite 101
Northville, Michigan 48168-3460
(248) 912-3213
(248) 380-3434 fax
jbrown@thefgfirm.law
www.thefgfirm.law
Follow us on Facebook:   https://www.facebook.com/FausoneGryskoPLC/
Follow us on LinkedIn:   https://linkedin.com/company/fausone-grysko-plc/

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable laws. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and/or reply to the e-mail message. Thank you.