# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

---

## NOTICE OF FILING ERROR

(in the Filing of Docket 123-4 only)

The materials found at ECF No. 123-4 were filed in error and are not the correct Exhibit 4 to the Docket Item 123, which is titled "*Plaintiffs' Omnibus Response to Motions for Summary Judgment Filed by Primary Defendant (Dkt. 116) and Intervening Defendant (Dkt. 115)*".

The correct Exhibit 4 for Docket 123 is attached hereto and should replace 123-4 in its entirety

/s/  Stephen J. Brown
Plaintiffs' Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

---

## PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT

## EXHIBIT 4



**FAUSONE & GRYSKO, PLC**
ATTORNEYS AT LAW

April 23, 2025

Via Email (mhunt@alglawpc.com) and U.S. Mail

Ms. Monica Hunt
The Allen Law Group
3031 W. Grand Blvd., Suite 525
Detroit, MI, 48202

   Re: Constructive Discharge and Termination of Paul Vanderplow, as it relates
     to existing federal litigation, 24-cv-10240, in the Eastern District of Michigan,
     Swope, et al., v. City of Dearborn Heights (the "Legal Proceedings")

Dear Ms. Hunt:

I am writing to you in your capacity as attorney for the City of Dearborn Heights (the "City") in
the Legal Proceedings.  Please take notice that Plaintiffs now consider Mr. Paul Vanderplow to
have been constructively discharged, effective as of April 22, 2024.  As a courtesy to the City, Mr.
Vanderplow's last full day of employment with the City of Dearborn Heights (the "City") will be
May 9, 2024.

Mr. Vanderplow will continue to prosecute his claims in these proceedings and reserves all rights.
The facts surrounding and leading to his constructive discharge will now add to the body of
evidence that Plaintiffs will seek to introduce into evidence at trial and in support of a renewed
motion for sanctions, which they shall ultimately refile in the coming weeks or month.

"To demonstrate constructive discharge, a plaintiff must adduce evidence to show that (1) the
employer deliberately created intolerable working conditions, as perceived by a reasonable person,
(2) the employer did so with the intention of forcing the employee to quit, and (3) the employee
actually quit."  *Savage v. Gee*, 665 F.3d 732, 739 (6th Cir. 2012)(*quoting Moore v. KUKA Welding
Sys. & Robot Corp.*, 171 F.3d 1073, 1080 (6th Cir. 1999).

The City Council of Dearborn Heights has now spent the last two years vindictively and actively
trying to get rid of Mr. Vanderplow, and then bragging about it publicly.

The City Council's adverse actions and intrigues have included (1) attempts at defunding Mr.
Vanderplow's position after initially ratifying his employment contract, (2) filing false "stalking"
charges against Vanderplow, charges that have since been investigated and found invalid by the
Michigan State Police, (3) publicly disparaging and defaming Vanderplow, by name, in City
Council meetings and communications and (4) manufacturing an attempted "suspension" of Mr.
Vanderplow that Mayor Bazzi ultimately negated, but not before causing serious stress to
Mr. Vanderplow and damage to his reputation.  The available evidence strongly suggests that the
personal campaign against Mr. Vanderplow is partially motivated by his having been hired in part

*41700 West Six Mile • Suite 101 • Northville, MI 48168*
*(248) 380-0000 tel. • (248) 380-3434 fax •* www.thefgfirm.law



FAUSONE & GRYSKO, PLC
ATTORNEYS AT LAW

Ms. Monica Hunt
April 23, 2025
Page 2

to break a cycle of corruption within the City government (that his attackers have participated in), and partially by simple racism on the part of the City Council members against non-Arab police officers.

But additional discriminatory and retaliatory incidents continue to occur.

On April 3, 2025, while Mr. Vanderplow was on duty at the scene of a flooded area of the City, Councilperson Wencel taunted Vanderplow and made the statement that Vanderplow's "time was limited". These statements were captured on video by Director Vanderplow.

