# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN SWOPE, et al,

        Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS,

        Defendant,

and

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

        Intervening Defendant.

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith

**<u>REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY
JUDGMENT OF INTERVENING
DEFENDANT CITY OF
DEARBORN HEIGHTS CITY
COUNCIL</u>**

BRANDON M. GRYSKO (P82751)
STEPHEN JOSEPH BROWN (P82687)
FAUSONE & GRYSKO, PLC
Attorneys for Plaintiffs
41700 West Six Mile Road, Suite 101
Northville, MI 48168-3460
(248) 912-3218; FAX (248) 380-3434
bgrysko@thefgfirm.law
jbrown@thefgfirm.law

MONICA N. HUNT (P68838)
SEAN M. FARRELL (P86402)
THE ALLEN LAW GROUP
Attorneys for Defendant
3031 W. Grand Blvd., Suite 525
Detroit, MI 48202
(313) 871-5500; FAX (313) 871-0517
mhunt@alglawpc.com
sfarrell@alglawpc.com

GARY T. MIOTKE (P41813)
Attorney for Intervening Defendant
6828 Park Avenue
Allen Park, MI 48101
(313) 388-4809
gmiotke@miotkelawoffice.com

KASSEM M. DAKHLALLAH (P70842)
TARIK D. TURFE (P83690)
HAMMOUD, DAKHLALLAH &
ASSOCIATES, PLLC
Attorneys for Intervening Defendant
6050 Greenfield Rd., Ste. 201
Dearborn, MI  48126
(313) 551-3038
kd@hdlawgroup.com
tt@hdalawgroup.com

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The City of Dearborn Heights City Council relies upon *Tucker v. Union of Needletrades, Indus., & Textile Emples*, 407 F.3d 784 (6th Cir. 2005) and the additional authorities and arguments in this Reply Brief.

## <u>REPLY TO COUNTER-STATEMENT OF MATERIAL FACTS</u>

1. Objection and denial: The allegations are irrelevant and immaterial to the arguments of Intervening Defendant CITY OF DEARBORN HEIGHTS CITY COUNCIL ("Council") made in its motion for summary judgment, ECF No. 115 for the reasons noted in ARGUMENT I. below and otherwise. For this reason, and based on the Case Management and Scheduling Order, they should *not* be included as "additional material facts" and are therefore denied due to their immateriality. <u>See</u> ECF No. 17, PageID.278-279. Hereafter, this objection and denial is referred to as "Objection and Denial #1". Without waiving: Denied as unsupported.

1.1. Objection and Denial #1. Without waiving: Admitted.

1.2. – 1.9. Objection and Denial #1. Objection and denial: Bazzi's statements about the history and happenings in the City's Police Department were made without personal knowledge and/or should otherwise be considered false or of doubtful accuracy because (a) Bazzi moved into the City shortly before he ran for City Council in 2019 and (b) he was motivated by a political agenda of accusing everyone else of "corruption" while he systematically engaged in an ongoing pattern of dishonest, illegal, and unauthorized actions related to the Police Department that is inconsistent with honesty and good faith. ECF No. 123-2, PageID.5038; Council's Statement of Material Facts ("Statement") ECF No. 115, PageID.3480-3487, paras.

1

1-3,15-17. Hereafter, this objection and denial is referred to as "Objection and Denial #2".

1.10. Objection and Denial ##1, 2. Objection: Hart had no personal knowledge of the Police Department to make such a statement.

1.11. Objection and Denial ##1, 2.

1.12. – 1.13. Objection and Denial #1.

1.14. – 1.16. Objection and Denial #1. Objection: Lay person giving legal opinion. Without waiving: Denied as untrue for the reasons explained in ECF No. 41, PageID.678-679; ECF No. 41-2, PageID.686-687; ECF No. 41-3, PageID.688, 691; ECF No. 83, PageID.1478-1480; ECF No. 83-2, PageID.1486-1487; ECF No. 83-4, PageID.1491-1492; ECF No. 83-5, PageID.1500-1501; and ECF No. 83-6, PageID.1502-1503. Hereafter, the legal opinion objection and the denial in the preceding sentence are collectively referred to as "Objection and Denial #3".

