**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, PAUL VANDERPLOW,    Case No. 2:24-cv-10240-MAG-DRG
JERROD HART    Hon. Mark A. Goldsmith

     Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation

     Defendant.

CITY COUNCIL FOR THE CITY OF
DEARBORN HEIGHTS

     Intervening Defendant.

---

**<u>REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT</u>**

## **Table of Authority**

*Garcetti v. Ceballos*
    547 U.S. 410 (2006) …………………………………...……...……… 6

*Hart v Lutz*
    102 Fed.0Appx 10, 13 (6th Cir 2004) …………….....……………………..1

*Int'l Ass'n of Fire Fighters v Warren*
    411 Mich 642 (1981) …………………......……………………………….. 1

*Kent County Education Asso. v. Cedar Springs Public Schools*
    157 Mich. App. 59 (1987)  ………………………………………………….2

*Little v BP Exploration & Oil Co.*
    265 F. 3d 357, (6th Cir. 2001) …………………………………………….1

*Pickering v Board of Education of Township High School District 205*
    391 U.S. 563 (1968) …………………………………………………...6

*Pollack v. Pollack*
    154 F.3d 601, (1998) …………………………………………..………1

*Port Huron Educ. Ass'n MEA/NEA v. Port Huron Area Sch. Dist.*
    452 Mich. 309 (1996)  ……………………………………………..………2

*Provenzano v. LCI Holdings, Inc.*
    663 F.3d 806 (6th Cir. 2011)  ……………………………………….……4

*Tibbs v. Calvary United Methodist Church*
    505 F. App'x 508, 512 (6th Cir. 2012) …………………………………..…4

*White v. Baptist Memorial Health Care Corp.*
    699 F. 3d 869 (6th Cir. 2012) ……………………………………….…….. 1

*White v. Columbus Metro. Hous. Auth.*
    429 F.3d 232 (6th Cir. 2005) ……………………………………………..4

**Federal Statute**
28 U.S.C § 1746 …………………………………………………………..1

Plaintiffs' Response consists of conclusory statements without citing any admissible evidence or relevant case law. Instead, Plaintiffs attempt to have this Court believe that the evidence presented by Defendants reflecting Plaintiffs' claims lack any substance and merit, was based on "gimmicks". Plaintiffs try to make this Court focus on anything other than the fact that they have failed to provide any support for their unsubstantiated claims. Plaintiffs have resorted to using self-serving, unnotarized or sworn "affidavits" that contradict their deposition testimony, an attempt to manufacture support and create a genuine issue where there is none.[1]

Further, Plaintiffs' deflection of the issues by asserting the discovery has been delayed is erroneous. Plaintiffs have made a point of demanding exhaustive, irrelevant, and overly broad electronic searches in hopes of gaining a scintilla of information to support their unsubstantiated claims.

**Breach of Contract:** Plaintiffs' insistence that the PERA *trumps* Act 78 is erroneous and the interpretation of *Int'l Ass'n of Fire Fighters v Warren*, 411 Mich 642 (1981) is misread. First and foremost, the mandatory bargaining duty of PERA and the need

---

[1] " A party cannot create a genuine issue of fact sufficient to survive summary judgment by simply contradicting his or her own previous sworn statement by later filing an affidavit. *White v. Baptist Memorial Health Care Corp.,* 699 F. 3d 869, 877 (6th Cir. 2012). District Courts have properly disregarded unnotarized affidavits as unsworn statements. *Little v BP Exploration & Oil Co., 265 F. 3d 357, 363 n.3(6th Cir. 2001); Pollack v. Pollack, 154 F.3d 601, 611-12 n.20 (6th Cir. 1998), Hart v Lutz*, 102 Fed.0Appx 10, 13 (6th Cir 2004)(affirming district court's order granting summary judgment and holding that the Court properly disregarded as "unsworn statements" two affidavits that were "not sworn or otherwise subscribed pursuant to 28 U.S.C § 1746.

for uniformity, contrasted with the permissive nature of Act 78, indicates that the *bargaining duty* prevails over Act 78. Even if PERA and the CBA pertained to this matter, Plaintiffs' claims are not appropriate here, as the CBA contains a grievance process that offers employees remedies to their claims. Matters pertaining to breaches of contract, that are "covered" by a CBA that includes a grievance procedure with final and binding arbitration, the resolution of the dispute is governed by the contract, and no PERA issue is presented. *Port Huron Educ. Ass'n MEA/NEA v. Port Huron Area Sch. Dist.*, 452 Mich. 309 (1996).

