## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

---

### PLAINTIFFS' LEGAL MEMORANDUM FILED PER INSTRUCTION OF DISCOVERY MASTER STEVEN SCHWARTZ REGARDING WITHHELD DOCUMENTS ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE

NOW COMES Plaintiffs, KEVIN SWOPE, PAUL VANDERPLOW, AND JERROD HART, by and through their attorneys, FAUSONE & GRYSKO, PLC, and for their "Legal Memoranda Filed Per Instruction of Discovery Master Steven Schwartz Regarding Withheld Documents on the Basis of Attorney-Client Privilege" state as follows and further attach a supporting legal brief.

1

1.    On March 5, 2026, Defendant City of Dearborn Heights (the "City") produced its latest set of documents pursuant to this Court's Order Regarding Discovery Issues Resolved by Stipulation of the Parties (Dkt. 108).

2.    The City withheld ten documents from this production asserting attorney-client privilege and work product. *See* **Exhibit 1** (privilege log).

3.    Among the documents listed on the privilege log, five of them include one or more Plaintiffs as recipients, four of which were transmitted after this action was commenced on January 29, 2024.

4.    At the direction of Special Discovery Master Steven Schwartz, the parties submitted briefing regarding the propriety of the City's privilege assertions.

5.    On March 26, 2025, Mr. Schwartz informed the parties that he was unable to resolve the dispute and directed the parties to submit their arguments to this Court.

6.    Accordingly, Plaintiffs submit their previously provided brief, attached hereto, and incorporated herein, demonstrating that:

      a. No attorney-client privilege attaches to communications sent to adverse parties; and

      b. Alternatively, any such privilege was waived by Defendant's knowing disclosure.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order compelling Defendant City of Dearborn Heights to produce all documents identified on its privilege log that were transmitted to or received by any Plaintiff after January 29, 2024, and for such other relief as the Court deems just and appropriate.

Dated: March 27, 2026

Respectfully submitted,

/s/ John J. Walsh
FAUSONE & GRYSKO PLC
Brandon M. Grysko (P82751)
Stephen J. Brown (P82687)
John J. Walsh (P88914)
Counsel to Plaintiffs
41700 West Six Mile Road, Suite 101
Northville, Michigan 48168-3460
(248) 380-0000
jwalsh@thefgfirm.law

## LOCAL RULE CERTIFICATION

I, Attorney John J. Walsh, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnote); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

/s/ John J. Walsh

3

## CERTIFICATE OF SERVICE

I, John J. Walsh, hereby certify that on February 19, 2026, I served a copy of **PLAINTIFFS' LEGAL MEMORANDUM FILED PER INSTRUCTION OF DISCOVERY MASTER STEVEN SCHWARTZ REGARDING WITHHELD DOCUMENTS ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE** on all appearing attorneys and service recipients registered for receipt via electronic filing. I declare under penalties of perjury that this Proof of Service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

/s/ John J. Walsh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

---

## PLAINTIFFS' BRIEF IN RESPONSE TO SPECIAL DISCOVERY MASTER'S REQUEST REGARDING DOCUMENTS WITHELD ON GROUNDS OF ATTORNEY-CLIENT PRIVILEGE

### I. INTRODUCTION

The City of Dearborn Heights has withheld ten documents from their latest production on March 5, 2026, asserting attorney-client privilege and work product protection. In support of that position, counsel for Defendant City of Dearborn Heights (the "City") has cited two unpublished Eastern District of Michigan cases for the proposition that municipalities may invoke the attorney-client privilege and

1

that communications between a municipality's attorney and its employees are protectable. Additionally, in an email dated March 18, 2026, counsel cited *Upjohn Co v United States* for the proposition that corporate employees are bound by the attorney-client privilege not to reveal confidential communications between themselves, and corporate counsel given within the scope of the employees' corporate duties to enable the corporation to obtain legal advice. 449 U.S. 383, 394-395; 101 S. Ct. 677; 66 L. Ed. 2d 584 (1981).

Plaintiffs do not dispute those propositions of law. The issue is narrower and more straightforward: the privilege cannot shield communications that were sent directly to Plaintiffs, who were the City's adverse parties in active litigation at the time. Alternatively, even if the communications were privileged at their creation, that privilege was waived by the City's knowing disclosure of them to Plaintiffs without restriction. Either way, the documents must be produced.

## II.   NO PRIVILEGE ATTACHES TO COMMUNICATIONS SENT TO ADVERSE PARTIES

The attorney-client privilege protects confidential communications between an attorney and *the attorney's client* for the purpose of rendering legal advice. *Zen Design Grp., Ltd v. Scholastic, Inc.*, 327 F.R.D. 155, 159 (E.D. Mich. 2018) (emphasis added). The City's privilege log (***Exhibit 1***) shows that various communications authored by City Corporation Counsel Roger Farinha, who was

fully familiar with this litigation, and other individuals were sent directly to one or more of the Plaintiffs at their City email address after the Complaint was filed on **January 29, 2024**.

