# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART

      Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, a Michigan Municipal Corporation

      Defendant.

CITY COUNCIL FOR THE CITY OF DEARBORN HEIGHTS

      Intervening Defendant.

Case No. 2:24-cv-10240-MAG-DRG

Hon. Mark A. Goldsmith

---

# DEFENDANT CITY OF DEARBORN HEIGHTS' DISCOVERY BRIEF REGARDING PRIVILEGED AND PROTECTED DOCUMENTS

## I.   FACTUAL BACKGROUND

As a supplement to written discovery, Defendant City of Dearborn Heights, produced documents to Plaintiffs on March 4, 2026 which included specific search terms that were either agreed upon by the parties, or requested by Plaintiffs. Included in the production was a privilege log, detailing documents that were excluded from production based on protections under the attorney client privilege, and/or attorney work product privilege. The documents retained as privileged included communications that included one or more of the Plaintiffs that were created and forwarded during the time that Plaintiffs were employed with the City of Dearborn Heights and acting in their capacities as Directors and Chief of the City of Dearborn Heights Police Department.

While some of the materials at issue were transmitted after the initiation of the present litigation, they were provided to Swope, Vanderplow, and Hart in connection with matters wholly unrelated to this case, and provided on basis of providing legal advice and protection of the City and its employees. The communications, which included corporation and outside legal counsel, were necessary for those individuals to fulfill their responsibilities as directors and agents of the City and were disseminated to them strictly in their official capacities to ensure legal compliance for protection of the City. Accordingly, the transmission of these

1

materials does not constitute a waiver of privilege; a privilege that only the City Council can waive.

## II.   LEGAL ARGUMENT

The Sixth Circuit has found that "[m]unicipalities, which are corporations, would thus be clients entitled to the privilege." *Ross v. City of Memphis*, 423 F.3d 596, 601-02 (6th Cir. 2005). Attorney-client privilege plays a "vital role . . . in both fostering adherence to law and preventing government entities from being disadvantaged in litigation." *Id.* The District Court for the Eastern District of Michigan has highlighted that "[p]rivileged communications between an employee and corporate counsel should not automatically lose their protected status upon the employee leaving the company." *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 305 (E.D. Mich. 2000). Similarly, in *Upjohn Co* v *United States,* the United States Supreme Court determined that *corporate employees* are bound by the attorney-client privilege not to reveal confidential communications between themselves, and corporate counsel given within the scope of the employees' corporate duties to enable the corporation to obtain legal advice. 449 U.S. 383, 394-395; 101 S. Ct. 677; 66 L. Ed. 2d 584 (1981).

In *Upjohn*, the Supreme Court held that a corporation's attorney's communications with employees are privileged when: (1) they were made to corporate counsel acting as such; (2) they were made at the direction of corporate

superiors for the purpose of securing legal advice from counsel; (3) they concerned matters within the scope of the employees' corporate duties; and (4) the communications were kept confidential. *Id.*

The Eastern District has indicated that *Upjohn* served to redefine "the concept of who is the client within the attorney-client relationship (and therefore whose communications are protected by the attorney-client privilege) in the case of a corporate party." *Yarbro v. City of Pontiac*, 254 F.R.D. 309, 313 (E.D. Mich. 2008). Important to this analysis is the test and consideration of the extent to which the communications between certain employees and corporate counsel being considered privileged on the basis that those certain employees "possess[ing] an identity analogous to the corporation as a whole." *Id.* (citing Upjohn, 449 U.S. at 390).

The communications at issue consist of confidential attorney-client communications transmitted by counsel for the City of Dearborn Heights, whether corporation counsel or retained outside counsel, conveying legal advice, legal analysis, and strategic recommendations concerning pending and ongoing legal matters affecting the City. Such communications were directed exclusively to those municipal officials, employees, and agents with a direct nexus to the underlying matter or issue, and whose receipt of counsel's advice was necessary to facilitate the City's legal compliance, inform its legal position, or advance the resolution of the matter at hand. At no time were these communications disseminated beyond

3

individuals with a legitimate, need-to-know relationship to the subject legal matter, thereby preserving the confidential character essential to the attorney-client privilege.

"[G]enerally in conversations between municipal officials and the municipality's counsel, the municipality, not any individual officers, is the client". *Ross* at 601. In this case, the communications seeking legal communications shared were provided to Plaintiffs, in their capacities as Directors and Chief of the Police Department and for purposes of their being able manage the legal compliances within their departments.

Additionally, in *Wood v. 36th District Court*, ___ F. Supp. 3d ___; 2021 U.S. Dist. LEXIS 53207 (E.D. Mich. Mar. 22, 2021), the United States District Court for the Eastern District of Michigan expressly held that privileged communications disclosed to an employee in the course and scope of their employment retain their privileged character even after that individual's separation from the organization. The court's holding reflects the well-established principle that the attorney-client privilege is an institutional privilege belonging to the entity, and not to any individual employee or former employee who may have been privy to such communications during their tenure. Accordingly, a former employee's subsequent adverse relationship with the municipality, including the filing of litigation, does not

4

extinguish, diminish, or otherwise operate as a waiver of the privilege that attached to those communications at the time they were made.

The privilege belongs exclusively to the municipality, and only the municipality, acting through its authorized representatives, may elect to waive it. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) (holding that the power to waive the corporate attorney-client privilege rests with the entity's management, not with individual employees or former employees). A former employee possesses no independent right to disclose, compel disclosure of, or otherwise exploit privileged communications they received solely by virtue of their former employment. To permit otherwise would fundamentally undermine the purpose of the attorney-client privilege, which is to encourage full and candid communication between governmental entities and their legal counsel, by rendering such communications vulnerable to compelled disclosure whenever a disgruntled former employee initiates litigation. Such a result would be wholly inconsistent with the protections recognized by *Upjohn*.

### III.   CONCLUSION

For all of the foregoing reasons, the City of Dearborn Heights respectfully requests that this Honorable Court hold that the communications transmitted to Plaintiffs during the course and scope of their employment , conveyed to them by virtue of their respective positions and their direct involvement in the underlying

legal matters, remain protected by the attorney-client privilege and are not subject to disclosure, or compelled production, and declare the subject communications privileged and shielded from disclosure in their entirety.

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By:      */s/ Monica N. Hunt*
            Monica Hunt (P68838)
            3031 West Grand Boulevard
            Suite 525
            Detroit, Michigan 48202
            (313) 871-5500
            mhunt@alglawpc.com

LOCAL RULE CERTIFICATION: I, Monica N. Hunt, certify that the aforementioned pleading complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted

**THE ALLEN LAW GROUP, P.C.**

By: */s/ Monica N. Hunt*
Monica Hunt (P68838)
3031 West Grand Boulevard
Suite 525
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2026, I did serve the foregoing pleading with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

By: */s/ Monica N. Hunt*
Monica Hunt (P68838)