# EXHIBIT 6

Cases > Swope v CoDBH > Searches > **New request - Monica 2-26-26 4:15 PM - additional search terms**

Q Search    🔒 Hold    📄 Export

# New request - Monica 2-26-26 4:15 PM - additional search terms ✎

Below, please see the terms to be searched in the city council's email boxes bet...

⊕ Add to review set    ⤷ Export    ⧉ Process manager    🗑 Delete search

Query: (Swope OR Hart OR Jarred OR Paul OR Vanderplow OR Kevin) AND "From the Community" OR Community OR Arab-American OR "Arab American" OR Arab OR Arabs OR White OR Whites OR "White guys" OR "Of middle eastern descent" OR "Middle eastern" OR Lebanon OR Lebanese OR Muslim OR "Kahlil Rahal" OR Racism OR Racist OR Bazzy OR "Civil Rights" OR Non-Arab OR "non Arab" OR "Meeting with Arab officers")Show less

**Query**    **Statistics**

*HART'S TERMS*

**Summary** Last
completed:
March 2,
2026,
1:37 PM

:generate
view

...

Evaluate and refine your search results. These numbers are estimates and don't include file versions, SharePoint folders and lists, or cloud attachments. For a more complete view and deeper analysis of your search results, add them to a review set or export them. Learn more about statistics

| Total matches | Locations | Data sources |
|---|---|---|
| **5470**(9.7 GB) | **9**/9 | **9**/9 |
| total items matching the search query | locations searched had hits | people, groups and tenant locations had hits |

Cases > Swope v CoDBH > Searches > Original City Council Keyword Search

( Q Search )   🔒 Hold   🗋 Export

# Original City Council Keyword Search ✎
Defund OR Eliminat* OR "Police Department Budget" OR "Police Department A...

⊕ Add to review set   ↦ Export   ⊟ Process manager   🗑 Delete search

Query: (Swope OR Hart OR Jarred OR Paul OR Vanderplow OR Kevin) AND ( Defund OR Eliminat* OR "Police Department Budget" OR "Police Department Administration" OR Cut OR Reduce OR "Director of Police Operations" OR "Director of Support Services" OR Paycheck OR "Pay Employees" OR "Pay City Employees" OR Payments OR Authoriz* OR "Act 78" OR (Budget AND "Resolution 23-099") OR (Budget AND "Resolution 24-017") OR (Budget AND "23-099") OR (Budget AND "24-017") )Show less

Query   **Statistics**

## Summary List

completed,
March 2,
2024,
12:42 PM

generate
view

...

Evaluate and refine your search results. These numbers are estimates and don't include file versions, SharePoint folders and lists, or cloud attachments. For a more complete view and deeper analysis of your search results, add them to a review set or export them. Learn more about statistics

**Total matches**

## 3865 (8.6 GB)

total items matching the search query

**Locations**

## 9/17

locations searched had hits

**Data sources**

## 9/9

people, groups and tenant locations had hits

Learn more about data sources ↗

Cases > Swopa v CoDBH > Searches > Bailey Keyword

(Q Search) · ⓖ Hold · 🗋 Export ·

## Bailey Keyword ✐

⊕ Add to review set    ↦ Export    ⏹ Process manager    🗑 Delete search

Query: ( (sent:2022-01-01..2025-12-31) OR (received:2022-01-01..2025-12-31) ) AND Bailey AND ( Investigat* OR Footage OR "Use of Force" OR "Body Cam" OR "Body Camera" OR Bodycam OR Video OR Videotap* )Show less

Query    **Statistics**

## Summary List

completed

February

25, 2026

14:06 PM

generate
view

...

Evaluate and refine your search results. These numbers are estimates and don't include file versions, SharePoint folders and lists, or cloud attachments. For a more complete view and deeper analysis of your search results, add them to a review set or export them. Learn more about statistics

**Total matches**                    **Locations**                         **Data sources**

**28627**(16.5 GB)              **367**/712                              **1**/1

total items matching the search query      locations searched had hits       people, groups and tenant locations had hits

                                                                            Learn more about data sources ⬀

Cases > Swope v CoDSH > Searches > Bazzy Keyword

( Q Search )  ( 🖸 Hold )  ( 🖸 Export )

