**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| KEVIN SWOPE, PAUL VANDERPLOW, JERROD HART, | Case No.: 2:24-cv-10240 Hon. Mark A. Goldsmith Magistrate David R. Grand |
| Plaintiffs, | |
| v | |
| CITY OF DEARBORN HEIGHTS, a Michigan municipal corporation | |
| Defendant | |
| CITY OF DEARBORN HEIGHTS CITY COUNCIL, in its official capacity only, | |
| Intervening Defendant | |

_____/

### RESPONSE OF INTERVENING DEFENDANT CITY OF DEARBORN HEIGHTS CITY COUNCIL TO PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE (ECF No. 130)

NOW COMES Intervening Defendant City of Dearborn Heights City Council ("City Council"), by and through its attorneys, and for its Response to Plaintiffs' Motion for Rule to Show Cause (ECF No. 130), hereby states as follows:

1.      The City Council objects to Plaintiffs' generalized statements regarding discovery in this case. While the City Council does admit that the parties have conducted several events, exchanged dozens of written communications, and have filed multiple papers with the Court regarding discovery, the City Council maintains

1

that these matters were part of the discovery process required in order to assert all valid claims and objections with respect to discovery, and that these matters were not necessitated by any dilatory motives or intentional obfuscation attributable to either the City of Dearborn Heights (the "City") or the City Council.

2. The City Council admits that this Court's Order at **ECF No. 109** was the product of an in-chambers conference. The City Council denies that it is in violation of that Order or that any additional attempt at cooperating on its terms would be futile.

3. Admitted.

4. Admitted.

5. Admitted.

6. The City Council denies that it is in violation of either **ECF No. 108** or **ECF No. 109**.

7. Admitted that the City Council produced documents on March 12, 2026. Counsel for Plaintiffs was advised on February 16, 2026 that while some of the discovery matters had been addressed, other search terms had yet to be completed by the City's IT Department. Additionally, an email was delivered to Plaintiff's counsel on February 27, 2026 advising that Mr. Cooper was out of the office and that another individual would be in his place to complete the search term request. Plaintiff's counsel was additionally notified of this issue by counsel for the City.

Aside from mere complaints, Plaintiffs have not stated any actual prejudice or harm in this timeline. The City Council further denies that its production was inadequate.

8. The City Council denies this assertion.

9. The City Council need not respond to this paragraph as it only concerns the City.

10. The City Council need not respond to this paragraph as it only concerns the City.

11. The City Council need not respond to this paragraph as it only concerns the City.

12. The City Council need not respond to this paragraph as it only concerns the City.

13. The City Council need not respond to this paragraph as it only concerns the City.

14. The City Council need not respond to this paragraph as it only concerns the City.

15. The City Council need not respond to this paragraph as it only concerns the City.

16. The City Council need not respond to this paragraph as it only concerns the City.

17. The City Council need not respond to this paragraph as it only concerns the City.

18. The City Council need not respond to this paragraph as it only concerns the City.

19. Admitted.

20. Admitted.

21. The City Council need not respond to this paragraph as it only concerns the City.

22. The City Council states that the Plaintiffs' own production, while clouded in mystery, is not a relevant matter for this instant motion.

23. The City Council need not respond to this paragraph as it only concerns the City.

24. The City Council admits that the correspondence mentioned in this paragraph were delivered.

25. The City Council need not respond to this paragraph as it only concerns the City.

26. The City Council denies that Plaintiffs have suffered any prejudice or harm as asserted in this paragraph.

27.    The City Council states that the citations in this paragraph speak for themselves. The City Council denies that Plaintiffs are entitled to any relief thereunder.

WHEREFORE, Intervening Defendant City of Dearborn Heights City Council respectfully requests this Court (A) to deny the Plaintiffs' Motion, **ECF No. 130**, and (B) to award the City Council costs and attorney fees pursuant to FRCP 37(a)(5)(B) for having to respond to the Plaintiffs' Motion.

