UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SWOPE, PAUL VANDERPLOW,              Case No. 2:24-cv-10240
JERROD HART,                                Hon. Mark A. Goldsmith
                                             Magistrate David R. Grand

                    Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS,
a Michigan Municipal Corporation,

                    Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

                    Intervening Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
RULING TO SHOW CAUSE (Dkt. 130)

Having reviewed Plaintiffs' Motion for Ruling to Show Cause, the Responses of both

Defendants, and being otherwise apprised of the premises, the Court orders as follows:

A.      Plaintiffs' Motion is GRANTED in part:

1. Within seven calendar days of the entry of this Order, Intervening Defendant shall

   produce to Plaintiffs all the documents it used during its examination of Mayor Bill

   Bazzi in his deposition.

2. Intervening Defendant shall not introduce at trial any document that was not produced

   to Plaintiffs but was responsive to Plaintiffs' discovery requests directed to Intervening

Defendant and was ordered produced. Similarly, Intervening Defendant's witnesses may not testify at trial about any such document.

3. Within seven calendar days of the entry of this Order, Defendant City, through its I.T. Director, or if he has not returned to work, through its I.T. contractor, shall conduct a search of the following search terms. Any search consisting of multiple terms must be conducted so as to locate all documents that contain all such terms. For example, the search for "police department" must locate documents that have both "police" and "department" in the same document; the search should not include documents that contain only one or the other term.

Plaintiffs' Document Request 11:

Defund

Eliminate

Police Department

Cut

Reduce

23-099

24-017

Plaintiffs' Document Request 12:

Paychecks

Pay

Payments

Authorize

Authorization

<u>Plaintiffs' Document Requests 40 and 41</u>:

2022-2023 budget

2023-2024 budget

2024-2025 budget

<u>Plaintiffs' Document Request 42</u>:

Administrative Salary Plan

Administrative Salary Program

Administrative Compensation Plan

Administrative Compensation Program

Department Head Salary Plan

Department Head Salary Program

Department Head Compensation Plan

Department Head Compensation Program

Non-union Salary Plan

Non-union Salary Program

Non-union Compensation Plan

Non-union Compensation Program

Plaintiffs' Document Request No. 44:

Farhat

Administrative Leave

Suspension

Discipline of Chief

Discipline of Vanderplow

Plaintiffs' Document Request No. 45:

Assassination

Assassinated

Saab murdered

Saab murder

Saab killed

Hitman

Hitmen

Plaintiffs' Document Request No. 46:

Legal Opinion Act 78

Legal Opinion Saab

Attorney's Opinion Act 78

Attorney's Opinion Saab

Letter from attorney Act 78

Letter from attorney Saab

Letter from law firm Act 78

Letter from law firm Saab

Plaintiffs' Document Request No. 48:

(Time period limited from commencement of this litigation to February 10, 2026)

Bailey investigation

Bazzy investigation

All documents identified in this search, except those subject to the attorney-client privilege or the attorney work product doctrine, shall be produced to Plaintiffs within seven calendar days of the completion of the search.  However, if documents identified in this search have already been produced to Plaintiffs, Defendant City may advise Plaintiffs of the bate-stamped numbers of those documents.  If Defendant City has written proof that its contractor previously conducted a search of any of these search terms consistent with this Order, it need not conduct a second search of those search terms.

Plaintiffs and Defendant City may stipulate in writing, prior to the commencement of the search, to reduce or modify these search terms.

4.  Within seven calendar days of the entry of this Order, Plaintiffs shall make a good faith effort to access the attachments to emails previously produced by Intervening Defendant, if such attachments were not previously produced. If Plaintiffs are unable to access those attachments, they shall notify Intervening Defendant in writing within seven calendar days of the entry of this Order, and Intervening Defendant shall produce those attachments within seven calendar days of Plaintiffs' written notice.

B.  Neither Defendant shall be subject to sanctions.

C.  Plaintiffs' Motion for Ruling to Show Cause is otherwise DENIED.

D.  Nothing in this Order shall be construed to alter the Court's most recent Scheduling Order.

**SO ORDERED.**

Dated: May 21, 2026                       s/Mark A. Goldsmith
Detroit, Michigan                         MARK A. GOLDSMITH
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager