## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

_____

**PLAINTIFFS' COMBINED MOTION IN LIMINE TO ADMIT THE DEPOSITION TESTIMONY OF BILL BAZZI AND TO EXCLUDE EVIDENCE OF PLAINTIFFS' TAX RETURNS AND IRRELEVANT CHARACTER EVIDENCE OF PAUL VANDERPLOW**

NOW COME Plaintiffs, KEVIN SWOPE, PAUL VANDERPLOW, AND JERROD HART, by and through their undersigned counsel, and respectfully request that this Court enter an Order: (1) admitting the deposition testimony of Bill Bazzi into affirmative evidence at trial pursuant to Rule 32 of the Federal Rules of Civil Procedure and 801 of the Federal Rules of Evidence (FRE); (2) excluding evidence of Plaintiffs' tax returns pursuant to FRE Rules 401, 402, 403 and 404; and (3)

1

excluding irrelevant and improper character evidence of Paul Vanderplow pursuant to FRE Rules 401, 402, 403 and 404.  For their reasons, Plaintiffs rely on the attached brief.

**This filing is made pursuant to Docket 102, PageID.1817, Paragraph I(A)(1).**

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and enter an Order admitting the deposition testimony of Bill Bazzi into evidence at trial and excluding evidence of Plaintiffs' tax returns and irrelevant or improper character evidence of Paul Vanderplow.

Respectfully submitted,

Dated: June 2, 2026

/s/ Stephen J. Brown
FAUSONE & GRYSKO PLC
Attorney for Plaintiffs
41700 Six Mile Road, Suite 101
Northville, MI 48168
(248) 380-0000; FAX (248) 380-343
jbrown@thefgfirm.law

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

      Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

      Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

      Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

---

**BRIEF IN SUPPORT OF PLAINTIFFS' COMBINED MOTION IN LIMINE**

    **I.  Issue One: Admission of the Deposition Testimony of Bill Bazzi into Affirmative Evidence**

      **A.  Background**

Bill Bazzi was the acting Mayor of Dearborn Heights at all times relevant to this controversy, he is (by far) the most important witness in this case, his deposition was itself a highly litigated event, the mayoral admissions found in his deposition transcript are dispositive to various matters before the Court, and now Bazzi is the U.S. Ambassador to Tunisia and unavailable for trial.

Plaintiffs will therefore seek to admit the deposition testimony of Bill Bazzi as direct evidence at trial. Ambassador Bazzi's position requires him to reside and perform his official duties abroad, placing him indisputably outside of the United States and well beyond 100 miles from the place of trial. Because the use of the Bazzi transcript is such a pivotal evidentiary issue, Plaintiffs have taken the precaution of raising a preemptive motion in limine on the transcript's use at trial. *See United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021) (recognizing that motions in limine may be used to obtain advance rulings on the admissibility of evidence, including to seek admission of evidence before trial).

Before his appointment as ambassador, Ambassador Bazzi provided deposition testimony in this case on August 29, 2025. The deposition was conducted in accordance with the Federal Rules of Civil Procedure, with counsel for all parties present, including Attorneys Miotke, Turfe, Farinha, Hunt and Brown. The Deposition lasted for an entire day and Bazzi was thoroughly cross-examined for hours by Attorney Tarik Turfe, primary council to the Intervening Defendant. Bazzi was defended in this deposition by Attorney Monica Hunt. Bazzi is now clearly out of the country over the long term, serving the national interest, and doing so in a publicly verifiable way. His new job is likely more important to the national interest than is this case. No unfairness could result from the use of the Bazzi transcript at trial as direct affirmative evidence.

## B.   Law

Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings and contains *three independent rationales* supporting the admission into evidence of the Bazzi deposition.   The Federal Rules of Evidence provide a de facto *fourth rationale*.

First, Rule 32(a)(3) permits an opposing party to use a deposition for any purpose when it was taken from a party or from an individual who, at the time, was the party's officer, director, managing agent, or designated representative under Rules 30(b)(6) or 31(a)(4).   Bazzi was deposed while he was the acting Mayor of Dearborn Heights.

Second, Rule 32(a)(4)(B) permits the use of deposition testimony when the witness is more than 100 miles from the place of trial or is outside the United States, unless the offering party procured the witness's absence.

Third, Rule 32(a)(4)(E) further authorizes use of a deposition where exceptional circumstances make its use desirable in the interest of justice.

