**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, et al,                              Case No.: 2:24-cv-10240
                    Plaintiffs,                  Hon. Mark A. Goldsmith

v.

CITY OF DEARBORN HEIGHTS,
          Defendant,

And

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,
          Intervening Defendant.
_____

**INTERVENING DEFENDANT THE CITY OF DEARBORN HEIGHTS CITY**
**COUNCIL'S MOTION IN LIMINE**

**NOW COMES** INTERVENING DEFENDANT, THE CITY OF DEARBORN

HEIGHTS CITY COUNCIL (the "City Council"), by and through its attorneys,

HAMMOUD, DAKHLALLAH & ASSOCIATES, PLLC, and for its Motion *In*

*Limine*, hereby states as follows:

The undersigned counsel Mr. Turfe certifies that on June 9, 2026, undersigned

counsel delivered an e-mail to counsel for Plaintiffs seeking concurrence in the relief

sought by this Motion. Counsel for Plaintiffs did not concur with the requested relief.

For the reasons, points, and authorities set forth in the accompanying Brief in

Support, the City Council respectfully requests that this Honorable Court GRANT its

i

Motion *In Limine*, precluding Plaintiffs from introducing evidence at trial about the

Hassan Saab/Paul Vanderplow stalking complaint.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC

By: */s/ Tarik D. Turfe*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Attorney for the City Council
330 Town Center Drive Suite 100
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com
Dated: June 9, 2026                    tt@hdalawgroup.com

ii

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, et al,                          Case No.: 2:24-cv-10240
                    Plaintiffs,              Hon. Mark A. Goldsmith

v.

CITY OF DEARBORN HEIGHTS,
                    Defendant,
And

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,
                    Intervening Defendant.

_____

## BRIEF IN SUPPORT OF INTERVENING DEFENDANT THE CITY OF DEARBORN HEIGHTS CITY COUNCIL'S MOTION IN LIMINE

## TABLE OF CONTENTS

**STATEMENT OF ISSUES PRESENTED**........................................................ vi
**CONTROLLING OR MOST APPROPRIATE AUTHORITY**............................... vi
**INDEX OF AUTHORITIES**.........................................................................v
**STATEMENT OF FACTS**............................................................................1
**LAW AND ARGUMENT**............................................................................3
   **I.**   **THE STALKING COMPLAINT IS NOT RELEVANT TO ANY PARTY'S CLAIMS OR DEFENSES** ..............................................................3

**RELIEF REQUESTED**................................................................................5

## STATEMENT OF ISSUES PRESENTED

**1.** Should this Honorable Court prohibit Plaintiffs from introducing evidence at trial regarding the Hassan Saab/Paul Vanderplow stalking complaint?

Plaintiffs likely response:                              No
Defendant's likely response:                             Yes
Intervening Defendant's response:                     Yes
This Court should respond:                                 Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Intervening Defendant relies on FRE 401, 402, 403 and the additional points and authorities set forth in the accompanying Brief in Support.

## INDEX OF AUTHORITIES

**Cases**

*U.S. v. Yannott*, 42 F.3d 999 (6th Cir. 1994) .................................................................. 3

**Rules**

403 ................................................................................................................................ 3
FRE 401 ........................................................................................................................ 3
FRE 402 ........................................................................................................................ 3

## STATEMENT OF FACTS

Plaintiffs' Complaint was filed on January 29, 2024. **ECF No. 1**. In that Complaint, Plaintiffs made no mention of any incidents between Councilman Hassan Saab and any Plaintiff. Importantly, the original complaint set out Plaintiffs' theories of retaliation, wrongful termination, breach of contract, and other legal claims. Then, in their First Amended Complaint ("FAC"), Plaintiffs alleged that on March 24, 2024, City Council Member Hassan Saab filed a complaint against Plaintiff Paul Vanderplow alleging that Vanderplow was stalking Saab. **ECF No. 48, PageID.740** at ¶ 55. Vanderplow then alleged that he was "placed on a temporary leave of duty due to having been falsely accused of committing a crime.". *Id.* at ¶ 56. However, these new factual assertions were not related to any of the legal claims as amended by the FAC.

Vanderplow has not established that any causal relationship exists between this "stalking complaint" and his alleged "temporary leave of duty". In fact, little to no discovery was even done on the subject. Furthermore, it remains that Vanderplow faced no adverse employment action via this temporary leave of absence. Vanderplow admitted that he received all of the pay that he was supposed to receive during this period. **ECF No. 115-4, PageID.4575**.

