**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

        Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

        Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

        Intervening Defendant.

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

---

## <u>PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF DEARBORN HEIGHTS' COMBINED MOTION IN LIMINE (DKT. 137)</u>

NOW COME Plaintiffs, KEVIN SWOPE, PAUL VANDERPLOW, AND

JERROD HART, by and through their undersigned counsel, and in its response and

objection to Defendant City of Dearborn Heights' Combined Motion in Limine (Dkt.

137) states as follows:

### Introduction

Defendant City of Dearborn Heights ("Defendant" or the "City") seek to

prevent the jury from hearing testimony from former Mayor Bill Bazzi (hereinafter

1

"Mayor Bazzi") and to exclude a video involving Hussein Bazzy and Sergeant Mohamad Bazzy. Neither request is justified under the Federal Rules of Evidence.

With respect to Mayor Bazzi's deposition, Defendant attempts to characterize selected testimony as expert opinion, legal conclusions, or hearsay. But Mayor Bazzi was questioned principally about matters within his personal knowledge and about words and characterizations he himself employed. Plaintiffs did not ask him to render expert opinions or instruct the jury on the law. To the extent Defendant believes particular answers raise evidentiary concerns, those objections can be addressed with respect to the specific testimony at issue. Specific excerpts could be redacted without need of throwing out the entire transcript. Such objections do not provide a basis to prevent the jury from hearing testimony from one of the principal actors involved in the events underlying this case, particularly where Plaintiffs separately seek admission of Mayor Bazzi's deposition pursuant to Rule 32(a)(3) and (a)(4)(B) of the Federal Rules of Civil Procedure.

Defendant likewise seeks to exclude a publicly posted video featuring Hussein Bazzy and Sergeant Bazzy. According to Defendant, the video amounts to nothing more than harmless joking and would unfairly prejudice the jury. But Rule 403 does not exclude evidence merely because it is damaging. The video bears directly on Plaintiffs' theory that certain Arab officers enjoyed preferential treatment and advancement within the department. Whether the statements contained in the video

2

were serious or merely joking is a question of weight and credibility for the jury—not a basis for exclusion. Given the highly probative nature of the video, its probative value outweighs any prejudicial effect.

Because Defendant has failed to demonstrate that either category of evidence is inadmissible, their motion should be denied.

**Procedural History**

The admissibility of Mayor Bazzi's deposition testimony has now effectively been briefed twice before this Court. Pursuant to this Court's scheduling order governing motions in limine, **ECF No. 102**, Plaintiffs filed a Combined Motion in Limine seeking, among other things, admission of the deposition testimony of former Mayor Bill Bazzi. **ECF No. 135**. Plaintiffs continue to rely upon and incorporate the arguments set forth in Section I of that motion and maintain that Mayor Bazzi's deposition testimony is admissible under Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence. On June 16, 2026, Defendant filed a response opposing Plaintiffs' motion. **ECF No. 141**.

Defendant subsequently filed their own Motion in Limine seeking exclusion of two categories of evidence: (1) portions of Ambassador Bill Bazzi's deposition testimony, and (2) evidence relating to Hussein "Sam" Bazzy. **ECF No. 137**.

Because this brief is submitted solely in response to Defendant's Motion in Limine, Plaintiffs confine their arguments herein to the grounds for exclusion identified in that motion and do not address the additional arguments advanced in Defendant's Response to Plaintiffs' Motion in Limine, **ECF No. 141.**

## Argument

### I.   Defendant's Attempt to Exclude Former Mayor Bazzi's Testimony Should be Denied.

#### A.   Former Mayor Bazzi's testimony does not constitute improper legal conclusions.

Defendant contends that portions of Mayor Bill Bazzi's testimony should be excluded because Plaintiffs' counsel used terms such as "collusion," "retaliation," "ticket fixing," and "corruption," which Defendant characterizes as legal conclusions. The argument fails because it misstates both the testimony and the governing law.

Federal Rule of Evidence 701 permits lay witnesses to offer opinions that are rationally based on their perceptions, helpful to understanding their testimony or determining a fact in issue, and not based upon scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. Rule 704 further provides that opinion testimony "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Accordingly, the Sixth Circuit has recognized that district courts

4

possess "a relatively wide degree of discretion in admitting or excluding testimony which arguably contains a legal conclusion . . . because it is often difficult to determine whether a legal conclusion is implicated in the testimony." *United States v. Ahmed*, 472 F.3d 427, 434 (6th Cir. 2006) (quoting *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)).

Mayor Bazzi did not purport to define legal standards, interpret statutes, or opine that Defendants were legally liable. Rather, he testified regarding events he observed, communications in which he participated, information brought to his attention in his capacity as mayor, and the perceptions he drew from those experiences. In some instances, he was asked to explain statements and writings attributable to him; in others, he was asked directly about his understanding of conditions within the City and Police Department. His testimony was based on his perceptions and experiences, not specialized knowledge.

