**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, et al,
Plaintiffs,
v.

CITY OF DEARBORN HEIGHTS,
Defendant,

and

CITY OF DEARBORN HEIGHTS CITY COUNCIL, in its official capacity only,
Intervening Defendant.

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith

---

**INTERVENING DEFENDANT THE CITY OF DEARBORN HEIGHTS CITY COUNCIL'S MOTION TO BE DISMISSED AS A NAMED PARTY**

**NOW COMES** INTERVENING DEFENDANT, THE CITY OF DEARBORN HEIGHTS CITY COUNCIL (the "City Council"), by and through its attorneys, HAMMOUD, DAKHLALLAH & ASSOCIATES, PLLC, and for its Motion to be Dismissed as a Named Party pursuant to FRCP 21, hereby states as follows:

The undersigned counsel Mr. Turfe certifies that on October 27, 2026, counsel for Plaintiffs, counsel for Defendant, and counsel for Intervening Defendant convened at a meet-and-confer event, via Zoom, with Mr. Steven Schwartz (court appointed Discovery Master). At that event, counsel for Intervening Defendant discussed the intentions of the City Council in filing a Motion for Dismissal as requested herein. Counsel for Plaintiffs did not concur with the relief sought by way of these motions.

Additionally, undersigned counsel states that this Motion was specifically discussed in the context of the parties' deadlines regarding final pre-trial submissions to the Court. Pending the outcome of this Motion, the City Council expressly reserves any and all rights to submit additional pre-trial matters and/or modifications to the parties' joint submissions where appropriate.

For the reasons, points, and authorities set forth in the accompanying Brief in Support, the City Council respectfully requests that this Honorable Court GRANT its Motion to be Dismissed as a Named Party pursuant to FRCP 21, entering an ORDER that the City Council be dismissed from this case with prejudice.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC

By: *<u>/s/ Tarik D. Turfe</u>*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Attorneys for the City Council
330 Town Center Ste 100
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com
tt@hdalawgroup.com

Dated: October 29, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SWOPE, et al,
Plaintiffs,
v.

CITY OF DEARBORN HEIGHTS,
Defendant,

and

CITY OF DEARBORN HEIGHTS CITY COUNCIL, in its official capacity only,
Intervening Defendant.

Case No.: 2:24-cv-10240
Hon. Mark A. Goldsmith

---

**BRIEF IN SUPPORT OF INTERVENING DEFENDANT THE CITY OF DEARBORN HEIGHTS CITY COUNCIL'S MOTION TO BE DISMISSED AS A NAMED PARTY**

**TABLE OF CONTENTS**

**STATEMENT OF ISSUES PRESENTED** ........ iv
**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ........ iv
**INDEX OF AUTHORITIES** ........ v
**STATEMENT OF FACTS** ........ 1
**I. RELEVANT HISTORY OF THE CITY COUNCIL'S INTERVENTION** ........ 1

**LAW AND ARGUMENT** ........ 6
**I. THE CITY COUNCIL SHOULD BE DISMISSED FROM THIS CASE** ........ 6

A. THE CITY COUNCIL MAY BE DISMISSED AND IS NOT AN INDISPENSABLE PARTY UNDER RULE 19 ........ 6

**RELIEF REQUESTED** ........ 9

## STATEMENT OF ISSUES PRESENTED

1. Should this Honorable Court dismiss the City of Dearborn Heights City Council as a named party from the above captioned matter?

| | |
|---|---|
| Plaintiffs likely response: | No |
| Defendant's likely response: | Yes |
| Intervening Defendant's response: | Yes |
| This Court should respond: | Yes |

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Intervening Defendant relies on Fed. R. Civ. P. Rules 19, 21 and the additional points and authorities presented in the Brief in Support of its Motion to Dismiss.

