**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

Intervening Defendant.

---

# JOINT STIPULATED JURY INSTRUCTIONS

## TABLE OF CONTENTS

Jury Instruction #1 General Introduction ........ 1

Jury Instruction #2 Objections ........ 2

Jury Instruction #3 Judge's Questions to Witnesses ........ 3

Jury Instruction #4 Bench Conferences ........ 4

Jury Instruction #5 Evidence in the Case ........ 5

Jury Instruction #6 Burden of Proof. ........ 6

Jury Instruction #7 Direct and Circumstantial Evidence ........ 7

Jury Instruction #8(a) Credibility ........ 8

Jury Instruction #8(b) Impeachment – Inconsistent Statement....................................................11

Jury Instruction #9 What Is Not Evidence ......................................................................................12

Jury Instruction #10 Michigan Whistleblower Protection Act ("WPA")......................................13

Jury Instruction #11 Breach of Employment Contract ..................................................................14

Jury Instruction #12 TITLE VII – DISPARATE TREATMENT AND PRETEXT (SWOPE AND VANDERPLOW ONLY) ......................................................................................................16

Jury Instruction #13 TITLE VII – MIXED MOTIVE (SWOPE AND VANDERPLOW ONLY) 24

Jury Instruction #14 TITLE VII - HOSTILE WORK ENVIRONMENT (SWOPE AND VANDERPLOW ONLY) ......................................................................................................30

Jury Instruction #15 Elliott-Larsen Civil Rights Act (SWOPE AND VANDERPLOW ONLY) ..31

Jury Instruction #16 Effect of Instruction on Damages...............................................................36

Jury Instruction #17 Duty to Deliberate.........................................................................................37

Jury Instruction #18 Unanimous Verdict .......................................................................................39

Jury Instruction #19 Election of Foreperson and General Verdict................................................40

Jury Instruction #20 Communications Between Court and Jury During Deliberations..........41

**Jury Instruction #1**
**General Introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.

Do not single out one instruction as stating the law but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the laws stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Jury Instruction #2**
**Objections**

During the trial, I made rulings of law on objections or motions made by the lawyers. Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

**Jury Instruction #3**
**Judge's Questions to Witnesses**

During the trial, I may have asked a witness questions. Please do not assume that I have any opinion about the subject matter.

**Jury Instruction #4**
**Bench Conferences**

From time to time it may have been necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. You are not to speculate as to what was discussed or considered during those conferences in your deliberations.

**Jury Instruction #5**
**Evidence in the Case**

The evidence in the case consists of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.
2. All exhibits received in evidence, regardless of who may have produced the exhibits.
3. Any facts that the parties have agreed to, or that I have instructed you to accept.

Statements and arguments of the lawyers are not evidence, unless made as an admission or stipulation of fact.

If I sustained an objection to any evidence or if I ordered evidence stricken, that evidence must be entirely ignored.

**Jury Instruction #6**
**Burden of Proof.**

When a party has a burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is probably more true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

If you find that a Plaintiff has failed to prove any element of a claim by a preponderance of the evidence, then your verdict on that claim must be for the City. The City does not have to disprove any of the Plaintiffs' claims, and the City does not have to prove that it acted for any particular reason. The burden remains on each Plaintiff at all times to prove that the City acted unlawfully.

The fact that a Plaintiff has filed a lawsuit, or that more than one Plaintiff has filed claims, is not evidence that any claim is true.

**Jury Instruction #7**
**Direct and Circumstantial Evidence**

Generally speaking, there are two types of evidence presented during a trial: direct evidence and circumstantial evidence. "Direct evidence" is evidence about what we actually see or hear. For example, if you look outside and see rain falling, that is direct evidence that it is raining. "Indirect or circumstantial" is evidence that normally or reasonably leads to other facts. So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water, that would be circumstantial evidence that it is raining. The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Jury Instruction #8(a)**
**Credibility**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience. However, in deciding whether you believe a witness's testimony, you must set aside any bias or prejudice you may have regarding a witness's disability, gender or gender identity, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status or any other factor irrelevant to the rights of the parties.

