**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

Intervening Defendant.

**PLAINTIFFS' RESPONSE AND (LIMITED) OBJECTION TO MOTION OF CITY COUNCIL TO BE DISMISSED FROM THE PROCEEDINGS (DKT. 158)**

NOW COME Plaintiffs, Kevin Swope, Paul Vanderplow, and Jerrod Hart, by and through undersigned counsel, and submit this Response and Limited Objection to the City of Dearborn Heights City Council's Motion to Be Dismissed from the Proceedings (ECF No. 158). For the reasons set forth in the accompanying Brief in Support, incorporated herein by reference, Plaintiffs object to the Council's unconditional dismissal.

WHEREFORE, Plaintiffs respectfully request that the Court decline to grant the Motion as presented, require reasonable conditions on dismissal, or alternatively hold the Motion in abeyance or deny it without prejudice, as more fully explained in the accompanying Brief.

Respectfully submitted,

Dated: November 13, 2026

/s/ Stephen J. Brown

FAUSONE & GRYSKO PLC
Brandon M. Grysko (P82751)
Stephen J. Brown (P82687)
John J. Walsh (P88914)
Attorneys for Plaintiffs
41700 Six Mile Road, Suite 101
Northville, MI 48168
(248) 380-0000; FAX (248) 380-3434
jbrown@thefgfirm.law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

KEVIN SWOPE, PAUL VANDERPLOW
JERROD HART,

Case No. 2:24-cv-10240
Hon. Mark A. Goldsmith
Magistrate David R. Grand

Plaintiffs,

v

CITY OF DEARBORN HEIGHTS, a
Michigan Municipal Corporation,

Defendant,

CITY OF DEARBORN HEIGHTS CITY
COUNCIL, in its official capacity only,

Intervening Defendant.

---

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE AND (LIMITED) OBJECTION TO MOTION OF CITY COUNCIL TO BE DISMISSED FROM THE PROCEEDINGS (DKT. 158)**

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... ii

INDEX OF AUTHORITIES ..... iii

STATEMENT OF ISSUES PRESENTED ..... iv

CONTROLLING LAW AND MOST APPROPRIATE AUTHORITY ..... v

FACTS AND PROCEDURAL HISTORY ..... 1

LAW AND ARGUMENT ..... 4

I. Rule 21 authorizes dismissal on just terms, not an unconditional departure as of right. ..... 4

II. The Council's dismissal raises identifiable issues that should be reconciled before it is granted. ..... 5

A. Pending motions and existing orders. ..... 5

B. Trial exhibits, discovery, and prior positions. ..... 6

C. Council-member testimony and statements. ..... 7

D. The effect of dismissal on the remaining litigation and potential future appeals. ..... 7

CONCLUSION ..... 8

LOCAL RULE CERTIFICATION ..... 9

CERTIFICATE OF SERVICE ..... 9

# INDEX OF AUTHORITIES

**Cases**

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ........................... 4

**Federal Rules of Civil Procedure**

Rule 21 ........................................................................................................... 4

Rule 32 ........................................................................................................... 7

Rule 45 ........................................................................................................... 7

**Federal Rules of Evidence**

Rule 611(c)(2) ............................................................................................... 7

Rule 801(d)(2) ............................................................................................... 7

## STATEMENT OF ISSUES PRESENTED

1. Whether Federal Rule of Civil Procedure 21 permits the City Council's unconditional dismissal as an intervening defendant without addressing potential prejudice to the remaining parties from its participation in the litigation.

| | |
|---|---|
| Plaintiffs' Answer: | No. |
| Defendant's Likely Answer: | Yes. |
| Intervening Defendant's Answer: | Yes. |
| The Court Should Answer: | No. |

2. Whether the Court should require reasonable terms resolving the procedural, evidentiary, and trial-related consequences of the Council's departure before granting dismissal, or alternatively hold the Motion in abeyance or deny it without prejudice.

| | |
|---|---|
| Plaintiffs' Answer: | Yes. |
| Defendant's Likely Answer: | No. |
| Intervening Defendant's Answer: | No. |
| The Court Should Answer: | Yes. |

## CONTROLLING LAW AND MOST APPROPRIATE AUTHORITY

Plaintiffs principally rely on Federal Rule of Civil Procedure 21 and *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989), concerning the Court's authority to dismiss a party on just terms and the consideration of potential prejudice to the remaining parties.

Additional procedural and evidentiary provisions relevant to the proposed terms of dismissal include Fed. R. Civ. P. 32 and 45 and Fed. R. Evid. 611(c)(2) and 801(d)(2).