Last night, on the evening of April 22, 2025, the City Council voted 6-0 to prevent Mr. Vanderplow from assuming the position of Interim Comptroller and allowing Mr. Vanderplow the authority to sign documents on behalf of the City, all consistent with the recommendations of Mayor Bazzi. Such matters have not normally been the subject of City Council votes until last night.  The council session was video taped.

Based upon these incidents as well as a multitude of other non-listed actions by Council members, most of which are in open and obvious violation of a federal injunction, it is evident that the employment of Vanderplow has been constructively terminated by council members. We look forward to litigating these matters as well as our other claims, in federal court.

Sincerely,

Brandon M. Grysko

CC:    Paul Vanderplow (via email)
       Attorney Gary Miotke (via email)

F:\CFiles\WPDocs\BMG\Swope-Vanderplow-Hud\Correspondence\Vanderplow - Constructive Discharge Ltr 04-23 Final.docx



**Mayor's Office**

**Bill Bazzi**
Mayor

**Date**      February 3, 2025

**To**        Paul D. Vanderplow
             Director, Support Services/Internal Affairs

**From**      Bill Bazzi
             Mayor

**Subject**   Adjustment to contract due to continued harassment


Over the first few weeks of 2025 and with the departure of Chief Swope, Director Vanderplow has faced multiple attacks on his character from members of the Department, members of City Council as well as members of the public. In every case, the attacks are misguided and baseless with the sole purpose of halting his work in holding employees accountable as well as documenting waste, fraud and abuse within City operations.

On January 21, 2025, Director Vanderplow was subject to yet another an attack based upon his work for the City. Interim Chief Farhat attempted to suspend Director Vanderplow without due process, and under false pretenses. Additionally, Director Vanderplow has been subject to additional and baseless legal actions by Department union members. The most recent event was on January 28, 2025, during an in-session Council meeting, Councilperson Hassan Saab read into the official record un-verified personnel complaints against Director Vanderplow. Based on a preliminary review of the allegations, the claims are false and misleading. Additionally, based on the false claims, the Patrolman's Union as well as the Command Officer Union stood in opposition to Director Vanderplow. Unfortunately, the actions by Councilperson Saab did cause and continue to cause great harm to the reputation and stature of Director Vanderplow. Further, it has weakened his ability to carry out his duties as a Police Director.

Vanderplow, Paul
Adjustment to Contract

During 2024, a well-documented false narrative being purported by Council members regarding Director Vanderplow's uncovering of a preferential award of a contract within the City. Director Vanderplow uncovered and documented the collusion of a City employee with a vendor to provide services within the City against all procurement guidelines. Even after finding multiple instances of willful and misleading statements, Director Vanderplow was accused MULTIPLE times in a public and on the record forum by Council members. Even after several witnesses came forward to assert Council statements were false, the Council still maintained their vindictiveness against Director Vanderplow.

Based upon the multiple over acts by Council and others, it is abundantly apparent that Director Vanderplow will not be allowed to perform his duties. On several occasions, Councilperson Tom Wencel stated on the record that if Director Vanderplow has his name on any work product it will not be considered. This is tantamount to constructive termination by Councils actions.

Therefore, to provide a level of reassurance and financial protection, should Director Vanderplow determine that his employment with the City of Dearborn Heights as no longer tenable based upon the cumulative actions of Council and/or the Police Union(s), he will be constructively relieved of his duties - with the City responsible for compensating Director Vanderplow for the entirety of his employment contract to be paid within ten-(10) calendar days of his departure.

Vanderplow, Paul
Adjustment to Contract

Director Vanderplow has performed admirably for the City of Dearborn Heights in his role as Director of Support Services as well as the role of City Internal Affairs investigator.  On more than one occasion, Director Vanderplow has provided a beacon of hope to residents who feel marginalized by the actions of City employees as well as self-serving Councilpersons.  This action will be effective as of the date of this memo and will remain in his file as an addendum of his employment contract.

Bill Bazzi
Mayor