1.17. Objection and Denial #1. Without waiving: Admitted.

1.18. Objection and Denial ##1, 2, 3.

1.19. Objection and Denial ##1, 3.

2. – 2.2. Objection and Denial #1. Without waiving: Admitted.

2.3. – 2.6. Objection and Denial #1. Without waiving: Denied as untrue because: (a) the document is *not* the "CBA", (b) the *actual* CBA did *not* "grandfather" the Plaintiffs but allowed the City to retain them with the Union agreeing to abandon its

2

challenges to their retention, and (c) the City under the CBA always retained the rights to determine the functions and organization of the Police Department, determine the personnel necessary for the Department, and control the Department's budget, with the Council recognized as controlling the City's budget. Ex. L, Section 11.1.C., and Sections 14.4, 14.11.B., E., and F. (1), (4), and (5). Hereafter, the denial in the preceding sentence is referred to as "Denial #4".

2.7. Objection and Denial ##1, 2, 3. Denial #4.

3. Objection and Denial #1. Without waiving: Denied as unsupported.

3.1. (including all subparts). Objection and Denial ##1, 2.

3.2. Objection and Denial #1.

3.3. Objection and Denial #1. Without waiving: Denied as unsupported. Further, there is nothing in the record to suggest that the Plaintiffs ever made any public statements about "corruption" to the Council as a body.

3.4. Objection and Denial #1.

4. Objection and Denial #1. Without waiving: Denied as unsupported.

4.1. Objection and Denial #1. Without waiving: Denied as untrue. ECF No. 116-12, PageID.4895-4897.

4.2. – 4.3. Objection and Denial ##1, 2.

4.4. Objection and Denial #1. Objection: Hearsay re any statement from the FAC. Without waiving: Denied as unsupported re FAC statement. Hereafter, the hearsay

3

objection and the denial in the preceding sentence are collectively referred to as "Objection and Denial #5".

4.5. Objection and Denial ##1, 2.

4.6. Objection and Denial ##1, 5.

4.7. Objection and Denial #1. Denied as untrue where the Act 78 Commission did *not* uphold the discipline.

4.8. Objection and Denial #1. Denied as untrue where Saab's statement says no such thing.

4.9. Objection and Denial ##1, 2.

5. – 5.5. Objection and Denial #1. Objection: Lack of personal knowledge and speculation where Vanderplow has no information other than his self-serving "hunches" that any of this is true. Without waiving: Denied as unsupported and untrue. Ex. M and Ex. N.

5.6. Objection and Denial #1. Without waiving: Denied only as unsupported.

6. – 6.5. Objection and Denial #1. Denied as untrue. ECF No. 123-19, PageID.5373-5377; and ECF No. 37-2, PageID.636-642.

7. Objection and Denial #1. Without waiving: Denied as unsupported.

7.1. – 7.2. Objection and Denial #1.

7.3. Objection: Lay person giving medical opinion. Without waiving: Denied as untrue because: (a) There is __no__ expert support for the unqualified medical opinion

by a lay witness. (b) The cited material does **_not_** state that *the Council* caused Hart to have a job-induced heart attack where *the Council* pressured Hart "to criticize Israel after the Hamas attack on Gaza of October 7, 2023." Instead, it says that *Bazzi told* Hart that the Council *intended to pressure him*. ECF No. 123-13, PageID.5283, para. 74. So, the Council did nothing to Hart related to this issue. The Plaintiffs should be sanctioned for this misleading, inflammatory, and factually inaccurate assertion.

7.4. Admit only that Hart *claims* to have been constructively discharged but *deny* for the reasons previously argued that he was. ECF No. 115, PageID.3493-3497.

7.5. – 7.6. Objection and Denial #1. Without waiving: Denied as untrue. Id.