If the CBA applies, Plaintiffs have failed to exhaust their administrative remedies and assert the three-part grievance process as required under the CBA. A copy of the cited CBA attached hereto as **Ex P**. Should the issue not be resolved through the grievance process, the CBA, which Plaintiffs argue governs here, at the very least, is subject to arbitration. *Id*. However, if the dispute implicates statutory rights under PERA, such as the obligation to bargain in good faith, the MERC has jurisdiction. *Kent County Education Asso. v. Cedar Springs Public Schools*, 157 Mich. App. 59 (1987).

Even if this Court were to find that it has the ability to determine Plaintiffs' claim, Plaintiffs have not established that a breach occurred. Hart admits to resigning from his positions, obtaining his full salary, and full severance. Swope further admits to resigning, but now, in an unnotarized, self-serving statement to suggest that he

was told that he was being asked to resign in order to advance Hussain Farhat[2] to the Chief role. This contradicts his deposition where he claims he was feeling heat to resign because of ongoing negotiations which resulted in one of the police unions filing an unfair labor practice claim. See Dep Tr of Swope, **Ex. Q**. 125:1-11 . Mayor Bazzi, the only person that could terminate the Chief, nonetheless, testified that he wanted Swope to remain as chief, when Swope resigned, he considered Farhat, as he served as Emergency Manager. See Dep Tr of Bazzi, **Ex. R**.151:7-12; 40:6-10.

Swope further testified that he received all of the salary and benefits due to him under his contract. So, in essence, Swope worked for the City, received a promotion and several raises, received all wages and benefits, decided to get another job, and now has decided to feign a coerced resignation with nothing more than false self-serving statements. Both Swope and Vanderplow, who also admit to receiving his full pay and benefits, fail to establish how their contracts were breached[3].

**WPA:** As stated above, each Plaintiff has testified to voluntarily resigning from their respective positions. They now argue that they suffered "constructive discharge." Outside of alleging generalized claims of being "exposed to such miserable, humiliating, and abusive working conditions[,]" ECF No. 123 Page ID

---

[2] Plaintiffs assert that Farhat was "unqualified" and underqualified" to be chief by stating nothing more than he was "Arab American". Similarly, Plaintiffs label Sgt Bazzy as being unqualified by stating nothing else than the fact that he was "Arab American".

[3] It must be noted that Plaintiffs Vanderplow and Swopes' claims of constructive discharge were not plead in the Amended Complaint.

5007, Plaintiffs fail to cite to any record facts to establish that Defendants intentionally made working conditions "so intolerable" that Plaintiffs were *forced* to resign related to any protected activity Plaintiffs might have engaged in. No positions were reduced, removed, or defunded. Further, Defendants have offered legitimate reasons for the City Council's actions, supported by record evidence.

**Discrimination**:   Plaintiffs assert that their allegations are supported by *direct evidence*. This is false. "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011) (citation and internal quotation marks omitted). "Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate . . . .'" *Tibbs v. Calvary United Methodist Church*, 505 F. App'x 508, 512 (6th Cir. 2012). As a result, "[i]solated and ambiguous comments are *insufficient* to support a finding of direct discrimination." *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 239 (6th Cir. 2005) (emphasis added). Importantly, the impetus of the race discrimination analysis is not only how a comparative employee was treated, but *how the Defendants directly imposed racist remarks to or actions against Plaintiffs*. Plaintiffs fail to point to any specific acts against or interactions with Defendants. As such, Plaintiffs fail to meet their burden.