Plaintiffs were not the City's clients—they were its litigation adversaries. A city attorney, or anyone else working for the City, cannot render confidential legal advice to the people suing the City. The notion is logically incoherent, and no privilege can arise from a communication directed to one's litigation opponent regardless of that person's employment status. Neither of Defendant's unpublished cases addresses this situation, and neither supports the City's position here.

## III.   IN THE ALTERNATIVE, ANY PRIVILEGE HAS BEEN WAIVED

Even if communications were privileged at the time of their creation, that privilege was waived. Under Sixth Circuit precedent, the attorney-client privilege is waived when the holder voluntarily discloses the substance of a privileged communication to a third party, because such disclosure is fundamentally inconsistent with the confidentiality the privilege is designed to protect. *In Re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1995).

The City's I.T. Director, David Cooper, confirmed at deposition that the City had the full technical ability to prevent Plaintiffs from receiving these communications and made no effort to do so. (***Exhibit 2***, Cooper Dep. pp. 47–49.)

3

The first four communications listed on Defendant's privilege log were each transmitted more than six months after this litigation was initiated, and the recipients' identities were not hidden—Plaintiffs' names were plainly visible in their email addresses. Paul Vanderplow's city email address, for example, was "pdvanderplow@dearbornheightsmi.gov." The disclosure was therefore knowing and deliberate.

Having voluntarily transmitted litigation communications to its own adverse parties without restriction, the City cannot now assert the privilege to shield those same documents from discovery. That is a textbook waiver under the Sixth Circuit's framework.

Moreover, the City cannot retreat to the safe harbor for inadvertent disclosures. Under Federal Rule of Evidence 502(b), an inadvertent disclosure does operates as a waiver only if the holder of the privilege took reasonable steps to prevent disclosure and promptly took steps to rectify the error. Neither element is present here. The City took no steps to prevent these communications from reaching Plaintiffs—steps it had every technical means to make—and took no corrective action whatsoever after the fact. This was not a slip. It was a course of conduct spanning months of active litigation.

4

Notwithstanding the foregoing, Plaintiffs acknowledge a limited, conditional point brought up in Defendant's email dated March 18, 2026. Should Special Discovery Master Schwartz determine that any of the communications identified on Defendant's privilege log are, in fact, wholly unrelated to the subject matter of this litigation—bearing in mind the broad scope of relevance applicable in discovery—Plaintiffs do not dispute that such communications may remain protected by attorney-client privilege because Plaintiffs would not be adverse to the City with respect to completely exogenous matters. However, Plaintiffs maintain a good-faith belief that additional communications exist, not reflected on the present privilege log, that were transmitted to Plaintiffs and are directly related to the claims and defenses in this case. To the extent such communications remotely concern the subject matter of this litigation and were disclosed to Plaintiffs, they cannot properly be withheld on grounds privilege for the reasons stated above.

## IV.   CONCLUSION

Under controlling law, all documents on the City's privilege log that were transmitted to or received by any Plaintiff after January 29, 2024 must be produced. No privilege attached to those communications in the first instance because they were sent to adverse parties, and any privilege that did exist has been waived by the City's knowing and unrestricted disclosure of them to Plaintiffs.

5

To the extent Defendant contends that any such communications are wholly unrelated to the subject matter of this litigation, Plaintiffs respectfully submit that, given the broad scope of relevance in discovery, that contention should be viewed with skepticism. Nevertheless, should the Court determine that any such communications are in fact wholly unrelated, Plaintiffs do not dispute that those limited communications may remain privileged.

However, Plaintiffs maintain that additional responsive communications—beyond those identified on the current privilege log—were transmitted to Plaintiffs and relate directly to the claims and defenses in this case. Such communications cannot properly be withheld on the basis of privilege.

Dated: March 27, 2026

Respectfully submitted,

/s/ John J. Walsh
FAUSONE & GRYSKO PLC
Brandon M. Grysko (P82751)
Stephen J. Brown (P82687)
John J. Walsh (P88914)
Counsel to Plaintiffs
41700 West Six Mile Road, Suite 101
Northville, Michigan 48168-3460
(248) 380-0000
jwalsh@thefgfirm.law

6

## LOCAL RULE CERTIFICATION

I, Attorney John J. Walsh, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnote); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

/s/ John J. Walsh

## CERTIFICATE OF SERVICE

I, John J. Walsh, hereby certify that on February 19, 2026, I served a copy of **PLAINTIFFS' BRIEF IN RESPONSE TO SPECIAL DISCOVERY MASTER'S REQUEST REGARDING DOCUMENTS WITHELD ON GROUNDS OF ATTORNEY-CLIENT PRIVILEGE** on all appearing attorneys and service recipients registered for receipt via electronic filing. I declare under penalties of perjury that this Proof of Service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