# Bazzy Keyword ✎

⊙ Add to review set    ↦ Export   ⬚ Process manager    🗑 Delete search

Query: ( (sent:2022-01-01..2025-12-31) OR (received:2022-01-01..2025-12-31) ) AND Bazzy AND ( Investigation OR Footage OR "Use of Force" OR "Body Cam" OR "Body Camera" OR Video )Show less

Query    **Statistics**

**Summary** Last

completed
February
25, 2026,
12:45 PM

regenerate
view

[ ⋯ ]

Evaluate and refine your search results. These numbers are estimates and don't include file versions, SharePoint folders and lists, or cloud attachments. For a more complete view and deeper analysis of your search results, add them to a review set or export them. Learn more about statistics

| **Total matches** | **Locations** | **Data sources** |
|---|---|---|
| **11519**(8.5 GB) | **207**/712 | **1**/1 |
| total items matching the search query | locations searched had hits | people, groups and tenant locations had hits |
| | | Learn more about data sources ⬚ |

## Search hit trends

Top data sources                                          Top keywords

Cases > Swope v CoDBH > Searches > Bill B. and Hussein F.

( Q Search )   ( 🔒 Hold )   ( 📥 Export )

## Bill B. and Hussein F. ✏️

⊕ Add to review set   [ ↦ Export ]   [ ⬚ Process manager ]   [ 🗑 Delete search ]

Query: ( (fromcbbazzi@dearbornheightsmi.gov AND tochfarhat@dearbornheightsmi.gov) OR (fromchfarhat@dearbornheightsmi.gov AND tocbbazzi@dearbornheightsmi.gov) ) AND ( Farhat OR "Administrative Leave" OR Suspension OR "Discipline of Police Chief" OR "Disciple of Vanderplow" OR "Discipline of Chief" )Show less

Query   Statistics

**Summary** text

completed:
March 2,
2024,
12:19 PM

generato
view

[ ••• ]

.

Cases > Swope v CoDBH > Searches > Bill B. and Paul V.

( Q Search )  ( 🔒 Hold )  ( 🗋 Export )

## Bill B. and Paul V. ✎

⊕ Add to review set   | ↦ Export |  | ⎇ Process manager |  | 🗑 Delete search |

Query: participants:(bbazzi@dearbornheightsmi.gov AND pvanderplow@dearbornheightsmi.gov) AND ( Assassination OR Assassinated OR Killed OR Murder* OR Hitman OR Hitmen )Show less

Query     **Statistics**

**Summary** Last

completed

March 2,

2024,

12:50 PM

›generate
view

[ ••• ]

Evaluate and refine your search results. These numbers are estimates and don't include file versions, SharePoint folders and lists, or cloud attachments. For a more complete view and deeper analysis of your search results, add them to a review set or export them. Learn more about statistics

Cases > Swope v CoDBH > Searches > Saab AND Schenk and Bruetsch

( Q Search )   🔒 Hold   📄 Export ,

# Saab AND Schenk and Bruetsch ✎

ⓘ Add to review set   | ↦ Export   ⎗ Process manager   🗑 Delete search

Query: ( (sent:2022-01-01..2025-12-31) OR (received:2022-01-01..2025-12-31) ) AND "Saab" AND "Schenk and Bruetsch" Show less

Query    **Statistics**

## Summary List

completed:
February
25, 2026,
12:27 PM

regenerate
view

[ ... ]

Evaluate and refine your search results. These numbers are estimates and don't include file versions, SharePoint folders and lists, or cloud attachments. For a more complete view and deeper analysis of your search results, add them to a review set or export them. Learn more about statistics

**Total matches**

**11** (745.7 KB)

total items matching the search query

**Locations**

**11** /712

locations searched had hits

**Data sources**

**1** /1

people, groups and tenant locations had hits

Learn more about data sources ⎗

## Search hit trends

**Top data sources**

**Top location type**

# EXHIBIT 7

SEARCH    ACCOUNT

# Database Search Tips: Boolean operators

**Overview**     **Boolean operators**     **Truncation**     **Keywords vs. subjects**     **Fields**

**Phrases**     **Stop words**

## What to look for

Boolean operators form the basis of mathematical sets and database logic.

- They connect your search words together to either narrow or broaden your set of results.
- The three basic boolean operators are: **AND, OR**, and **NOT**.

Why use Boolean operators?