Respectfully submitted,

Tarik D. Turfe (P83690)
Hammoud, Dakhlallah,
& Associates, PLLC
Attorney for Intervening Defendant
330 Town Center Drive Suite 100
Dearborn, MI 48126
(313) 551-3038
tt@hdalawgroup.com

Dated: May 6, 2026

5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW,
JERROD HART,

                Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan municipal corporation

                Defendant

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

                Intervening Defendant

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

_____/

## BRIEF IN SUPPORT OF RESPONSE OF INTERVENING DEFENDANT CITY OF DEARBORN HEIGHTS CITY COUNCIL TO PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE (ECF No. 130)

i

## TABLE OF CONTENTS

**STATEMENT OF QUESTIONS PRESENTED**………………………..…...iii

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**……………iii

**TABLE/INDEX OF AUTHORITIES**……...………………………….… iii

**STATEMENT OF FACTS**……………………………………………..……1

**ARGUMENT**……………………………………………………………...….5

**RELIEF REQUESTED**……………………………………………….……7

## STATEMENT OF QUESTIONS PRESENTED

I. Should this Court deny the Plaintiffs' Motion to for Rule to Show Cause Against Both Primary Defendant and Intervening Defendant and grant the City Council costs and attorney fees pursuant to FRCP 37(a)(5)(B) for having to respond to it?

Plaintiffs say, "No".

Defendant presumably says, "Yes".

Intervening Defendant City of Dearborn Heights City Council says, "Yes".

This Court should say, "Yes".

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

FRCP 37(a)

*Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997)

## TABLE/INDEX OF AUTHORITIES

*Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997) ………...………………..…5

FRCP 37(a) ………………….………………………………………...….5, 7

## STATEMENT OF FACTS

In this latest version of Plaintiffs' discovery complaints, Plaintiffs again take a loud position accompanied by a much quieter level of merit. With respect to the Intervening Defendant City of Dearborn Heights City Council ("City Council"), Plaintiffs rely on their March 26, 2026 letter which purports to establish certain discovery violations of the City Council. This letter is found at **ECF No. 130-3, PageID.5639-5658**. In fact, Plaintiffs only discuss three discovery issues. Plaintiffs do not otherwise identify additional discovery issues in their letter, and in this Motion, Plaintiffs similarly do not raise any additional complaints. Each of these three items are discussed below.

### 1. *Request for Production No. 7*

In this request, Plaintiff sought production of all texts, emails, or documents created by, sent by, or received by Councilman Saab that discusses, describes, or is relevant to the Stalking Incident, including all such documents originated by Saab on March 4, 2024. **ECF No. 130-3, PageID.5646**. The City Council responded that it was not in possession of items responsive to this request. Notably, this incident occurred well after Plaintiffs originally filed this lawsuit.

Nevertheless, Plaintiffs complained that the City Council's response was deficient or that the appropriate searches were not made because Plaintiffs were already in possession of an email wherein Councilman Saab asked a Dearborn

Heights Police Lieutenant about a report that he had submitted to the department. Plaintiffs have provided no other support for their belief that more exists. Plaintiffs have not otherwise provided any legitimate support for their contention that Councilman Saab did not conduct a proper search for items responsive to this request. While the reference to this email may have been an oversight in the discovery responses (considering, namely, that the same had already been produced to Plaintiffs as admitted by Plaintiffs at **ECF No. 130-3, PageID.5640**), the fact remains that Plaintiff cannot point to any prejudice by not receiving a document that they had already been provided months earlier. There exists no further action to be taken as to this request for production.

### 2. *Request for Production No. 6*

Again, Plaintiffs complain that the City Council's response to discovery was deficient because Plaintiffs previously obtained a document that they erroneously deem responsive to the request. This time, Request for Production No. 6 seeks the production of "all emails, texts, letters or writing sent to or received by any sitting member of the City Council in which a Fine or Ticket (defined term) is mentioned." **ECF No. 130-3, PageID.5646**. While Plaintiff claimed that it possessed "documents" that were responsive but not produced by the City Council, it only attached one page (a single email) that it contended was responsive to this request. **ECF No. 130-3, PageID.5652**. Notably, this email was a complaint made by

2

Dearborn Heights Officer Faten Shokr to former City Councilman, and now current Dearborn Heights Mayor, Mo Baydoun.