Fourth, Federal Rule of Evidence 801(d)(2) excludes from hearsay an opposing party's statements made in an individual or representative capacity or by the party's agent or employee on a matter within the scope of that relationship while it existed. Mayor Bazzi's deposition testimony is therefore not hearsay, by definition,

3

and hearsay concerns are the main reason why deposition transcripts cannot be used at trial in the first place. *See Peppers v. Wash. Cnty.*, 686 Fed. Appx. 328, 332 (6th Cir. 2017).   Federal Rule of Evidence 801(d)(2) therefore logically dovetails with FRCP 32(a)(3).   Both rules point to the same result.

### C.   Argument

Ambassador Bazzi's deposition testimony is thus admissible for multiple independent reasons. First, at the time of his deposition, he was serving as Mayor of the City of Dearborn Heights. The City's Charter provides that "the Mayor shall be the chief administrative and executive head of the City" and is charged with the responsibility "to enforce all of the laws and ordinances of the City." Dearborn Heights, Mich. Charter § 5.3. As Mayor, Bazzi plainly qualified as an officer, director, and managing agent of the City, and his deposition may therefore be used by an opposing party for any purpose under Rule 32(a)(3). For the same reason, his testimony concerning matters within the scope of his authority and responsibilities as Mayor constitutes an opposing party's statement under Rule 801(d)(2).

Second, Ambassador Bazzi is currently outside the United States and far more than 100 miles from the place of trial because he is serving as the United States Ambassador to Tunisia. His absence was not procured by Plaintiffs. Rule 32(a)(4)(B) therefore provides a direct basis for admitting his deposition testimony at trial.

Third, Ambassador Bazzi's diplomatic service constitutes the type of exceptional circumstance contemplated by Rule 32(a)(4)(E). His ambassadorial duties are ongoing, time-sensitive, and tied to official service abroad, making live testimony impracticable and making use of his deposition desirable in the interest of justice. Accordingly, the Court should admit Ambassador Bazzi's deposition testimony at trial.

Finally, the Bazzi transcript is not hearsay by definition under FRE 801(d)(2), and accordingly the basic premise that a deposition transcript is an out-of-court statement of potentially dubious veracity (the essential defect of hearsay) does not apply here.

## II. Issue Two: Exclusion of Plaintiffs' Tax Returns and any evidence concerning their wealth or affluence

### A. Background

Plaintiffs also seek to exclude any reference to or use of their tax returns at trial. The claims at issue concern Defendants' conduct, motives, and actions, not Plaintiffs' personal finances or tax reporting. Plaintiffs do not seek damages that require proof of income through tax filings, and their claims do not turn on their financial status, whether high or low.

## B.   Law

Under Rules 401 and 402 of the Federal Rules of Evidence, only relevant evidence is admissible. Evidence is relevant only if it has any tendency to make a fact of consequence more or less probable. Fed R. Evid. 401. Even relevant evidence may be excluded under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed R. Evid. 403

## C.   Argument

Plaintiffs' tax returns are plainly irrelevant to the issues the jury must decide. Moreover, Plaintiff's tax returns contain unusually high and misleading levels of income for several of the Plaintiffs due to one-time-only events such as the drawdown of 401(K) or other retirement funds due to the sickness of a spouse, or the payment of Plaintiff Hart's severance. Whether Defendants engaged in discrimination or retaliation does not become more or less likely based on Plaintiffs' tax reporting. Similarly, persons with high income are just as legally capable of being economically damaged as low-income earners.

Damages are the amount of money that was lost and could have been earned but for Defendants' actions; Damages have almost nothing to do with the amount of money that a plaintiff earned anyway *from other sources*, despite Defendants'

6

actions. *See Carey v. Piphus*, 435 U.S. 247, 254-255 (1978) ("The cardinal principle of damages in Anglo-American law is that of compensation for the injury caused to plaintiff by defendant's breach of duty.") (quoting 2 F. Harper & F. James, Law of Torts § 25.1, p. 1299 (1956)). Because the claims and defenses in this case do not depend on Plaintiffs' income or tax positions, the returns fail the threshold requirement of relevance under Rules 401 and 402.   To the extent Defendants seek to prove that Jerrod Hart's severance payments (but not his health care benefits) were paid by the City of Dearborn Heights, such a fact can be stipulated to without the use of tax returns. Such a stipulation is hereby offered.

The Sixth Circuit has emphasized that appeals to class prejudice are highly improper and must not be tolerated, and that trial courts should remain vigilant in preventing such conduct. *United States v. Chalhoub*, 946 F.3d 897, 908 (6th Cir. 2020) (citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940). Here, Plaintiffs do not seek damages that require proof of income through tax filings, nor do their claims depend on their financial status. Similarly, Defendant can offer no defenses that would make Plaintiffs' tax returns relevant.