Aside from the "temporary leave of duty", Vanderplow has not established (or even alleged) that the stalking complaint is related to any other claim in this case.

1

The only record evidence on the subject is Vanderplow's self-serving testimony which could not even reconcile the timeline. Here, he was asked, specifically, as of **"December of '24** when this complaint was filed, how do you believe your contract was breached?". **ECF No. 115-4, PageID.4485**. Vanderplow first identified the late 2024 City Council vote to amend the budget as a potential breach. *Id.* He then tried to amalgamate an answer, stating "I think it was the culminative acts of council with whether it was the **stalking complaint**, the various comments made to me, various comments made in – in open council meetings that did not allow me to actually facilitate my – my duties.". *Id.* at **PageID.4486**. Amazingly, Vanderplow testified about this March 2025 stalking complaint when answering a question about a breach that was alleged in December of 2024.

In another instance, Vanderplow testified that Councilman Saab waited for several months to become an elected member of the City Council for the purpose of starting some type of complaint and retaliation process against him. *Id.* at **PageID.4481**. While this theory makes little to no factual, legal, or practical sense, it does evidence the fact that Vanderplow is willing to merely assert matters to create the appearance of a causal relationship without ever having any requisite support or foundation for the assertion. Accordingly, the requested relief below prohibiting such irrelevant and prejudicial assertions is necessary.

2

Finally, Vanderplow testified that he left the employ of the City of Dearborn Heights in May 2025, well over a year after the stalking complaint. *Id.* at 4474. He alleges without support that he was "constructively terminated" (*Id.*) because he "wasn't able to do my job. Every time I did try to do something for the department or the city, depending on what role I was playing or utilizing, I wasn't allowed to fulfill those duties.". *Id.* at **PageID.4499-4500**. At best, these allegations have nothing to do with Councilman Saab whatsoever, let alone the irrelevant stalking complaint. The stalking complaint is completely unrelated to this case.

## **LAW AND ARGUMENT**

**I.    THE STALKING COMPLAINT IS NOT RELEVANT TO ANY PARTY'S CLAIMS OR DEFENSES**

A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court. *U.S. v. Yannott*, 42 F.3d 999 (6th Cir. 1994). Evidence is relevant only if it (a) has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action. FRE 401. Under FRE 402 and 403, this Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

3

Here, all evidence and testimony about the stalking complaint is completely irrelevant to the parties' claims and defenses, and this case as a whole. In fact, Vanderplow is unable to tie the stalking complaint to any relevant fact or claim in the case. At best, Vanderplow will use the stalking complaint to establish a narrative that Councilman Saab disfavored Vanderplow. However, this narrative is truly irrelevant because Councilman Saab is not a defendant in this case, is not alleged to have done anything, individually, with respect to Vanderplow, and has no individual involvement in any of the matters alleged in this case.

Moreover, Councilman Saab is merely one of the seven elected officials on the City of Dearborn Heights City Council. Even if we assume that Councilman Saab completely disfavors Vanderplow, this fact is not probative of the "retaliation", "adverse employment", "breach of contract" or any other legal theory set forth by Vanderplow. Afterall, Saab, as an individual council member, has no authority over Vanderplow's employment, no authority over Vanderplow's job duties or job description, and has no authority over Vanderplow's compensation. Vanderplow has not even alleged that Saab has any authority over his employment as such. Therefore, it is impossible for this evidence to ever proximately relate to any of Plaintiffs' legal or factual theories and it will only be used inappropriately by Plaintiffs to try and create a distorted character image of Councilman Saab. The prejudice clearly outweighs the probative value, which in this instance, is zero.

4

**RELIEF REQUESTED**

The City Council respectfully requests that this Honorable Court GRANT its Motion *In Limine*, precluding the Plaintiffs from introducing evidence at trial about the Hassan Saab/Paul Vanderplow stalking complaint.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC

By: */s/ Tarik D. Turfe*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Attorney for the City Council
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com
Dated: June 9, 2026                    tt@hdalawgroup.com

**LOCAL RULE CERTIFICATION:** I, Tarik D. Turfe, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all texts that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length. Local Rule 7.1(d)(3).

DATED: June 9, 2026                    */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Attorney for Intervening Defendant

5

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2026, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

/s/ Tarik D. Turfe
Tarik D. Turfe (P83690)

6