The Sixth Circuit's decision in *United States v. Sheffey*, 57 F.3d 1419 (6th Cir. 1995), is instructive. There, the court held that lay eyewitnesses could testify that a defendant drove "recklessly and in extreme disregard for human life" because those phrases "set out observation-based opinions by lay people—expressed in terms easy for non-lawyers to understand—on the ultimate issue of fact." *Id.* at 1428. The same is true here. Mayor Bazzi's references to "corruption," "collusion," "ticket fixing," and "retaliation" were not legal analyses; they were observation-based descriptions

5

expressed in ordinary language readily understandable to laypersons. In fact, other than retaliation, the terms are not even causes of action which Plaintiffs plead nor are they elements of their claims.

Nor did the testimony invade the province of the Court or jury. As *Torres* explains, the concern with testimony containing legal conclusions is that it may convey "unexpressed, and perhaps erroneous, legal standards" and thereby intrude upon the Court's role in determining the applicable law. 758 F.2d at 150. That concern is absent here. Mayor Bazzi did not testify regarding the elements of any claim, define legal duties, or express an opinion as to whether Defendant violated the law. He merely described events and concerns as he understood them.

Defendant's reliance on *United States v. Hearst*, 563 F.2d 1331 (9th Cir. 1977), substantially overstates that decision. Defendant cites *Hearst* for the proposition that testimony employing terms with purportedly specialized legal meanings must be excluded. *Hearst* held no such thing. Rather, the Ninth Circuit discussed the Advisory Committee's concern with opinions framed in terms of "inadequately explored legal criteria" and observed that such concerns may implicate Rules 403, 701, and 702. *Id.* at 1351. More importantly, the court concluded that the challenged terms were readily understandable to laypersons and affirmed the admission of the testimony. *Id.* at 1351-52. Thus, *Hearst* not only fails to support exclusion, it reached the opposite result.

6

Ultimately, Defendant seeks to convert ordinary descriptive language into impermissible legal conclusions. But words such as "corruption," "collusion," "ticket fixing," and "retaliation" are not legal instructions to the factfinder. They are commonplace terms used by Mayor Bazzi to describe conditions and events as he perceived them. Because his testimony was rationally based on his perceptions, did not invoke specialized knowledge, and did not purport to decide legal liability, it falls comfortably within Rules 701 and 704 and should not be excluded.

### B. Defendant's hearsay objections do not warrant exclusion.

Defendant argues that Mayor Bazzi's testimony "is attempting to show that the claims that Plaintiffs contend they complained about, were actually occurring" based on statements made to him by Chief Hart and others. **ECF No. 137, PageID.5776**. But Defendant's objection conflates the purpose for which the testimony is offered with the truth of every out-of-court statement referenced therein.

Under Rule 801(c), a statement is hearsay only if it is offered "to prove the truth of the matter asserted." Statements offered for another purpose are not hearsay. See Fed. R. Evid. 801(c). Thus, out-of-court statements are admissible when offered to explain their effect on the listener, to show notice or knowledge, or to explain why a witness acted as he did. See *United States v. Talley*, 164 F.3d 989, 998-99 (6th Cir. 1999) (an out-of-court statement offered to prove something other than the truth

7

of the matter asserted falls outside the definition of hearsay and is admissible); *United States v. Martin*, 897 F.2d 1368, 1371 (6th Cir. 1990) (statements offered to show their effect on the hearer are not hearsay).

Here, testimony concerning information communicated to Mayor Bazzi by Chief Hart and others is admissible to explain the information available to Mayor Bazzi, his understanding of conditions within the City and Police Department, his reasons for recruiting and supporting Plaintiffs, his evaluation of their performance, and the actions he took in response to the concerns brought to his attention. Whether Mayor Bazzi received those reports, credited them, and acted upon them are themselves facts of consequence in this case independent of whether every allegation reported to him was ultimately true.

Indeed, Defendant itself acknowledges that Mayor Bazzi's testimony "is attempting to show that the claims that Plaintiffs contend they complained about, were actually occurring." **ECF No. 137, PageID.5776.** To the extent Plaintiffs offer the testimony to demonstrate that complaints of corruption and misconduct were in fact communicated to the Mayor and formed part of the factual context in which Plaintiffs worked, such testimony is not hearsay because it is not offered for the truth of the underlying allegations. Rather, it is offered to establish notice, knowledge, and the effect those reports had on Mayor Bazzi's decisions and perceptions.

8

Moreover, statements by City employees concerning matters within the scope of their employment and made during the existence of that relationship are not hearsay under Rule 801(d)(2)(D). To the extent Chief Hart or other City employees communicated information to Mayor Bazzi concerning operations of the Police Department, those statements constitute opposing-party statements. See Fed. R. Evid. 801(d)(2)(D). Although Plaintiffs are now adverse litigants, at the time the statements were made they were acting as agents of the City and speaking on matters within the scope of that agency relationship while it existed. Such statements are not hearsay under Rule 80(d)(2)(D) of the Federal Rules of Evidence.