## INDEX OF AUTHORITIES

**Cases**

*Blackburn v. Oaktree Capital Mgmt.,* LLC, 511 F.3d 633, 636 (6th Cir.2008) .......... 6
*Bogaert v. Land*, No. 1:08-CV-687, 2009 WL 1010950 (W.D. Mich. Apr. 14, 2009) 7
*Fritz v. Am. Home Shield Corp.,* 751 F.2d 1152, 1155 (11th Cir.1985)...................... 6
*George S. Hofmesiter Family Trust Dated June 21, 1991 v. FGH Industries, LLC,* No. 06–CV–13984–DT, 2006 WL 3741906, at *6 (E.D.Mich. Dec.15, 2006)........ 6
*Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 267 (6th Cir.2003)........................... 6
*Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ........................................................................................ 6
*Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 543 (E.D. Mich. 2015)........................ 8

**Rules**

Fed. R. Civ. P. 19 ........................................................................................... 6
Fed. R. Civ. P. 21 ........................................................................................... 6

## STATEMENT OF FACTS

### I. RELEVANT HISTORY OF THE CITY COUNCIL'S INTERVENTION

On February 1, 2024, this Court entered the Stipulated Order for Preliminary Injunction as **ECF No. 4** (the "Injunction"). Here, former Dearborn Heights Mayor Bill Bazzi ("Former Mayor Bazzi") entered into a stipulated order for injunctive relief with Plaintiffs. At least from the City Council's perspective, the gravamen of the Injunction was Former Mayor Bazzi's attempt to circumvent the legislative process to undo a valid and binding resolution of the City of Dearborn Heights City Council (the "City Council"). By the Injunction, Former Mayor Bazzi was able to obtain a judicial pause to City Council Resolution 11-A (also known as Resolution 24-017). See **ECF No. 4, PageID.81-82** at ¶ 4. Additionally, Former Mayor Bazzi included additional injunctive language prohibiting the City Council from undertaking specific actions. See *Id.* at ¶ 4(a), (f).

The City Council was not a party to, nor was it privy to, the circumstances that led to the entry of this injunctive relief – injunctive relief that primarily targeted the City Council and its legislative powers. Additionally, it is noteworthy that the Injunction was entered by Former Mayor Bazzi and his then corporation counsel, Mr. Roger Farinha, acting as attorney of record for the City in this case. Later, the City retained official defense counsel who has since appeared and defended this action.

As a result of Former Mayor Bazzi's unilateral injunction, the City Council was compelled to file a Motion to Intervene in this case. It filed such a Motion at **ECF No. 15**. Specifically, the City Council asserted a substantial legal interest to justify its intervention in this case. See **ECF No. 15, PageID.165-168**. Here, the City Council argued that the Injunction was improperly entered into by Former Mayor Bazzi to curtail the City Council's legislative authority. Further, and as stated above, the City Council argued that Former Mayor Bazzi utilized the Injunction as a roundabout collateral attack on a valid resolution of the Council. Therefore, the City Council argued that "the City Council's only available recourse to protect its legislative authority to appear and intervene in this lawsuit, and answer Plaintiff's complaint in support of its authority to enact Resolution 24-017.". **ECF No. 15, PageID.166**.

Underscoring the need for intervention was the fact that the City Council was not privy to, nor was it ever aware, of the Injunction until it was entered. The fact remains that Former Mayor Bazzi did not consult a single member of the City Council before entering the Injunction which clearly included substantive and targeted language enjoining the City Council's ability to perform its legislative functions. **ECF No. 15, PageID. 165-168**. As a result of this surprise move by the executive of the City, the City Council became compelled to engage its own special legal counsel, separate from the City's corporation counsel, and file the Motion to

Intervene. Given that the City (through former Mayor Bazzi) had already gone behind the City Council's back to enter the Injunction, the City Council's only remedy was to engage its own lawyer, file the Motion to Intervene, and fight the Injunction.

Ultimately, in its Order Granting the City Council's Motion to Intervene, this Court found that "What is relevant here is the undeniable fact that Plaintiffs' claims in this case implicate City Council's legislative authority and have resulted in a federal court preliminary injunction that purports to act against the City Council's interest. As such, City Council has raised sufficiently protectable interests that warrant intervention in this case.". See **ECF No. 47, PageID.725**.