I will suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? (E) Ask yourself if the witness had any relationship to each Plaintiff or the Defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and

that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves

**Jury Instruction #8(b)[1]**
**Impeachment – Inconsistent Statement**

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there **[is an exception / are exceptions]** . You may consider an earlier statement as proof of the facts in this case if:

(a) the statement was made by the plaintiff, the defendant, or an agent or employee of either party; or

(b) the statement was given under oath subject to the penalty of perjury at a trial, hearing, *[Describe other proceeding.]* , or in a deposition; or

(c) the witness testified during the trial that the earlier statement was true.

THIS SHOULD BE RESERVED AND NOT GIVEN IF ALL PRIOR INCONSISTENT STATEMENTS ARE ADMISSIBLE AS SUBSTANTIVE EVIDENCE.

---

[1] THIS INSTRUCTION WILL BE REVISITED BASED ON THE EVENTS OF TRIAL

**Jury Instruction #9**
**What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements, commentaries and arguments of lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear outside of the courtroom , or when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Jury Instruction #10**
**Michigan Whistleblower Protection Act ("WPA")**

*[The parties have reached agreement on substantial portions of this instruction but have been unable to resolve their disagreement concerning Defendants' proposed temporal restriction on protected activity under the Michigan Whistleblowers' Protection Act. Accordingly, the parties are submitting their respective proposed versions of Instruction No. 10, together with their supporting arguments and authorities, in a separate Joint Statement of Disputed Jury Instructions pursuant to the Court's October 9, 2026 Order (ECF No. 157).]*

**Jury Instruction #11**
**Breach of Employment Contract**

Each Plaintiff and the City entered into a written employment agreement. The remaining breach-of-contract issues are limited to the severance and health-insurance provisions of those agreements. Defendant disputes that the agreements are enforceable and denies that it breached the remaining provisions.

A contract is a legally enforceable agreement to do or not to do something. You should interpret the words of a written contract by giving them their ordinary and common meaning unless the contract itself gives a word a special meaning.

**ELEMENTS**

Each Plaintiff has the burden of proof on the following:

(1) That there was a contract between him and Defendants;

(2) That Defendants breached the contract; and

(3) That each Plaintiff suffered damages as a result of the breach.

In this case, the parties dispute whether there was a legal, valid and enforceable contract for employment between them.

If you find after considering all the evidence that each Plaintiff has proved these elements, then your verdict should be for that Plaintiff.

However, if each Plaintiff fails to prove any one of these elements, your verdict should be for Defendants.

**CONTRACT DAMAGES**

If you find the Defendant liable to a Plaintiff for a breach of contract, award the amount that he would have received under the severance provision. A Plaintiff must prove the amount of his contract damages by a preponderance of the evidence. He is not required to prove damages with mathematical precision, but he must prove them with reasonable certainty. You may not award damages based on guess, speculation, or conjecture.

Supporting Law:

- *Int'l Ass'n of Fire Fighters v. Warren*, 411 Mich 642, 648-649, 663-68 (1981) (a promotional provision in a valid PERA collective-bargaining agreement prevails over conflicting Act 78 requirements).;
- *Tel-Ex Plaza, Inc. v. Hardees Restaurants, Inc.*, 76 Mich App 131, 134 (1977) (contract damages seek the expected benefit of performance and remain subject to mitigation).;
- *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich 401, 414-415 (1980).
- M Civ JI 142.20, 142.31, 142.34. 142.35, 142.53.

**Jury Instruction #12**
**TITLE VII – DISPARATE TREATMENT AND PRETEXT (SWOPE AND VANDERPLOW ONLY)**

**[*Reservation Regarding Pending Motions for Reconsideration*]**

*The parties stipulate to the proposed language of Jury Instruction No. 12, subject to the Court's resolution of the pending motions for reconsideration. The only issue reserved with respect to the stipulated instructions concerns the constructive-discharge language in Element 1 of Instruction No. 12 (Title VII – Disparate Treatment and Pretext). Defendants maintain their objection to submitting the constructive-discharge theory to the jury, and their stipulation does not constitute a waiver of the arguments raised in their pending motions. Plaintiffs oppose those motions and maintain that the constructive-discharge theory is properly submitted to the jury.*

---

The remaining Title VII race-discrimination claims belong to Kevin Swope and Paul Vanderplow only. In this Instruction, “Plaintiff” means Swope or Vanderplow, and you must consider each Plaintiff’s claim separately.