## FACTS AND PROCEDURAL HISTORY

The City Council of Dearborn Heights (the "Council") insisted on intervening in this case. [ECF No. 15]. The Council insisted over the Plaintiffs' objections, who warned this Court that there was no good reason to let the Council in, and that the Council wanted to use this Court as a mere stage for putting on political theater. The Plaintiffs told the Court that it "did not need to play along with the City Council's proposal to turn these proceedings into a political mudslinging game room." [ECF No. 18, PageID.315]. The Court, however, ultimately agreed to let the Council in. [ECF No. 47].

The Council insisted that the injunction found at ECF No. 4 made its intervention necessary. To Plaintiffs, that explanation always sounded rather pretextual. The injunction did little more than require the City to comply with controlling law. The Council insisted, however, that the injunction somehow created an existential threat to the legislative branch of the government of the City of Dearborn Heights. [ECF No. 15, PageID.143]. But if the Council's mission in these proceedings was to kill the injunction, then it never achieved that mission. Twice, in fact, the Council's briefings and attacks on the injunction failed. [ECF No. 94].

The injunction will soon die of extreme old age (natural causes) and not from any argument or attack ever raised by the Council. The Court has decided, and

Plaintiffs' counsel has agreed, that the injunction no longer serves any purpose since the Plaintiffs have been constructively discharged from the City. Based on the pretext that the injunction is soon to be released, the Council now states that it no longer needs to be in the case. [ECF No. 148]. In sum, the pretext of the injunction got the Council into the case, and the pretext of the injunction will also get the Council out of it.

And in the interim, the Council has managed to waste hundreds of hours of time that would have otherwise been spent by the Court, by the Court's staff, by the Special Master, and by the undersigned attorney on other matters. The Plaintiffs have literally paid for it, in the form of Mr. Schwartz's (entirely fair) legal bills, delivered every month, in part covering issues raised by the Council.

The Council's addition to this case meant additional counsel, additional litigation positions, separate motions and discovery, and now a separate set of proposed trial exhibits. The Council itself describes the discovery as a "painstaking" process involving depositions, motions to compel, meet-and-confer events, and voluminous production. [ECF No. 158, PageID.6173]. The Council has filed its own motions, including a motion in limine (ECF No. 139), a motion for reconsideration (ECF No. 150), and a separate motion for summary judgment (ECF No. 115). It participated in discovery and designated proposed trial exhibits 200 through 244. [ECF No. 159, PageID.6233–6236]. And throughout it all, the

taxpayers of the City paid for an extra set of attorneys – each one with his own glaring conflict of interest – fighting for a cause that is hard to articulate or explain.

After nearly three years, the litigation has advanced toward trial, currently scheduled for February 2027. And now the Council does not merely ask to be let out of the case; it demands to be let out unconditionally. As for the mess that will be left behind, the Council apparently wants this Court and the other attorneys working on this case to clean that up too.

This Court will, of course, have the last word, but the Plaintiffs object to an unconditional Council exit. The Council can exit the case if it likes, but not before a comprehensive set of stipulations and agreements is reached regarding the myriad procedural, evidentiary, and other complications arising from the Council's entrance and exit, and the legal debris that has been left behind. The Plaintiffs are willing to be reasonable and have even agreed to live by whatever arrangement Special Master Schwartz would think reasonable. Plaintiffs' counsel put pen to paper and spent hours devising a series of reasoned stipulations only to have them all summarily rejected. The undersigned attorney then wrote Attorneys Tarik Turfe and Monica Hunt as follows on November 6, 2026: "To move this along, I am willing to live with any revised set of stipulations that Mr. Schwartz devises." Plaintiffs reiterate that they agree to abide by any system that Mr. Schwartz puts in place.

And so now the Council's attorney debates with the neutral and reasonable Mr. Schwartz, not with the Plaintiffs, about what constitutes reasonable exit terms. That is the source of the current delay, and Plaintiffs pay for that as well. Stipulation and agreement may still be possible under Schwartz's tutelage, and if it is successful, then both this brief and the one it answers (ECF No. 158, the "Motion") will become moot. If not, then the Court will need to decide the matter based on the Motion and this responsive filing.

## LAW AND ARGUMENT

### I. Rule 21 authorizes dismissal on just terms, not an unconditional departure as of right.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21 (emphasis added). The Council correctly observes that a court may dismiss a party whose continued presence is unnecessary. That is not the disputed issue. The issue is whether the Council may insist on dismissal without accounting for the consequences of the substantial participation it voluntarily undertook as an intervening defendant.

The Supreme Court has instructed that, in exercising authority to drop a party under Rule 21, courts should consider whether doing so will prejudice those who remain. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989). Here, the Council seeks to withdraw unconditionally after having participated extensively as a separately represented defendant, without addressing the procedural

and evidentiary consequences of its departure. Plaintiffs remain willing to work with the other parties to resolve them in a reasonable manner. The necessary discussion is triangular and complicated, in that the two litigants still in the case must agree between themselves, as well as with the exiting litigant.