7.7., 8. – 8.3. Objection and Denial ##1, 3.

## ARGUMENT

I.  **The Purported Claims Of The Plaintiffs For Severance And The Purported Claims Of Plaintiffs, Swope And Vanderplow For Constructive Discharge Are *Not* Before The Court. This Court Should *Not* Consider Them In Relation To The Defendants' Motions For Summary Judgment.**

In *Tucker v. Union of Needletrades, Indus., & Textile Emples*, the 6th Circuit affirmed (1) a district court's dismissal of the plaintiff Tucker's claims on a summary judgment motion and (2) the district court's refusal to consider Tucker's promissory estoppel argument in response to the motion where she had not raised this claim in her pleadings." *Tucker v. Union of Needletrades, Indus., & Textile Emples*, 407 F.3d

5

784, 787-789 (6th Cir. 2005). The 6th Circuit based its decision on the rule that: "A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a)." 407 F.3d at 788.

Further, the 6th Circuit upheld the district court's refusal to consider the plaintiff's new promissory estoppel claim despite it having been previously mentioned in the case. The plaintiff had raised her new claim in response to a prior summary judgment motion, but she did not seek to amend her complaint thereafter for a year. She only did so in response to the new summary judgment motion. 407 F.3d at 788. The 6th Circuit thus affirmed the district court's refusal to consider the new claim where the plaintiff never pled anything in her complaint to put the defendant on notice of it and she had the time and information to do so much earlier in the litigation. Id.

6th Circuit precedent is consistent with Tucker. See **Exhibit J**, *West v. Wayne Cnty.*, 672 Fed. Appx. 535, 541 (6th Cir. 2016) (unpublished) and **Exhibit K**, *Kurtz v. McHugh*, 423 Fed. Appx. 572, 579 (6th Cir. 2016) (unpublished) (Affirming district court's finding that plaintiff's failure to plead two new claims or to seek to add them through amendment precluded plaintiff from asserting them in response to defendants' motion for summary judgment; that these claims were raised in

6

discovery but were not in any complaint could *not* "be said to have given the defendants notice that plaintiff was asserting these additional claims.").

Moreover, the City Council (and the City) will be prejudiced if this Court permits the Plaintiffs to pursue these claims now without the City Council (and the City) having had the opportunities (1) to object to these claims being added to the case on substantive and procedural grounds *after they have been stated in a proposed pleading* and (2) to engage in discovery about them *after they have been stated in an actual pleading* and before the filing of dispositive motions.

## II.   **This Court Should Dismiss All Of The Plaintiffs' Claims That Are Before It.**

The City Council's Motion for Summary Judgment, ECF No. 115 was straightforward, legally sound, and factually well-supported. Yet, despite this, the Plaintiffs have ignored almost all the Council's arguments, have inadequately responded to the degree that they have responded, and have discussed matters at great length that are either *not* before this Court or have nothing to do with the issues raised in the Motion. Accordingly, the Motion must be GRANTED.

Respectfully submitted,

| | |
|---|---|
| */s/* GARY T. MIOTKE | /s/with consent TARIK D. TURFE |
| GARY T. MIOTKE (P41813) | KASSEM M. DAKHLALLAH (P70842) |
| Attorney for Intervening Defendant | TARIK D. TURFE (P83690) |
| | HAMMOUD, DAKHLALLAH & |
| DATED: March 16, 2026 | ASSOCIATES, PLLC |
| | Attorneys for Intervening Defendant |

7

**LOCAL RULE CERTIFICATION:** I, Gary T. Miotke, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all texts that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length. Local Rule 7.1(d)(3).

DATED: March 16, 2026                    */s/* GARY T. MIOTKE
                                         GARY T. MIOTKE (P41813)
                                         Attorney for Intervening Defendant

## CERTIFICATE OF SERVICE

I certify that on March 16, 2026, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

DATED: March 16, 2026                    */s/* GARY T. MIOTKE
                                         GARY T. MIOTKE (P41813)
                                         Attorney for Intervening Defendant