4

**ADA/ADEA:**      Plaintiffs Response fails sufficient support its claims for ADA and ADEA. To establish a claim under the ADA, Hart is required to identify a request for accommodation that was unreasonably denied. There exists no evidence on this record to confirm that any such accommodation was ever sought for Hart's alleged medical conditions. Plaintiffs admit as much in their own response, confirming that the only accommodation sought was "was to be spared the harassment and abuse[.]" ECF No. 123, PageID.5016. This is not an accommodation geared toward aiding Hart to manage his "disabilities".  There exists no evidence to support that Hart reported alleged disabilities for the purpose of requesting an accommodation.

Similarly, in an attempt to meet the requirements under the ADEA, Plaintiffs allege that they were adversely affected by their race and subsequently replaced by "younger" people. Mayor Bazzi, the only person with authority to fire them, testified that he wanted them to stay on. When Hart left, Mayor Bazzi appointed Swope to replace him. When Swope and Vanderplow resigned, both positions were in need of staffing and were subsequently filled. Plaintiffs claim their replacements, Farhat and Baydoun, were younger and not qualified. Without providing a basis for their lack of qualification, Plaintiffs do, repeatedly, simply reference them being "Arab-American". The term "unqualified" was not used to describe Chief Michael Guzowski, who was appointed by former Chair and Mayor Beydoun.

5

**FLSA:** In their response, Plaintiffs avoid the legal standard required to assert their claims under the FLSA. Instead, they point to an injunction regarding the City Council's resolutions as another deflection. However, regardless of any injunction, there is no evidence that Plaintiffs were not fairly compensated for their work.

**First Amendment:** Plaintiffs' reliance on Pickering is misplaced. *See Garcetti v. Ceballos*, 547 U.S. 410, 426 (2006) (holding that *Pickering* does not apply if a government employee speaks about a matter of public concern incident to the employee's job-related duties because "[o]ur precedents do not support the existence of a constitutional cause of action behind every statement a public employee makes in the course of doing his or her job"). Moreover, unlike in *Pickering,* where the defendant employer acknowledged terminating the plaintiff, stating that a letter that he published caused damage to the defendant's reputation and image, here, Plaintiffs only have support for having spoken out about issues within the police department. They fail to identify any retaliation.

Plaintiffs attempt to portray Khalil Rahil, an individual who is not a City employee, Council member, or holder of any powers within the City, as a political mastermind who somehow influences everything in the City. Rahal, the current Economic Development Director for DTE testified that he has authority to hire, fire, promote or demand the same of any police officer or employee in Dearborn Heights. See Dep Tr of Rahal, **Ex. S**.12:20-22; 62:15-25, 63:1-3.

6

Despite Mayor Bazzi stating that he believed Rahal requested the promotion of Sgt. Bazzy, which neither he, nor current Mayor Beydoun did, he confirmed that Rahal had no authority to hire, fire, promote, or demand the same, in the City. Ex. Q.34:6-25, 35:1-3. Moreover, while Plaintiffs assert that this alleged pressure from Rahal was influenced by the members of the Council, Beydoun testified that he never asked Rahal to speak with Mayor Bazzi on his behalf to get Sgt Bazzy promoted. See Dep Tr of Beydoun, **Ex. T**, 73:2-10.

Plaintiffs intentionally misled this Court by alluding to Rahal, stating that the Council mocked Plaintiffs' reform efforts and made shirts to that effect. Rahal specifically testified that there were no jokes regarding the reform efforts. Ex. S, 35:16-25, 36:1-12. Saab also testified that the shirts referenced the Mayor as he did not talk to the community, therefore the shirts were never about investigations or an effort to intimidate. See Dep Tr of Saab, **Ex. U**, 117:9-25, 118:1-2.

**CONCLUSION**

Plaintiffs unsupported, one-sided statements that are contradicted by testimony, facts and case law fail to support any of claims. Defendant requests that this Court reject Plaintiffs improper and contradictory "affidavits", and based on the arguments herein, and in reliance on Defendant's and Intervening Defendant's Motions, grant its Motion for Summary Disposition and dismiss Plaintiffs' complaint with prejudice.

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

Dated: March 16, 2026        By:    */s/ Monica N. Hunt*

Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

LOCAL RULE CERTIFICATION: I, Monica N. Hunt, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By:    */s/ Monica N. Hunt*

Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, I did serve the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

*/s/ Monica N. Hunt*
Monica N. Hunt

9