/s/ John J. Walsh

# EXHIBIT 1

| Document Name | Date | Type | Author | Recipient | Description | Privilege | Search |
|---|---|---|---|---|---|---|---|
| Oglebee Case List | 12/22/2024 | Email | R Farinha | Bill Bazzi, Harlanna Hernandez, Paul Vanderplow | Litigation Case Status Report | Attorney-Client Privilege | Bailey |
| Dearborn Heights | 11/3/2024 | Email | O Hkula | Roger Farinha, Kevin Swope, Margaret Dabler | Employment Agreement Draft | Attorney-Client Privilege/Work Product | Bailey |
| POAM v City of Dearborn Heights | 10/3/2024 | Email | O Hkula | Roger Farinha, Kevin Swope, Bill Bazzi | Negotiations | Attorney-Client Privilege | Bailey |
| Officer Zyke Bailey | 7/31/2024 | Email | H Dabler | Kevin Swope, Roger Farinha, Bill Bazzi, Paul Vanderplow | Labor Matters | Attorney-Client Privilege | Bailey |
| Officer Zyke Bailey | 7/18/2024 | Email | R Farinha | Margaret Dabler (outside counsel) | Labor Matters | Attorney-Client Privilege | Bailey |
| Hixon v DH | 7/8/2024 | Email | H Dabler | Roger Farinha, Bill Bazzi | Case Status and Strategy | Attorney-Client Privilege | Bailey |
| Council Agenda Item 11A | 1/9/2024 | Email | R Farinha | Hassan Szab, Bill Bazzi, Denise Maxwell, Hassan Ahmed, Jarrod Hink; Kevin Swope; Paul Vanderplow | Legal advise | Attorney-Client Privilege | Act 78 |
| | 12/11/2023 | Memo | O Hkula | Bill Bazzi, Harlanna Hernández, Roger Farinha | Legal Opinion | Attorney-Client Privilege/Work Product | Act 78 |
| Council Meeting Incident 7/9/24 | 7/12/2024 | Email | R Farinha | Full City Council and Admin staff | Legal opinion | Attorney-Client Privilege | Vanderplow |
| Council Meeting Incident 7/9/24 | 7/12/2024 | Email | H Szab | Full City Council and Admin staff | Discussion re: Legal Opinion | Attorney-Client Privilege | Vanderplow |
| Adoption of City Budget | 6/27/2024 | Email | Gary Hlotka | Full City Council | Legal Opinion | Attorney-Client Privilege | Vanderplow/Swope/Hari |
| Legal Opinion use of DH Forfeiture Funds | 6/28/2024 | Email | R Farinha | Full City Council | Legal Opinion | Attorney-Client Privilege | Swope |

# EXHIBIT 2

David Cooper
December 01, 2025

A. Police officials, the administrators in the Axon system, which I am not.

Q. All right, sir, that's the end of that ticking list of all the requests. I just have a few more questions, and then I think we should be done.

Mr. Cooper, do you manage the City's e-mail system?

A. I am --

MS. HUNT: Objection as to form and foundation. Go ahead, David.

A. I'm the global administrator for the Microsoft 365 platform.

BY MR. BROWN:

Q. Are you able, in your capacity as the global administrator, to deprive certain users on the City's e-mail systems of access to certain types of e-mails from particular senders?

MS. HUNT: Objection as to form, foundation, speculation.

A. Could I restrict or block an individual from receiving an e-mail? Is that what you're asking?

BY MR. BROWN:

Q. Yes, sir, that is what I'm asking.

A. I believe there are mechanisms like that in place, but I do not have any of those in place. You could do

David Cooper
December 01, 2025

that in a system, but I don't have anything like that, unless it was categorized as spam.

Q. Other than spam, leaving aside spam, have you ever done that, ever?

A. Again, no, I haven't. I believe the capability is there, but I don't have any --

Q. Are you familiar with so-called information barriers or firewalls that can prevent persons from receiving e-mails that they should not be receiving?

A. Yes.

Q. Have you ever encountered a situation in which a City employee needed to be prevented from seeing or accessing certain types of documents or information?

MS. HUNT: Object as to form and foundation.

A. Can you ask the question again?

BY MR. BROWN:

Q. I can, sir. Here you go. Have you ever encountered a situation in which a City employee needed to be prevented from seeing or accessing certain types of documents or information?

MS. HUNT: Same objection.

A. No, I've never -- I've never prevented.

BY MR. BROWN:

David Cooper
December 01, 2025

Q.   Did you or anybody else that you know ever take steps to prevent Jerrod Hart from receiving internal e-mails about this litigation against the City that he himself was conducting?

MS. HUNT:   Objection as to form and foundation.

A.   When he was no longer employed, he lost access to his e-mails, but while he was employed, no, there was no restrictions put on his account.

BY MR. BROWN:

Q.   Did the City of Dearborn Heights ever take steps to ensure that Jerrod Hart did not receive e-mails from the City's attorney, Monica Hunt, about this litigation?

A.   Again, under his City e-mail, no, when he was employed, but he lost access to his City e-mail when he was no longer employed.

Q.   But while he was -- excuse me, while he was still an employee, he could receive any e-mails sent to him by Monica Hunt; is that accurate?

MS. HUNT:   You're talking about Jerrod Hart?

MR. BROWN:   Yes.

A.   Yes, he could.  There was no restrictions in place.

Q.   Same question for Paul Vanderplow.  Did you or anybody