- To focus a search, particularly when your topic contains multiple search terms.
- To connect various pieces of information to find exactly what you're looking for.
- Example:
  second creation (title) AND wilmut and campbell (author) AND 2000 (year)

## Table of contents

- <u>Overview</u>
- <u>Keywords vs. subjects</u>
- <u>Truncation</u>
- <u>Fields</u>
- <u>Phrases</u>
- <u>Stop words</u> ⌃
- <u>Information Navigator home</u>

## More ways to get help

Chat is online 💬

### Ask Us
Ask a question, make an appointment, give feedback, or visit us.

## Using AND

Use AND in a search to:

- narrow your results

- tell the database that **ALL** search terms must be present in the resulting records

- example: cloning AND humans AND ethics

The purple triangle in the middle of the Venn diagram below represents the result set for this search. It is a small set using AND, the combination of all three search words.





Be aware:  In many, but not all, databases, the AND is implied.

- For example, Google automatically puts an AND in between your search terms.

- Though all your search terms are included in the results, they may not be connected together in the way you want.

- For example, this search:  college students test anxiety  is translated to:  college AND students AND test AND anxiety. The words may appear individually throughout the resulting records.

- You can search using phrases to make your results more specific.

- For example:  "college students" AND "test anxiety". This way, the phrases show up in the results as you expect them to be.

## Using OR

Use OR in a search to:

- connect two or more similar concepts (synonyms)

- broaden your results, telling the database that ANY of your search terms can be present in the resulting records

- example: cloning OR genetics OR reproduction

All three circles represent the result set for this search. It is a big set because any of those words are valid using the OR operator.



## Using NOT

Use NOT in a search to:

- exclude words from your search

- narrow your search, telling the database to ignore concepts that may be implied by your search terms

- example:  cloning NOT sheep



## Search order

Databases follow commands you type in and return results based on those commands. Be aware of the logical order in which words are connected when using Boolean operators:

- Databases usually recognize AND as the primary operator, and will connect concepts with AND together first.

- If you use a combination of AND and OR operators in a search, enclose the words to be "ORed" together in parentheses.

Examples:

- ethics AND (cloning OR reproductive techniques)

- (ethic* OR moral*) AND (bioengineering OR cloning)



Login to LibApps

Privacy                    Permissions
Accessibility              Contact us

Content created by the MIT Libraries, CC BY-NC unless otherwise noted. Notify us about copyright concerns.

# EXHIBIT 8



FAUSONE & GRYSKO, PLC
ATTORNEYS AT LAW

March 12, 2026

**Via Email & U.S. Mail**

Mr. Schwartz:

You had asked me to read and analyze the Defendants' recent discovery productions to Plaintiffs and then get back to you with a list of still-open issues. I know you appreciate numbered lists, so here goes:

**Issue 1:** I have no confidence whatsoever that the City of Dearborn Heights is conducting document searches properly, within the spirit and the letter of the instructions coming from both you and Judge Goldsmith. The available evidence strongly indicates that the City is NOT doing searches properly. I say this for three reasons.

**First**, we now know the City is using Boolean search terms that drastically cut down the number of documents that would otherwise be generated even when the search terms are provided by you and are no longer open to debate. By using the Boolean phrase "and" between search terms, the City can exponentially cut down on the number of documents generated by searches. As I have explained already, if you search for a document that has A and B and C, then you'll only find documents that (simultaneously) have all three search terms, rather than just one or two of them. The yield of documents found in a search is exponentially smaller than if you search for documents that have A or B or C. The Boolean logic entirely controls how wide a search becomes. The City's use of the word "and" in Boolean search terms constitutes a sleight of hand that neither the Court nor you ever contemplated or authorized. See **Exhibit 1** for the search terms that the City used in connection with the visits that were to be conducted per Dkt. 109, Paragraphs 8 and 9. This is a document that the City sent me.

You'll note that the City has set up searches that would intentionally fail to find any responsive document that contains the search terms IF such documents do not also have the words Swope, Vanderplow or Hart in them. Thus, a theoretical document sent by one City councilperson to another containing the phrase (just an example), *"White people should never be the Police Chief in Dearborn Heights"* would not be netted in a search result unless it also contained the words *Swope, Hart or Vanderplow.* A theoretical document like in my example above is powerful evidence pertaining to the central issue in our case, yet it would not be found in the City's searches.