However, the "document" referenced by Plaintiffs is not responsive to the discovery request as it is outside of the scope of the request as ordered by the Court. The City Council notes that Plaintiffs' instant discovery complaint emanates from this Court's January 27, 2026 discovery order entered as **ECF No. 108**. There, this Court Ordered, specifically, that "Document Requests 1, 2, **6**, 7, 11, and 14 are further narrowed to apply to the **current sitting members of the City Council**, from two (2) years prior to the commencement of this litigation to the current time.". **ECF No. 108, PageID.1989**. This Order narrowed the "who" of the scope of Document Request No. 6. The "who" was narrowed to the current sitting members of the City Council. As of the date of the Order (January 27, 2026), Mo Baydoun had been appointed (October 9, 2025), and elected (November 4, 2025), Mayor of Dearborn Heights – no longer serving as a current sitting member of the City Council. Therefore, Mo Baydoun's communications were not covered by this discovery request and were not required to be searched.

Therefore, Plaintiffs truly have no legitimate objection to the City Council's response to Request for Production No. 6.

3. ***Request for Production No. 14***

3

Finally, Plaintiffs complain that the City Council's production of documents in response to Request for Production No. 14 was deficient because it did not come with the referenced email attachments. Importantly, Plaintiffs have accepted the City Council's representations that its production on the subject matter of Request for Production No. 14 was complete. **ECF No. 130-3, PageID.5640**. This time, Plaintiffs complain that they cannot access the _attachments_ to the emails produced in response to this request.

This appears to be more of a technological problem rather than a discovery problem. The documents (emails) produced by the City Council were produced in their native format, which includes "live" links to attachments. Below is a screenshot of the actual produced material, complained of by Plaintiffs, wherein the links to the .PDF file attachments are available to be accessed in blue underlined font:

| | |
|---|---|
| **From:** | Semeniuk, George |
| **To:** | Lynne Senia; Dave Abdallah; Raymond D. Muscat; Hassan M. Ahmad; Mo Baydoun; Nancy A. Bryer; Robert J. Constan; Thomas G. Wencel; Dana Flamont; Semeniuk, George |
| **Cc:** | Anthony Fuoco (tfuoco1@gmail.com); Anthony Stone (anthonystone314@gmail.com); Dave Herndon - Press and Guide (dave@pressandguide.com); Gary Miotke (gmiotke@miotkelawoffice.com); John Zadikian (zman6754@aol.com); Nancy Bryer (ceimo42@hotmail.com); Press & Guide - Briana Gasorski ; Press & Guide - Sue Scuhyta (sue.suchyta@yahoo.com); Scott Bewick-Dearborn Times Herald; TIFA Administrator Rosco; Vaughn Martin (vmartin@wadetrim.com); Wayne County Commissioner Knezek ; WDHT; Anthony Fuoco; Comer, Kimberly; Eric Watland; Frank, Cheryl; Mariana Hernandez; Ali Dib; Hassane Jamal; Cynthia A. King; Roger A. Farinha; Colleen Garcia; Robert Conrad; David Brogan; Margaret M. Hazlett; Janet K. Lucas; Michael P. McCaffery; Mathew M. Paul; Bill Bazzi; Michelle L. Adkins; Nicole M. Buchman; William E. Dishroon; Kim S. Laurencelle; Jerrod S. Hart; Stephanie N. Shockey; David R Cooper; Hicks-Clayton, Lisa |
| **Subject:** | 03-14-23 Dearborn Heights City Council Regular Meeting & Study Session |
| **Date:** | Thursday, March 9, 2023 2:29:46 PM |
| **Attachments:** | 03-14-23 Cover - Regular Meeting and Study Session.pdf<br>03-14-23 Agenda.pdf<br>02-28-23 Minutes.pdf<br>03-14-23 Backup.pdf<br>03-14-23 Claims.pdf |

4

In other words, had counsel for Plaintiffs simply clicked the links, he would have been able to access the attachments that Plaintiffs now claim are being withheld by the City Council.