Even if Defendants could articulate some attenuated relevance, the Court should still exclude the evidence under Rule 403. Tax returns are inherently sensitive and contain personal financial information that would distract from the central issues in dispute. Their introduction would invite unfair prejudice and risk confusing or

7

misleading the jury with collateral matters.   These concerns are heightened in this case due to the higher income numbers found in several of the relevant tax returns, with Mr. Vanderplow's income being approximately one million dollars one year due to a extraordinary drawdown of his retirement funds and the illness of his spouse. Because any minimal probative value is substantially outweighed by those dangers, the Court should exclude any reference to or use of Plaintiffs' tax returns at trial.

### III. Issue Three: Exclusion of Irrelevant and Improper Character Evidence or Anecdotes Concerning Plaintiff Paul Vanderplow

#### A.   Background

Plaintiffs further seek to exclude evidence or argument portraying Paul Vanderplow in a negative personal light. Plaintiffs have a reasonable basis to believe that Defendants may attempt to introduce testimony or argument regarding Vanderplow's alleged personality or likeability to divert the jury's attention from the merits of Plaintiffs' claims.   But the issues for trial concern Defendants' conduct and motives, not Vanderplow's (alleged) personal traits.   Defendants' smears of Mr. Vanderplow, and the dishonest anecdotes[1] that Defendants routinely trotted out in

---

[1]  Defendants have repeatedly targeted Vanderplow for smearing and will likely attempt to do so at trial. They have emphasized that Vanderplow carried a firearm while on the job, even though he was not at the time a licensed Michigan police officer (he now is), as alleged evidence that Vanderplow acted improperly. In fact, Vanderplow has a federal license to carry a firearm because he is an ex-official of the Bureau of Alcohol, Tobacco and Firearms. [Vanderplow Deposition, ECF No. 115-4, PageID.4542 Lines 5-17].  He had such a federal license to carry at all times relevant to these proceedings.   Similarly, Defendants have repeatedly noted that Vanderplow appeared on site at the scene of accidents or police incidents in Dearborn Heights, again to try to depict him as acting in an unlicensed manner.   Mr. Vanderplow, however, was the chief internal investigator for the City of Dearborn Heights who showed up at such sites not in a role as a

depositions concerning Vanderplow's character and actions, do not reflect on his credibility or truthfulness.    Such anecdotes tend to depict Vanderplow in thinly disguised racist terms as an "entitled white guy."

## B.   Law

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Under Rule 403, even relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or wasting time on collateral matters. Fed R. Evid. 403

## C.   Argument

Evidence concerning Vanderplow's alleged personality, likeability, or other personal characteristics is irrelevant to whether Defendants discriminated or retaliated against Plaintiffs.  It does not make any fact of consequence more or less probable. Nor have Defendants asserted that Vanderplow was dismissed for reasons tied to any such personal characteristics or allegedly "unlicensed" police work. Instead, the positions advanced in the case concern whether Plaintiffs were

---

direct first responder but as an after-the-fact investigator.  [Vanderplow Deposition, ECF No. 115-4, PageID.4419: Line 1 to PageID.4420 Line 8].    Intentionally misleading anecdotes demonstrating a person's alleged character and nothing else can cast no useful light on the controversy before this Court and will only serve to confuse and inflame a jury.

9

dismissed because they were hired outside Act 78 or whether they suffered any adverse action at all. See Dkts. 115 and 116.

Even if the Court were to find some marginal relevance, such evidence should still be excluded under Rule 403. Testimony or argument attacking Vanderplow's personality would serve only to distract the jury from the issues actually in dispute and to invite decision on an improper basis. Its limited probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. The Court should therefore preclude any reference to irrelevant or improper character evidence concerning Vanderplow.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Combined Motion in Limine and enter an Order: (1) admitting the deposition testimony of Bill Bazzi into affirmative evidence at trial; (2) excluding any reference to or use of Plaintiffs' tax returns; and (3) excluding irrelevant or improper character evidence concerning Paul Vanderplow.

Respectfully submitted,

Dated: June 2, 2026

/s/ Stephen J. Brown
FAUSONE & GRYSKO PLC
Attorney for Plaintiffs
41700 Six Mile Road, Suite 101
Northville, MI 48168
(248) 380-0000; FAX (248) 380-343
jbrown@thefgfirm.law

11