In any event, even if particular portions of Mayor Bazzi's testimony were found to contain inadmissible hearsay offered for its truth, the proper remedy would be to address those specific statements individually. Defendant cites no authority permitting the wholesale exclusion of a seven-hour deposition because some testimony references out-of-court statements. Any objection should be resolved on a question-by-question basis, not by excluding the entirety of Mayor Bazzi's testimony.

**D. Rule 32 further supports admission of former Mayor Bazzi's Testimony.**

Plaintiffs have separately moved for admission of Mayor Bazzi's deposition under Federal Rule of Civil Procedure 32. Defendant's present motion does not challenge the Rule 32 prerequisites. Instead, it raises evidentiary objections to discrete portions of the testimony.

As Mayor of the City, Mayor Bazzi's deposition may be used for any purpose under Rule 32(a)(3). In addition, Mayor Bazzi currently resides in Tunisia. Under Rule 32(a)(4)(B), deposition testimony may be used when a witness is outside the United States unless the witness's absence was procured by the party offering the testimony. Fed. R. Civ. P. 32(a)(4)(B). Defendant's objections concerning particular questions or answers do not negate the admissibility of the deposition itself under Rule 32.

Accordingly, the Court should deny Defendant's request to exclude Mayor Bazzi's testimony.

## II. The Hussein Bazzy Video is Highly Relevant and Is Not Excludable Under Rule 403

Defendant next seeks to exclude a video featuring Hussein Bazzy and Sergeant Mohamad Bazzy. According to Defendant, the video reflects nothing more than harmless joking and would unfairly confuse and prejudice the jury. That argument simply ignores the central allegations in this case.

10

Plaintiffs allege that Arab officers received preferential treatment and promotions. In that context, a local Arab businessman publicly claiming credit for his brother's appointment as Chief of Police is highly probative. The probative force of the video is enhanced by the fact that Sergeant Bazzy appears in full police uniform, making the video difficult to characterize as a purely private family matter divorced from the operations of the department.

Moreover, Sergeant Bazzy is separately accused of participating in ticket fixing, and the video itself contains joking references concerning fixing tickets. The overlap between the subject matter of the video and Plaintiffs' allegations is too substantial to dismiss as coincidence or irrelevant humor.

Defendant insists that the statements were merely jokes. But that is a factual contention, not an evidentiary rule. Whether Hussein Bazzy was seriously boasting or simply engaging in exaggerated banter is a matter for cross-examination and jury evaluation. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions"). Defendant effectively asks the Court to resolve that dispute in their favor under the guise of Rule 403. Rule 403 does not permit courts to exclude evidence simply because the opposing party offers an innocent explanation.

11

Here, any prejudice flows directly from the video's probative value. The evidence bears upon issues of favoritism, influence, and ticket fixing—the very subjects at the center of Plaintiffs' claims. For example, if the jury credits Hussein Bazzy's statement that "we're going to make this guy the chief of police," it may reasonably infer that external political pressure, rather than merit-based evaluation, drove discussions about Sergeant Bazzy's advancement. Additionally, the video provides context for understanding the City Council's resistance to Plaintiffs' reform efforts. Mayor Bazzi testified that certain City Council members pressed him to promote Sergeant Bazzy and became hostile when Chief Hart declined to do so. The video corroborates Mayor Bazzi's account by showing that expectations of Sergeant Bazzy's promotion were publicly aired and connected to political influence rather than professional merit. The probative value of this evidence is substantial. It directly supports Plaintiffs' theory of the case and addresses contested factual issues that the jury must resolve. Because the video is highly probative and does not appeal to emotion or otherwise risk unfair decision-making, Rule 403 does not warrant exclusion.

Finally, the fact that the video was created and publicly disseminated at all is independently relevant. Public boasts regarding influence over appointments and references to ticket fixing provide circumstantial evidence supporting Plaintiffs'

12

theory of the case. The jury is entitled to consider that evidence and determine what significance, if any, it should be given.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant City's Combined Motion in Limine in its entirety.

Respectfully submitted,

Dated: June 25, 2026

/s/ Stephen J. Brown
FAUSONE & GRYSKO PLC
Attorney for Plaintiffs
41700 Six Mile Road, Suite 101
Northville, MI 48168
(248) 380-0000; FAX (248) 380-343
jbrown@thefgfirm.law

## LOCAL RULE CERTIFICATION

I, Attorney Stephen J. Brown, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnote); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

/s/ Stephen J. Brown

## CERTIFICATE OF SERVICE

I, Stephen J. Brown, hereby certify that on the 25th day of June, 2026, I served a copy of **PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF DEARBORN HEIGHTS' COMBINED MOTION IN LIMINE (DKT. 137)** on all appearing attorneys and service recipients registered for receipt via electronic filing. I declare under penalties of perjury that this Proof of Service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

/s/ Stephen J. Brown

14