Granted, the Court did question precisely what role the City Council may need to play to protect its interests. *Id.* at **PageID.727**. At the time of **ECF No. 47**, the Court found that the City Council's intervention should include: "(i) moving to modify or vacate the preliminary injunction, (ii) filing briefs and attending hearings on all motions filed by other parties, and (iii) taking discovery and other actions necessary to defend the proprietary of Resolution 24-017 – including any defense to Plaintiffs' claims that implicate the resolution. In addition, City Council will be subject to discovery issued by the other parties.". *Id.* at **PageID.727**.

That scope was followed precisely by the City Council. Just ten days after intervention, it immediately filed a Motion to Set Aside the Injunction. See **ECF No.**

**50**. The City Council filed briefs and attended hearings on motions filed by other parties. The City Council also participated in the painstaking discovery process which involved many depositions, several motions to compel, numerous discovery meet-and-confer events, and voluminous production.

On September 22, 2025, the Court denied the City Council's Motion to Set Aside the Injunction without prejudice. See **ECF No. 94**. By that ruling, the City Council still remained as a named intervening defendant in this case, still under the same scope of intervention as set by the Court in **ECF No. 47**. Accordingly, the City Council continued to perform under **ECF No. 47** including participating in the dispositive motion phase of this case.

At **ECF No. 148**, this Court granted in part and denied in part the City and City Council's Motions for Summary Judgment. In the Court's conclusion, the Court ordered Plaintiffs to "show cause within 10 days why the preliminary injunction should not be dissolved.". **ECF No. 148, PageID.6056**. In an email to chambers dated September 1, 2026, counsel for Plaintiffs indicated that with respect to dissolving the preliminary injunction, "Plaintiffs have no such objection at this late date; they do not intend to make such a filing.". **Exhibit A**.

At a status conference held on October 16, 2026, the Court advised that it would be entering an Order dissolving the Injunction. Additionally, the Court advised that the parties could submit a stipulation regarding the dismissal of the City

Council. Counsel for the City Council conferred with counsel for Plaintiffs on such a stipulation, but Plaintiffs' counsel did not agree to plain language stipulating to the dismissal of the City Council absent additional conditions.

As will likely be argued by Plaintiffs in response to this Motion, Plaintiffs' counsel proposed several tactical stipulations that conditioned their agreement to the City Council's exit from this case. However, those stipulations are not rooted in any legal or factual concern. Of particular importance is the fact that the City Council will remain an integral part of this case given that it remains the legislative component of the principal defendant – the City of Dearborn Heights. To date, Plaintiffs have not presented the City Council with any legitimate basis for objecting to a simple stipulation to dismiss the City Council from this case especially given the Court's intention on vacating the Injunction.

By vacating the Injunction, the Court will have accomplished the City Council's primary function in this case – addressing the Injunction. Again, this function was argued by the City Council as a necessity requiring intervention. See **ECF No. 15**. The Court found this function to be a substantial legal interest of the City Council. See **ECF No. 47**. The Court also found that one of the three components of the City Council's scope of intervention was to address the injunction. *Id.* Now that the Injunction will likely be vacated, the City Council has addressed its chief concern in this litigation and it is no longer required to be a named

defendant. Nevertheless, due to Plaintiffs' last-minute unilateral conditions, the City Council is forced to file this Motion.

## LAW AND ARGUMENT

### I. THE CITY COUNCIL SHOULD BE DISMISSED FROM THIS CASE

Rule 21 permits the court to "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Pursuant to Rule 21, a court may exercise its discretion to drop a party from a lawsuit sua sponte whose presence no longer affects the issues being litigated." *Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 267 (6th Cir.2003) (internal quotations marks omitted), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.,* LLC, 511 F.3d 633, 636 (6th Cir.2008).