Title VII protects persons of every race equally. The same legal standards apply regardless of a Plaintiff’s race.

**DISPARATE TREATMENT - ELEMENTS**

Plaintiffs Swope and Vanderplow claim Defendant intentionally discriminated against him because of race by constructively discharging him or otherwise disadvantaging him in the terms, conditions, or privileges of employment. This is the primary Title VII employment-action theory. You must decide the claim of each Plaintiff separately.

To prevail on this theory, Plaintiff Swope and Vanderplow must prove the following by a preponderance of the evidence:

1. Defendant constructively discharged the Plaintiff or otherwise subjected him to disadvantageous treatment concerning his compensation, terms, conditions, or privileges of employment;
2. That action caused the Plaintiff some harm with respect to an identifiable term or condition of employment; and
3. The Plaintiff's race was a determinative factor in Defendant's decision to take that action.

The Plaintiff must prove intentional discrimination, meaning that his race actually motivated Defendant's decision. He does not need to prove that Defendant intended to violate federal civil rights law. A Plaintiff may prove intentional discrimination through direct or circumstantial evidence.

**DETERMINATIVE FACTOR – DEFINED**

Race was a "determinative factor" if Defendant would not have taken the challenged action but for the Plaintiff's race. In other words, if the Plaintiff had been of a different race, and everything else had been the same, Defendant would not have taken the action.

Race does not have to be the only reason, or even the main reason, for Defendant's action. An employment decision may have more than one cause. Race can be a determinative factor even if other factors also contributed to the decision. But if Defendant would have taken the same action regardless of the Plaintiff's race, then race was not a determinative factor.

In deciding whether race was a determinative factor, you must consider the motives of the person or body that actually made the challenged decision.

**EVIDENCE OF DISCRIMINATORY INTENT - PRETEXT**

Defendant has offered nondiscriminatory explanations for its actions. Each Plaintiff disputes whether those explanations account for the actions challenged in this case. You should consider these explanations and the evidence bearing on them in deciding whether race was a determinative factor. Plaintiffs need not disprove every reason offered by Defendant, but must prove, by a preponderance of all the evidence, that his race was a determinative factor in the challenged action, as I have defined that term.

In evaluating Defendant's reasons, you may consider whether they are supported by the evidence, whether they changed over time, whether comparable employees were treated differently, and whether Defendant departed from its usual practices. You must not substitute your judgment for Defendant's business judgment merely because you would have made a different decision. You may, however, consider the reasonableness or lack of reasonableness of Defendant's stated reasons, along with the other evidence, in deciding whether discrimination occurred.

**CONSTRUCTIVE DISCHARGE**

To prove that he was constructively discharged, each Plaintiff must show that (1) Defendant deliberately created working conditions so intolerable that a reasonable person in the Plaintiff's position would have felt compelled to resign and (2) Defendant did so with the intention of forcing the Plaintiff to resign. In deciding whether those conditions existed, you may consider the circumstances as a whole, including changes in job responsibilities, threats, humiliation, or other treatment bearing on whether a reasonable employee would have felt compelled to resign.

**VERDICT UNDER INSTRUCTION #12**

If a Plaintiff proves each of the three required elements of intentional race discrimination in this Instruction by a preponderance of the evidence, your verdict must be for that Plaintiff on this claim. If a Plaintiff fails to prove any required element, your verdict must be for Defendant as to that Plaintiff on this claim.

**TITLE VII -DISPARATE TREATMENT – POTENTIAL DAMAGES**

If you find that Defendant violated Title VII under this instruction as to Swope or Vanderplow, award that Plaintiff compensatory damages, if any, for injuries proved to have been caused by the violation.

Compensable injuries may include emotional distress, mental anguish, inconvenience, humiliation, embarrassment, and loss of enjoyment of life. They may also include proven medical or counseling expenses and other compensable out-of-pocket or pecuniary losses attributable to the violation.

No precise dollar formula is required for noneconomic injury, but any award must be reasonable and based on the evidence. Do not award damages to punish Defendant. You may not compensate a Plaintiff twice for the same injury or loss merely because more than one theory or law applies.