Plaintiffs and the Primary Defendant should not be required to unravel and navigate those consequences after the Council has elected to leave the case, particularly when a reasonable transition can be addressed before dismissal.

**II. The Council's dismissal raises identifiable issues that should be reconciled before it is granted.**

The Council's withdrawal raises several procedural and evidentiary issues that should be addressed before dismissal. The principal concerns are addressed below, labeled A through D.

**A. Pending motions and existing orders.**

The Council has sought affirmative relief in its own name, including its motion in limine (ECF No. 139) and its motion for reconsideration (ECF No. 150). To the extent those motions remain pending, the parties should clarify before dismissal whether the Council intends to withdraw them, whether the City intends to pursue any corresponding relief, and whether any action by the Court is necessary. The parties should likewise confirm that dismissal will not itself alter existing orders or

deadlines. These should be straightforward housekeeping matters, but they should not be left unresolved after the moving party has departed.

**B. Trial exhibits, discovery, and prior positions.**

The Council separately designated proposed trial exhibits 200 through 244. ECF No. 159, PageID.6233–6236. The parties should address whether the City will adopt those designations and whether dismissal will give rise to any dispute concerning the source, authenticity, foundation, or use of Council-produced or Council-designated materials. The Council's withdrawal should not, by itself, create a new obstacle to the use of evidence on which Plaintiffs have prepared to rely. Plaintiffs should not have to spend time at trial authenticating a document that the Council once proffered as good trial evidence.

Related questions concern the Council's discovery productions and responses, deposition testimony, formal admissions, stipulations, and positions taken in filed papers. Those materials will not disappear from the record when the Council is dropped from the caption. The parties should, however, identify any disagreement about whether a particular admission, stipulation, or prior position continues to bind the City or remains usable against it. Plaintiffs do not assume that every Council statement becomes an admission by the City. Rather, any issue of that kind should be identified now and resolved under the rules governing its use, not first raised at trial simply because the Council is no longer a separately named party.

**C. Council-member testimony and statements.**

Current and former Council members, including Mo Baydoun, Hassan Saab, and Tom Wencel, may provide material testimony. The Council contends that its witnesses and records will remain available through the City after dismissal. [ECF No. 158, PageID.6177]. The parties should clarify any practical arrangements needed for trial testimony, including whether the City will facilitate appearances of sitting Council members or whether Plaintiffs must proceed through Rule 45.

The parties should also address whether dismissal affects their positions concerning the examination of Council members and use of their earlier statements. Federal Rule of Evidence 611(c)(2) governs leading questions of adverse or identified witnesses, Rule 801(d)(2) governs statements attributable to an opposing party, and Federal Rule of Civil Procedure 32 governs the use of depositions at trial. Application of those provisions necessarily depends on the witness and statement at issue, but the Council's dismissal should not independently affect the admissibility or use of evidence otherwise available under those rules.

**D. The effect of dismissal on the remaining litigation and potential future appeals.**

Finally, the parties should address whether the Council's voluntary dismissal affects its ability to independently appeal rulings entered during its participation in this litigation. This issue should be clarified as part of any stipulated dismissal to avoid uncertainty concerning the Council's appellate rights following its withdrawal.

## CONCLUSION

Plaintiffs do not oppose the Council's dismissal if its departure can be accomplished on just terms. That is what FRCP 21 requires. Plaintiffs only object to an unconditional dismissal that would leave unresolved the procedural and evidentiary issues arising from the Council's own participation. Plaintiffs respectfully request that the Court decline to grant ECF No. 158 as presented, require a reasonable process to reconcile those issues, and dismiss the Council only upon appropriate terms; alternatively, the Court should hold the Motion in abeyance or deny it without prejudice.

Dated: November 13, 2026

Respectfully submitted,

/s/ Stephen J. Brown
FAUSONE & GRYSKO PLC
Brandon M. Grysko (P82751)
Stephen J. Brown (P82687)
John J. Walsh (P88914)
Attorneys for Plaintiffs
41700 Six Mile Road, Suite 101
Northville, MI 48168
(248) 380-0000; FAX (248) 380-3434
jbrown@thefgfirm.law

## LOCAL RULE CERTIFICATION

I, Attorney Stephen J. Brown, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

/s/ Stephen J. Brown

## CERTIFICATE OF SERVICE

I, Stephen J. Brown, hereby certify that on the 13th day of November, 2026, I served a copy of **PLAINTIFFS' RESPONSE AND (LIMITED) OBJECTION TO MOTION OF CITY COUNCIL TO BE DISMISSED FROM THE PROCEEDINGS (DKT. 158)** on all appearing attorneys and service recipients registered for receipt via electronic filing. I declare under penalty of perjury that this Proof of Service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

/s/ Stephen J. Brown