1



## FAUSONE & GRYSKO, PLC
### ATTORNEYS AT LAW

**Second,** the small number of useful documents actually being generated by searches, for search terms that are quite ample, is evidence that the searches have not been conducted properly. The second problem is related to the first.  For example, you ordered the City to search for all the terms on the list found at **Exhibit 2**, which was for the Dkt 108 Paragraph C searches.  The City now claims that only 85 responsive pages were found, but most of those are redundant, or irrelevant or junk.   See **Exhibit 3**, which is Ms. Hunt's email of March 5, which attaches documents Bated 987 through 1172.   Yesterday the City produced another 164 pages of mostly junk.  This was in response to all of Chief Hart's requested search terms found at **Exhibit 4**, consistent with Dkt. 109 Paragraphs 9 and 10 (the "Agreed" order).   Exhibit 1 relates to this search term results that the City used to actually search for these items. Here again, the low yield of results is evidence that the searches were sabotaged using Boolean limiters.

**Third,** the number of pages being produced by the City is exaggerated because so much of what they produce is useless junk.   Take a look at the sampling of documents that the City produced in March.  See **Exhibit 5.**  This is 75 pages of junk, all Bates-stamped as if it were a meaningful production.   This is why I have repeatedly said that even the small number of documents that the City has produced is greatly inflated with junk.   The actual useful relevant responsive documents that the City has produced is significantly less than 200 pages.

To be clear, this issue concerns the following document searches from the Courts' recent orders[1]:
- Dkt. 108 (A)(2), assuming the City Council uses the same Boolean tactics
- Dkt. 108(C)
- Dkt. 109 (7)
- Dkt. 109 (9)
- Dkt. 109 (10)

**Issue 2:**  The City is now withholding responsive documents under false claims of attorney client privilege.  **See Exhibit 6.**   The City's attorney, Ms. Hunt, sent my clients emails directly to their work email accounts *long after* this lawsuit was filed and after she had been hired to defend the City.   Ms. Hunt was hired to defend the City from Hart, Swope and Vanderplow, and yet she sent them direct emails, most likely to influence their behavior.

---

[1] Docket 108 was the Court's discovery ruling of 1-27-26 that was made after the parties could not agree to compromises on certain issues.  Docket 108 is therefore a mandatory order. Docket 109 was the "agreed items" order of the Court that memorialized those solutions that parties had agreed to voluntarily with your help.   Unfortunately, Defendants are not compliant with either order.

2



**FAUSONE & GRYSKO, PLC**
ATTORNEYS AT LAW

Those emails could not possibly be covered by the attorney-client privilege, and it is absurd to think they could.   There was no attorney-client relationship between Ms. Hunt and my clients. Ms. Hunt had full reason to know that my clients were still employed by the City and had sued the City.  My clients' names were in their email addresses.   Paul Vanderplow's city email address, for example, was "pdvanderplow@dearbornheightsmi.gov"  In her privilege log, Exhibit 6, Hunt lists my clients as actual "recipients" of such emails.

This type of knowing and intentional act is the waiver of attorney client privilege[2] under controlling law.  In my deposition of the City's I.T. Director, Cooper, he acknowledged that the City had the full technical ability to put informational barriers around my three clients so that they would not receive internal communications related to their own case against the City.  **Exhibit 7** (Cooper deposition transcript excerpts).  This is common practice in litigation where a member of an organization should not receive certain internal emails. But the City failed to do so, even though it had the means.  Ms. Hunt could have instructed Cooper to block all litigation-related emails to my clients while they still worked for the City.   It would be fundamentally unfair to deny my clients access to emails that they once read and were once sent directly to them.

**Issue 3**:   The City Council, to my knowledge, has yet to produce a single page in discovery. It was ordered to do so by February 16 under docket 108(D) and nothing has been produced.  It is noteworthy that the Plaintiffs had to file a response to a summary judgment motion before Defendants had completed their production, after three motions to compel.