Making matters worse, in their March 26, 2026 correspondence, Plaintiffs stated that they were "willing to consider reasonable measures to avoid unnecessary production of irrelevant materials." **ECF No. 130-3, PageID.5641**. Plaintiffs did not actually act on that consideration. The attachments Plaintiffs chose not to access are also publicly available on the City of Dearborn Heights' website. The attachments, afterall, are the publicly available cover sheets, agendas, meeting minutes, and claims reports submitted to the public in anticipation of city council meetings. Truly, Plaintiffs think best to continue to file discovery motions instead of putting forth minimal efforts to try and resolve their fabricated discovery issues.

## ARGUMENT

### I. The Plaintiffs' Motion Must Be Denied.

Despite their colorful language and grandiose allegations, Plaintiffs have no legitimate discovery complaint to warrant the extreme relief requested in their Motion. In addition to the lack of factual support, Plaintiffs' arguments lack legal support as well. Plaintiffs move under FRCP 37(a) in support of their request for escalated discovery penalties. Plaintiffs also cite to *Freeland v. Amigo*, 103 F.3d

5

1271 (6th Cir. 1997) which sets the factors to consider in determination of an appropriate sanction. Neither the rule nor case law cited affords Plaintiffs any relief.

In addressing the *Freeland* Factors, First, Plaintiffs have not cited to any willfulness, bad faith, or fault of the City Council. The City Council's responses to the three discovery requests subject to this Motion were full and complete. Plaintiffs even admitted that Request No. 14 was answered fully and completely. At best, Plaintiffs can point to a sole excusable mistake – the City Council had previously produced an email from Councilman Saab. But this mistake is hardly willful, made in bad faith, or with any fault. Afterall, Plaintiffs in that regard complained about not receiving a document that it previously had possession of as part of this case.

Second, even if Plaintiffs did properly establish any discovery violations attributable to the City Council, Plaintiffs have not incurred any actual prejudice or harm. Plaintiffs' Motion and the supporting exhibits do not state, specifically, why or how Plaintiffs have actually been prejudiced. Plaintiffs complain about dates and deadlines but have not provided any substantive connection between said dates and deadlines and any obligation that they will not be able to meet. Review of Plaintiffs' argument section in this Motion shows that Plaintiffs did not set forth any real or tangible prejudice, at all.

Third and Fourth, while the parties have engaged in several substantive discussions about discovery matters related to this case, the City Council has acted

6

at all times in good faith and with the goal of completing all required discovery matters in the most expeditious manner possible. To date, no prior sanctions have been imposed – but none were required due to the prompt and swift attention of the Discovery Mediator, the cooperation and coordination of the City and City Council, and the resources available to these parties in completing Plaintiffs' discovery requests. Accordingly, Plaintiffs do not meet any of the *Freeland* Factors to justify their request for sanctions against the City Council.

## **RELIEF REQUESTED**

WHEREFORE, Intervening Defendant City of Dearborn Heights City Council respectfully requests this Court (A) to deny the Plaintiffs' Motion, **ECF No. 130**, and (B) to award the City Council costs and attorney fees pursuant to FRCP 37(a)(5)(B) for having to respond to the Plaintiffs' Motion.

Respectfully submitted,

Tarik D. Turfe (P83690)
Hammoud, Dakhlallah,
& Associates, PLLC
Attorney for Intervening Defendant
330 Town Center Drive Suite 100
Dearborn, MI 48126
(313) 551-3038
tt@hdalawgroup.com

Dated: May 6, 2026

7

**LOCAL RULE CERTIFICATION:** I, Tarik D. Turfe, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all texts that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel for Intervening
Defendant City of Dearborn Heights
City Council
tt@hdalawgroup.com

Dated: May 6, 2026

## CERTIFICATE OF SERVICE

I certify that on May 6, 2026, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel for Intervening
Defendant City of Dearborn Heights
City Council
tt@hdalawgroup.com

Dated: May 6, 2026