However, a court may not drop a party that is deemed indispensable under Fed. R. Civ. P. 19. *George S. Hofmesiter Family Trust Dated June 21, 1991 v. FGH Industries, LLC,* No. 06–CV–13984–DT, 2006 WL 3741906, at *6 (E.D.Mich. Dec.15, 2006). *See also Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time ...."); *Fritz v. Am. Home Shield Corp.,* 751 F.2d 1152, 1155 (11th Cir.1985) (holding that before dismissing a party pursuant to Rule 21, a court must first make a finding that the party is not an indispensable party).

## A. THE CITY COUNCIL MAY BE DISMISSED AND IT IS NOT AN INDISPENSABLE PARTY UNDER RULE 19

As stated above, the City Council has accomplished its main goal in this case – removal of the Injunction. In *Bogaert v. Land*, Judge Robert Holmes Bell of the Western District of Michigan granted intervenor Andrew Dillon's Motion to Withdraw or to be Dismissed. *Bogaert v. Land*, No. 1:08-CV-687, 2009 WL 1010950 (W.D. Mich. Apr. 14, 2009) **(Exhibit B)**. In that case, Dillon had intervened via motion and, upon no longer having a separate interest in the litigation, he filed a motion to be dismissed. Those facts are similar to the City Council's posture in this case.

Further analogous is the fact that a party in the *Bogaert* case objected to the dismissal based on certain conditions. *Id.* at p. 1. The court did not find those conditions to be appropriate. Here, this Court should similarly find that the Plaintiff's last-minute conditions are not appropriate and should not obstruct the City Council's dismissal from this case.

Otherwise, the City Council maintains that it is not an indispensable party to this case. First, the City Council accomplished its only stated goal in intervening in this case – removal of the Injunction.

Second, Plaintiffs have not pled any cause of action against the City Council separate from the City. In addition to granting the City Council's Motion to Intervene, **ECF No. 47** also provided Plaintiffs with leave to amend their complaint.

Knowing that the City Council would be coming into this case, anyways, Plaintiffs still chose not to bring any separate cause of action against the City Council in its official capacity. It is clear that all parties understood the difference between the City and the City Council – the City is the principal defendant, and the City Council merely appeared to fight the Injunction.

Third, no party will be prejudiced by the City Council's dismissal. Emphasis is placed on the fact that even if they are dismissed, the City Council is still under the purview of the City of Dearborn Heights especially for litigation purposes. To that end, any witness, any document, or any matter of the City Council that Plaintiffs wish to pursue at trial may still be utilized via the City Council, through the City. In other words, Plaintiffs cannot point to any tactical change in its position in this case (or its trial preparation) if the City Council is dismissed.

Therefore, with no actual claims pled against the City Council, and with no tactical prejudice to any party, the City Council is not an indispensable party to this litigation. Plaintiffs cannot take any relief against the City Council different from any relief that it has requested from the City in its First Amended Complaint. See *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 543 (E.D. Mich. 2015). Presuming the Court enters an order vacating the Injunction, Rule 21 would then require dismissal of the City Council form this matter as a named defendant.

## RELIEF REQUESTED

For the reasons, points, and authorities set forth above, the City Council respectfully requests that this Honorable Court GRANT its Motion to be Dismissed as a Named Party pursuant to FRCP 21, entering an ORDER that the City Council be dismissed from this case with prejudice.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC

By: *<u>/s/ Tarik D. Turfe</u>*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Attorney for the City Council
330 Town Center Ste 100
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com
tt@hdalawgroup.com

Dated: October 29, 2026

**<u>LOCAL RULE CERTIFICATION:</u>** I, Tarik D. Turfe, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all texts that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length. Local Rule 7.1(d)(3).

DATED: October 29, 2026 *<u>/s/ Tarik D. Turfe</u>*

Tarik D. Turfe (P83690)
Attorney for Intervening Defendant

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

*/s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Attorney for Intervening Defendant