**BACK PAY AND LOST EMPLOYMENT BENEFITS**

If the verdict form asks you to determine back pay for this Title VII violation, calculate the compensation and employment benefits the Plaintiff would have received but for the discriminatory action from the time of that action through the date of trial.

Consider salary, wages, overtime, bonuses, reasonably supported raises, employer retirement contributions, health-insurance benefits, and other lost fringe benefits established by the evidence. A Plaintiff who remained employed but lost

compensation or benefits may recover the proven difference between what he received and what he would have received absent the violation.

In making that calculation, subtract earnings from replacement employment that offset the claimed loss. Defendant bears the burden of proving a failure to make reasonable efforts to mitigate the loss and the additional amount the Plaintiff could reasonably have earned. If Defendant proves such an amount, reduce the award accordingly.

**FRONT PAY – FUTURE LOST WAGES AND BENEFITS**

If the verdict form asks you to determine front pay for this Title VII violation, calculate wages and employment benefits the Plaintiff is reasonably certain to lose after trial because of the violation. Consider the likely length of that loss, compensation and benefits he would have received, his employment prospects, and earnings and benefits reasonably expected from other employment. Consider reasonably supported future raises, retirement benefits, and other relevant compensation. Do not assume the loss necessarily runs through retirement, and do not base an award on speculation.

Any future economic award must reflect the present cash value of future losses under the Court's instructions on that subject. Title VII back pay and front pay are equitable remedies. You must answer any wage-loss questions submitted on the

verdict form; the Court will determine the availability of equitable relief and will coordinate any overlapping recovery under state law.

**Supporting Law:**

- 42 U.S.C. §§ 2000e-2(a)(1), 2000e-5(g)(1), 1981a;
- *Muldrow v. City of St. Louis*, 601 U.S. 346, 354–60 (2024) (challenged transfer or treatment must cause some harm to an identifiable employment term, but need not cause significant harm).;
- *Bostock v. Clayton County*, 590 U.S. 644, 656–60 (2020) (a protected trait can be a but-for cause even when other factors also contribute to an employment action).;
- *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 706–12 (6th Cir. 2006) (explaining Title VII single-motive and mixed-motive frameworks).;
- *Williams v. Eau Claire Pub. Schs.*, 397 F.3d 441, 46 (6th Cir. 2005) (holding that jury instructions adequately addressing discriminatory motive and the plaintiff's burden of proof need not employ the McDonnell Douglas burden-shifting framework or pretext terminology).;
- *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–49 (2000) (disbelief of the employer's asserted reason permits, but does not require, an inference of intentional discrimination).;

- *Logan v. Denny's, Inc.*, 259 F.3d 558, 568–69 (6th Cir. 2001) (constructive discharge requires objectively intolerable working conditions and intent to force resignation).;

**Jury Instruction #13**
**TITLE VII – MIXED MOTIVE (SWOPE AND VANDERPLOW ONLY)**

**[*Reservation Regarding Pending Motions for Reconsideration*]**

*The parties likewise stipulate to the proposed language of Jury Instruction No. 13, subject to the Court's resolution of the pending motions for reconsideration. As with Instruction No. 12, the only issue reserved concerns the inclusion of constructive discharge in Element 1 and the related language addressing that theory. Defendants maintain their objection to submitting the constructive-discharge theory to the jury, without waiving their arguments raised in the pending motions. Plaintiffs oppose those motions and maintain that the constructive-discharge theory is properly submitted to the jury.*

---

Kevin Swope and Paul Vanderplow each allege that race was a motivating factor in the challenged employment actions. You must consider each Plaintiff's claim separately. Title VII prohibits an employment action when race was a motivating factor, even though other, lawful considerations may have influenced the decision. Defendant denies that race influenced its actions.

**MIXED-MOTIVE ELEMENTS**

Each Plaintiff must prove, by a preponderance of the evidence, that:

1. Defendant constructively discharged the Plaintiff or otherwise subjected him to disadvantageous treatment concerning his compensation, terms, conditions, or privileges of employment;
2. The challenged action caused some harm to Plaintiff with respect to an identifiable term or condition of employment; and
3. The Plaintiff's race was at least a motivating factor in Defendant's decision to take the challenged action.