---

[2] Actual published Sixth Circuit Case law indicates that it is a waiver of privilege just as to the communications sent and their subject matters, rather than a wholesale waiver of the attorney-client privilege across all subjects.  *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 256 (6th Cir. 1996); See also, *In re King's Daughters Health Sys.*, 31 F.4th 520, 528 (6th Cir. 2022). See Exhibit 9 for such cases. The case law provided by Ms. Hunt that you call "unpublished" has nothing to do with the voluntary waiver of a privilege or the direct transmission of emails by defense counsel to plaintiffs' personal email addresses.   Ms. Hunt's case law merely stands for the noncontroversial proposition that a municipal body and its officers have a right to the privilege in the absence of waiver.  That's all true, but it misses the point. Waiver has occurred.



**FAUSONE & GRYSKO, PLC**
ATTORNEYS AT LAW

**Issue 4:** Blatant misstatements of fact that make it hard to believe any claim made by the City in discovery. I will not bore you with every example, but here's just one. My client's document production requests 32 and 33 pertained to documents found on a City document base called "POWER DMS." In his deposition, Jerrod Hart described in detail the POWER DMS system and
how it operated. Documents on that system pertained to my clients' attempts to reform the Dearborn Heights Police Department, which is a central issue in our litigation. The City's written responses are at **Exhibit 8**. As you can see for yourself, the City claims that *"it is not in possession"* of documents on the POWER DMS system and that the request is *"unduly burdensome"* and *"lacks relevance."*

The realities show that these statements were all false. On February 27, 2026, Jerrod Hart and my associate Mr. Walsh traveled to the Justice Center where Hart sat down at a City computer terminal and easily opened up the POWER DMS system in the presence of the current Police Chief Guzlowski. Guzlowski was well familiar with POWER DMS and assisted Hart. This was done per Dkt. 109, ¶¶ 9-10. All the documents that Hart said were on that system were there, and obtaining the documents was as easy as accessing them on a City computer system. Hundreds of such POWER DMS documents exist, and none have been produced. All are relevant. So the City's written answers to discovery found at Exhibit 8 are entirely false. This is just one example.

The Exhibit J look-alike budgets that you have ordered produced have not been produced. The list of known documents that have not been produced is long.

These dishonest games have gone on far too long and you do not appear to have the power or authority to simply order the Defendants to act. That leaves my clients paying ½ the legal fees of a process that does not appear to be working. The Court has already ruled that my clients' own production to the Defendants is correct. Dkt. 109, ¶¶ 3-6. Plaintiffs will likely be filing additional motions soon.

Sincerely,

Stephen J. Brown

4



**FAUSONE & GRYSKO, PLC**
ATTORNEYS AT LAW

CC:    Monica Hunt (via email)
       Tarik Turfe (via email)
       Jack Walsh (via email)

M:\Legacy Clients\BMG\Swope-Vanderplow-Hart\DISCOVERY\Discovery Letter 031226.docx

5

# EXHIBIT 9

<u>Swope v. City of Dearborn Heights, et al; Status of Outstanding Discovery Issues</u>

In response to Mr. Brown's March 12, 2026 letter to me, the following are my recommendations:

**Issue 1:** Many of the documents produced by the City after the recent application of the search terms have no evidentiary value to the instant case. Mr. Brown objects to the use of three Boolean search terms together as limiting what meaningful documents will be produced. Ms. Hunt asserts that the method used did not limit the scope of the documents produced.

If one uses *"Schwartz" and "likes" and "numbered lists"* that would seem likely, to this complete layman, to generate far less documents than searching for *"Schwartz"*, *"likes"*, *"numbered lists"* as independent terms. The second option, it would seem, could produce documents that are irrelevant, such as a document discussing whether George Washington *likes numbered lists* (using two search terms) or George Washington *likes* spaghetti (using only one search term).

From the recent attempt with the search terms, one of two possibilities seems likely. Either the type of "smoking gun" documents that Plaintiffs claim they have seen do not exist, or they exist but have not yet been produced. To bring finality to this issue and to eliminate a potentially significant issue for appeal, my recommendation is that Plaintiffs and the City re-apply the search terms, with Mr. Cooper present rather than the independent contractor, if he is available. The search terms on Exhibit 4 of Mr. Brown's March 12, 2026 Keyword Searches would be narrowed to only use: #4, #5, #6, #9, #12, #13, #14 and #15. If these terms produce relevant documents, then we can revisit whether to re-apply the other search terms. To eliminate the argument that the use of the word "and" improperly limits the documents being identified, these search terms would be used as one-word searches. If the parties think this will produce an unmanageable number of documents, then these search terms could be used with the word "or" between two search terms.