Although Plaintiff must prove that Defendant acted with intent to discriminate, Plaintiff is not required to prove that Defendant acted with the particular intent to violate Plaintiff's federal civil rights.

Race was a "motivating factor" if it played a part in Defendant's decision to take the challenged employment action. Plaintiffs Swope and Vanderplow need not prove that race was the only reason, or even the main reason, for that action. Under this Instruction, the Plaintiff does not need to prove that Defendant would have acted differently if he had been of a different race. Title VII is violated if race played a part in the decision, even if Defendant was also motivated by lawful, nondiscriminatory considerations. In deciding whether race was a motivating factor in Defendant's treatment of each Plaintiff, you may consider evidence of preferential treatment of Arab-American employees, together with all the other evidence presented.

**CONSTRUCTIVE DISCHARGE**

To prove that he was constructively discharged, each Plaintiff must show that (1) Defendant deliberately created working conditions so intolerable that a reasonable person in the Plaintiff's position would have felt compelled to resign and (2) Defendant did so with the intention of forcing the Plaintiff to resign. In deciding whether those conditions existed, you may consider the circumstances as a whole, including changes in job responsibilities, threats, humiliation, or other treatment bearing on whether a reasonable employee would have felt compelled to resign.

If you find that a Plaintiff has proved that his race was a motivating factor in Defendant's challenged employment action, you must find that Defendant violated Title VII as to that Plaintiff, even if other factors also motivated Defendant. You must then consider the following defense, which determines the availability of damages on this theory.

**DEFENDANT'S SAME DECISION DEFENSE**

Defendant bears the burden of proving by a preponderance of the evidence that it would have taken the same challenged employment action even if it had not considered the Plaintiff's race. It is not enough for Defendant to show merely that it had some legitimate reason for the action. You must decide whether Defendant has proved that the same action would have occurred in the absence of the impermissible racial consideration.

If you find that Defendant has proven the same-decision defense, the Title VII violation remains established, but you may not award the Plaintiff damages.

If Defendant does not prove the same-decision defense, you may consider the damages proved to have been caused by the Title VII violation under the directions below.

**TITLE VII -MIXED MOTIVE – POTENTIAL DAMAGES**

If you find that Defendant violated Title VII under this instruction as to Swope or Vanderplow, award that Plaintiff compensatory damages, if any, for injuries proved to have been caused by the violation.

Compensable injuries may include emotional distress, mental anguish, inconvenience, humiliation, embarrassment, and loss of enjoyment of life. They may also include proven medical or counseling expenses and other compensable out-of-pocket or pecuniary losses attributable to the violation.

No precise dollar formula is required for noneconomic injury, but any award must be reasonable and based on the evidence. Do not award damages to punish Defendant. You may not compensate a Plaintiff twice for the same injury or loss merely because more than one theory or law applies.

**BACK PAY AND LOST EMPLOYMENT BENEFITS**

If the verdict form asks you to determine back pay for this Title VII violation, calculate the compensation and employment benefits the Plaintiff would have

received but for the discriminatory action from the time of that action through the date of trial.

Consider salary, wages, overtime, bonuses, reasonably supported raises, employer retirement contributions, health-insurance benefits, and other lost fringe benefits established by the evidence. A Plaintiff who remained employed but lost compensation or benefits may recover the proven difference between what he received and what he would have received absent the violation.

In making that calculation, subtract earnings from replacement employment that offset the claimed loss. Defendant bears the burden of proving a failure to make reasonable efforts to mitigate the loss and the additional amount the Plaintiff could reasonably have earned. If Defendant proves such an amount, reduce the award accordingly.

**FRONT PAY – FUTURE LOST WAGES AND BENEFITS**

If the verdict form asks you to determine front pay for this Title VII violation, calculate wages and employment benefits the Plaintiff is reasonably certain to lose after trial because of the violation. Consider the likely length of that loss, compensation and benefits he would have received, his employment prospects, and earnings and benefits reasonably expected from other employment. Consider reasonably supported future raises, retirement benefits, and other relevant

compensation. Do not assume the loss necessarily runs through retirement, and do not base an award on speculation.