**Issue 2.** The ten documents listed on the Privilege Log have been reviewed again by this writer. Ms. Hunt has agreed to produce the first document after redacting the last paragraph because that paragraph is giving legal advice. The third document should be produced because it is merely administrative, with Plaintiffs' prior acknowledgement that production of that document does not constitute a waiver of the attorney-client privilege. Most of the other seven documents (two documents appear to be the same document) do not pertain to the issues in this case and would have no evidentiary or discovery value if they are produced. There are three documents that are clearly within the scope of what Plaintiffs have requested. I will discuss this issue with Judge Goldsmith and will report back to you on this issue.

**Issue 3.** Defendant City Council provided its First Supplemental Responses to Plaintiffs' Requests for Production of Documents. It is not surprising that many of the documents are repeated or are not germane to the issues in this lawsuit, given the broad scope of the document requests. So that the concerns raised in Mr. Walsh's March 19, 2026 email can be evaluated, it is requested that he

provide three examples of where a response by the City Council was, in his opinion, not a complete response.

Mr. Walsh notes that many of the City Council agenda packets were not attached to the emails that were produced. The vast majority of the content of those agenda packets would not be relevant to this lawsuit, such as an item regarding the purchase of front-end loader for the DPW, however, agenda items concerning Plaintiffs' compensation and employment would be relevant. Many municipalities have access to previous City Council minutes and agendas on their website. Whether the City of Dearborn Heights follows this practice is unknown. Without producing thousands of pages of unrelated documents, it is suggested that the agenda cover sheet that lists the items to be discussed or voted upon (Approval of Minutes, Administration Reports, Old business, New business) be produced. If the agenda cover sheet reveals that, for example, Item 5(c) is relevant to this case or is within the broad discovery parameters of the Federal Rules of Civil Procedure, then those documents should be produced.

**Issue 4:** The City should respond to two concerns raised by Mr. Brown:

1) What was the basis for its initial Response to Document Requests 32 and 33?
2) Have the "Exhibit J" budgets been produced, and if not, why not?

**A Final Note:** While I have not worked with Mr. Brown or Ms. Hunt before, I have worked extensively with several lawyers each from the Fausone and Allen law firms, and they have all been highly competent, ethical lawyers. Let's keep our discussion on a professional level.

March 24, 2026                                        /s/ *Steven H. Schwartz*
                                                     Special Master

# EXHIBIT 10

## Brown, Joseph

| | |
|---|---|
| **From:** | Brown, Joseph |
| **Sent:** | Wednesday, March 25, 2026 9:17 AM |
| **To:** | Steven Schwartz; Monica Hunt; Tarik Turfe |
| **Cc:** | Jack Walsh |
| **Subject:** | RE: Status of Outstanding Discovery Issues; Swope v. City of Dearborn Heights |

Thank you, Mr. Schwartz.  These seem like honest compromises and decent solutions.

Plaintiffs will abide by these instructions and temporarily refrain from making another rule to show cause filing in order to give these solutions time to be implemented.   Three weeks seems sufficient, at least in our view.

That would put us out to April 15.   Tax day.

**Joseph Brown**
Attorney

 FAUSONE & GRYSKO, PLC
ATTORNEYS AT LAW

41700 Six Mile Road, Suite 101
Northville, Michigan  48168-3460
(248) 912-3213 direct
(248) 281-1656 fax
jbrown@thefgfirm.law
www.thefgfirm.law
Follow us on Facebook:  https://www.facebook.com/FausoneGryskoPLC/
Follow us on LinkedIn:   https://linkedin.com/company/fausone-grysko-plc/

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable laws.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and/or reply to the e-mail message.  Thank you.

**From:** Steven Schwartz <shslawyers1@outlook.com>
**Sent:** Tuesday, March 24, 2026 5:11 PM
**To:** Monica Hunt <mhunt@alglawpc.com>; Tarik Turfe <tt@hdalawgroup.com>; Brown, Joseph <jbrown@thefgfirm.law>
**Subject:** Status of Outstanding Discovery Issues; Swope v. City of Dearborn Heights

Please see my attached memo.


Steven H. Schwartz

33228 W. 12 Mile Road, Suite 187

Farmington Hills, MI  48334

(313) 590-3395