Any future economic award must reflect the present cash value of future losses under the Court's instructions on that subject. Title VII back pay and front pay are equitable remedies. You must answer any wage-loss questions submitted on the verdict form; the Court will determine the availability of equitable relief and will coordinate any overlapping recovery under state law.

**Supporting Law:**

- 42 U.S.C. §§ 2000e-2(a)(1), (m);
- *Muldrow v. City of St. Louis*, 601 U.S. 346, 354–60 (2024) (challenged transfer or treatment must cause some harm to an identifiable employment term, but need not cause significant harm).;
- 42 U.S.C. § 1981a(a)(1), (b)(1)–(3);
- *Barnes v. City of Cincinnati*, 401 F.3d 729, 740–41 (6th Cir. 2005) (upholding a mixed-motive jury instruction requiring proof by a preponderance that a prohibited characteristic was a motivating factor, even if lawful reasons also contributed, and placing the same-decision burden on the employer).;

**Jury Instruction #14**
**TITLE VII - HOSTILE WORK ENVIRONMENT (SWOPE AND VANDERPLOW ONLY)**

*[The parties have reached agreement on substantial portions of this instruction but have been unable to resolve their disagreement concerning Defendant's legal responsibility for the alleged harassment and the related affirmative defense. Accordingly, the parties are submitting their respective proposed versions of Instruction No. 14, together with their supporting arguments and authorities, in a separate Joint Statement of Disputed Jury Instruction pursuant to the Court's October 9, 2026 Order (ECF No. 157).]*

**Jury Instruction #15**
**Elliott-Larsen Civil Rights Act (SWOPE AND VANDERPLOW ONLY)**

Swope and Vanderplow each assert a claim under Michigan's Elliott-Larsen Civil Rights Act. That law prohibits an employer from intentionally discriminating against an employee regarding employment, compensation, or a term, condition, or privilege of employment because of race or ethnicity.

Michigan's Elliott-Larsen Civil Rights Act and federal Title VII both prohibit intentional employment discrimination because of race. Although you may consider the same evidence in evaluating each claim, you must decide each Plaintiff's Elliott-Larsen claim separately, applying the elements and legal standards I give you in this instruction.

The Defendants deny they discriminated against Plaintiffs.

Plaintiffs also contend that Defendant constructively discharged them. Defendant denies that either Plaintiff was constructively discharged. A constructive discharge is treated as a discharge for purposes of determining whether Defendant treated a Plaintiff adversely regarding his employment.

The Plaintiffs have the burden to prove by a preponderance of the evidence that they were discriminated against because of their race or ethnicity.

Each Plaintiff has the burden of proving that:

1. The Defendant treated him adversely regarding employment, compensation, or a term, condition, or privilege of employment; and

2. Race or ethnicity was one of the motives or reasons that made a difference in Defendant's treatment of him.

The discrimination must have been intentional, not accidental. Race or ethnicity need not have been the only reason, or even the main reason, but it must have made a difference in Defendant's decision.

If a Plaintiff proves both elements, your verdict on his ELCRA claim should be for that Plaintiff; otherwise, it should be for the Defendant. If you find for a Plaintiff, determine any damages under the ELCRA damages instructions below.

**CONSTRUCTIVE DISCHARGE – DEFINED**

A Plaintiff may establish that Defendant treated him adversely regarding his employment by proving that he was constructively discharged. Each Plaintiff has the burden of proving that he was constructively discharged. Constructive discharge means that an employer deliberately makes an employee's working conditions so intolerable that a reasonable person in the employee's position would feel compelled to resign.

It is not necessary to prove that Defendant specifically intended the Plaintiff to resign, so long as you find that a reasonable person in the same circumstances as the Plaintiff would have felt compelled to resign because of those conditions.

If you find that a Plaintiff was constructively discharged, you must treat that discharge as an adverse employment action. The Plaintiff must still prove that his race was a reason that made a difference in Defendant's treatment of him

**ELCRA DAMAGES:**

If you find Defendant liable to Swope or Vanderplow under the Elliott-Larsen Civil Rights Act, award the actual damages, if any, that the Plaintiff proves were caused by the discrimination. These may include past lost wages and employment benefits, reasonable out-of-pocket expenses, and emotional distress, mental anguish, embarrassment, and humiliation.

**BACK PAY AND LOST EMPLOYMENT BENEFITS:**

To determine past lost compensation, calculate the wages, salary, overtime, bonuses, reasonably anticipated raises, and employment benefits the Plaintiff would have received from the date of the discriminatory employment action through the date of trial, had the discrimination not occurred, to the extent proved. Benefits may include employer-paid insurance, retirement or pension contributions, accrued leave, and other fringe benefits shown by the evidence. Subtract earnings from replacement employment during the same period that offset the claimed loss, and apply the mitigation instruction below. If the Plaintiff remained employed at lower compensation or with reduced benefits, measure the proven difference between what he received and what he would have received absent discrimination.

**MITIGATION OF LOST COMPENSATION:**

A Plaintiff must make reasonable efforts to limit his loss of compensation. Defendant has the burden of proving that a Plaintiff failed to take reasonable steps to obtain comparable employment and proving the amount he could have earned by doing so. If Defendant meets that burden, reduce the award by the avoidable loss. In deciding whether employment was comparable, consider the duties, hours, pay, job security, working conditions, and other relevant terms of employment.

**FRONT PAY – FUTURE LOST WAGES AND BENEFITS**

If the Court submits a question concerning future lost wages or benefits, determine the future compensation loss the Plaintiff is reasonably certain to sustain because of the discrimination after the date of trial. Consider the reasonably expected period of loss, the wages and benefits he would have received, his employment prospects, and the wages and benefits he is reasonably expected to earn in other employment. You may consider work history, age, retirement plans, reasonably anticipated increases in compensation, and other supported evidence.

Supporting Law:

- MCL 37.2202(1)(a); MCL 37.2801(1), (3);
- M Civ JI 105.01, 105.02, 105.05 105.41;

- *Sumner v. Goodyear Co.*, 427 Mich 505, 525; 398 N.W.2d 368 (1986) (discussing relationship between Title VII and Eliott-Larsen);
- *Jenkins v. Southeastern Mich. Chapter. Am. Red. Cross*, 141 Mich App 785, 793 n.2 (1985) (discussing relationship between Title VII and Eliott-Larsen);
- *Agnew v. BASF Corp.*, 286 F.3d 307, 309 (6th Cir. 2002) (recognizing that constructive discharge constitutes an adverse employment action under Michigan law)

**Jury Instruction #16**
**Effect of Instruction on Damages.**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of each Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**Jury Instruction #17**
**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations. For example, some of you may need to think quietly while others may want to openly discuss their thoughts. It may take more time for some of you, than for others, to reach a decision. Be patient and considerate of each other's needs as you deliberate. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach agreement, but only if you can

do so honestly and in good conscience.

**Jury Instruction #18**
**Unanimous Verdict**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Jury Instruction #19**
**Election of Foreperson and General Verdict**

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.

Forms of verdict have been prepared for your convenience. There is a form provided for each of the Plaintiffs' claims.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

**Jury Instruction #20**
**Communications Between Court and Jury During Deliberations.**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case by any means other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even the Court -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

***So Stipulated and Agreed,***

Dated: October 30, 2026

Respectfully submitted,

/s/ John J. Walsh
FAUSONE & GRYSKO PLC
Brandon M. Grysko (P82751)
Stephen J. Brown (P82687)
John J. Walsh (P88914)
Counsel to Plaintiffs,
41700 West Six Mile Road, Suite 101
Northville, Michigan 48168-3460
(248)-912-3213
jbrown@thefgfirm.law

/s/ Monica Hunt (with permission)
THE ALLEN LAW GROUP
Attorney Monica Hunt (P68838)
Attorneys for the City of Dearborn Heights
3031 W. Grand Blvd.
Detroit, MI. 48202-3046
(313) 961-0200
mhunt@alglawpc.com

*[Mr. Turfe's signature withheld by agreement pending adjudication or stipulation as to ECF. No. 158]*
HAMMOUD, DAKLALLAH & ASSOCIATES, PLLC
Kassem Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Attorneys for Intervening Defendant Dearborn Heights City Council
6050 Greenfield Rd, Ste 201
Dearborn, Michigan 48126
(313) 551-3038
tt@hdalawgroup.com